**Morgan, Lewis & Bockius LLP**

Anne Marie Estevez (*admitted pro hac vice*)
Sharon A. Lisitzky (*admitted pro hac vice*)
200 South Biscayne Boulevard
5300 Wachovia Financial Center
Miami, FL  33131-2339
Tel.  (305) 415-3330
Fax.  (877) 432-9652

Sarah E. Bouchard (*admitted pro hac vice*)
1701 Market Street
Philadelphia, PA  19103
Tel. (215) 963-5077
Fax.  (877) 432-9652

Samuel S. Shaulson
101 Park Avenue
New York, NY 10178
Tel.  (212) 309-6000
Fax. (877) 432-9652

Attorneys for Defendant Washington Mutual Bank

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEWONE WESTERFIELD, CHARLOTTE MACHADO, PATRICIA KEMESIES, SAMUEL SANCHEZ, and STEPHEN CAGNACCI on behalf of themselves and classes of those similarly situated, <br><br> Plaintiffs, <br><br> - against - <br><br> WASHINGTON MUTUAL BANK, <br><br> Defendant. | Civ. No. 06-CV-2817 (CBA)(JMA) |

## MEMORANDUM OF LAW IN SUPPORT OF WASHINGTON MUTUAL BANK'S MOTION TO DISMISS AND TO STRIKE FED. R. CIV. P. 23 CLASS ALLEGATIONS

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................. iii

INTRODUCTION ................................................................................................................... 1

STATEMENT OF RELEVANT FACTS ............................................................................... 4

ARGUMENT .......................................................................................................................... 6

I.      PLAINTIFFS' STATE LAW CLASS CLAIMS MUST BE DISMISSED
        BECAUSE THEY VIOLATE THE RULES ENABLING ACT ("REA"). ................... 6

II.     ALTERNATIVELY, THE COURT SHOULD DECLINE TO EXERCISE
        SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' STATE LAW
        CLAIMS BECAUSE THEY PREDOMINATE OVER THE FEDERAL
        CLAIMS. ..................................................................................................................... 12

III.    PLAINTIFF KEMESIES' CLAIMS ON BEHALF OF THE PURPORTED NEW
        YORK RULE 23 CLASS IN THE SECOND CLAIM FOR RELIEF MUST BE
        DISMISSED BECAUSE THEY VIOLATE CPLR §901(B). ...................................... 15

        A.      Plaintiff Kemesies' Claims on Behalf of the Purported New York Rule 23
                Class Violate § 901(b) of the CPLR Because the New York Labor Law
                Under Which She Brings Her Claims Provides for Liquidated Damages. .......... 16

        B.      Plaintiff Kemesies' Attempted Waiver of Any Claim to Liquidated
                Damages is Ineffective Because Liquidated Damages are Mandatory
                Under the New York Labor Law, and Plaintiff Kemesies Seeks Liquidated
                Damages as Part of Her FLSA Claim. ............................................................... 17

        C.      Plaintiff Kemesies May Not Waive Liquidated Damages and Be An
                Adequate Representative for the Purported New York Rule 23 Class, Nor
                Can Her Counsel. ................................................................................................ 19

IV.     THE CALIFORNIA STATE CLAIMS ASSERTED BY PLAINTIFF
        MACHADO ON BEHALF OF HERSELF AND THE PURPORTED
        CALIFORNIA RULE 23 CLASS IN THE THIRD, FOURTH, FIFTH AND
        SIXTH CLAIMS FOR RELIEF MUST BE DISMISSED. ......................................... 20

        A.      Plaintiff Machado's Third and Fourth Claims for Relief Are Time-Barred,
                Mandating Dismissal of Both the Individual and the Class Claims. .................. 20

        B.      The Claims Asserted in the Fifth Claim for Relief Are Time-Barred and
                Plaintiff Machado Lacks Standing to Assert Them. ........................................... 21

                1.      Plaintiff Machado's Claim Under Cal. Lab. Code § 226 is Barred
                        by the Statute of Limitations .................................................................... 21

                2.      Plaintiff Does Not Have Standing to Seek Civil Penalties for
                        Violations of Cal. Lab. Code §§ 1174 and 1174.5 Because the
                        Private Attorneys General Act Became Effective in January 2004
                        and Is Not Retroactive, and Any Such Claims are Time-Barred ............. 22

# TABLE OF CONTENTS
(continued)

Page

C.    Plaintiff Machado's UCL Claims in the Sixth Claim for Relief Also Fail as
      a Matter of Law........................................................................................... 25

      1.    Plaintiff Machado's FLSA-Based UCL Claim Must Be Dismissed
            Because it is Contrary to Public Policy and Thwarts Congressional
            Intent ................................................................................................ 25

      2.    Plaintiff Machado's UCL Claim Premised on Cal. Lab. Code §
            1182.1 Must Be Dismissed Because It is Based on a Code
            Provision That Cannot Be Violated ...................................................... 27

      3.    Plaintiff Machado's UCL Claims Premised on Cal. Lab. Code §§
            201-04, 226 and 1174 Must Be Dismissed Because Penalties Are
            Not Recoverable Under the UCL............................................................ 28

      4.    To the Extent that Plaintiff Machado Seeks Restitution Based on
            Her UCL Claim Premised on Cal. Lab. Code § 204, That Demand
            for Relief Must Be Dismissed or Stricken .............................................. 29

      5.    Plaintiff Machado's Demand for Jury Trial, As It Relates to Her
            UCL Claims, Must be Stricken, or the UCL Claims Must Be
            Dismissed Because of the Seventh Amendment Implications................. 29

# TABLE OF AUTHORITIES

**Page**

## CASES

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997) ........................................................6

*Aquilino v. Home Depot U.S.A., Inc.*, No. 04-cv-4100 (PGS),
2006 WL 2023539 (D.N.J. July 18, 2006)............................................................13, 14

*Arch v. Am. Tobacco Co.*, 175 F.R.D. 469 (E.D. Pa. 1997) .............................................30

*Asher v. Abbott Labs.*, 737 N.Y.S.2d 4 (App. Div. 1st Dep't 2002)............................ 17-18

*Ballard v. Cmty. Home Care Referral Serv. Inc.*, 695 N.Y.S.2d 130 (N.Y. App.
Div. 1999) ...........................................................................................................16

*Beasley v. Wells Fargo Bank*, 235 Cal.App.3d 1383 (Cal. Ct. App. 1991)......................30

*Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris USA Inc.*, 344 F.3d 211
(2d Cir. 2003).......................................................................................................18

*Brenton v. Metabolife*, 116 Cal.App.4th 679 (Cal. Ct. App. 2004) ..................................24

*Brzychnalski v. UNESCO, Inc.*, 35 F. Supp. 2d 351 (S.D.N.Y. 1999) .............................17

*C & K Eng'g v. Amber Steel Co.*, 23 Cal. 3d 1 (Cal. 1978)..............................................29

*Cal. Med. Ass'n, Inc. v. Aetna U.S. Healthcare, Inc.*, 94 Cal.App.4th 151 (Cal. Ct.
App. 2001) ...........................................................................................................28

*Caliber Bodyworks, Inc. v. Superior Court of Los Angeles County*, 134
Cal.App.4th 365 (Cal. Ct. App. 2005) .......................................................................25

*Carter v. Frito-Lay, Inc.*, 425 N.Y.S.2d 115 (N.Y. App. Div. 1980), *aff'd*, 52
N.Y.2d 994 (N.Y. 1981) ................................................................................15, 16

*Caruso v. Allnet Commc'ns Servs. Inc.*, 662 N.Y.S.2d 468 (N.Y. App. Div. 1997)..........16

*Castano v. Am. Tobacco Co.*, 84 F.3d 734 (5th Cir. 1996)..............................................30

*Cel-Tech Commc'ns v. Los Angeles Cellular Tel. Co.*,
20 Cal. 4th 163 (Cal. 1999).....................................................................26, 27, 29

*Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908 (9th Cir. 2003).......................................11

## TABLE OF AUTHORITIES

**Page**

*Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949) ..............................................7

*Colindres v. Quietflex Mfg.*, 235 F.R.D. 347 (S.D. Tex. 2006) ........................................30

*County of San Diego v. Milotz*, 46 Cal.2d 761, 766 (Cal. Ct. App. 1956)........................22

*Cox v. Microsoft Corp.*, 737 N.Y.S.2d 1 (App. Div. 1st Dep't 2002) ...............................17

*Czechowski v. Tandy Corp.*, 731 F. Supp. 406 (N.D. Cal. 1990) .....................................29

*De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301 (3d Cir. 2003)...................................12, 14

*Evangelatos v. Superior Court of Los Angeles County*, 44 Cal.3d 1188 (Cal.
1988) .......................................................................................................... 24-25

*Feinstein v. Firestone Tire & Rubber Co.*, 535 F. Supp. 595 (S.D.N.Y. 1982) ...............19

*Fielder v. Credit Acceptance Corp.*, 188 F.3d 1031 (8th Cir. 1999)................................14

*Foster v. Food Emporium*, No. 99 Civ. 3860, 2000 WL 1737858 (S.D.N.Y. Apr.
26, 2000) ...................................................................................................14, 19

*Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415 (1996) .............................................7

*Gen. Tel. Co. of the S.W. v. Falcon*, 457 U.S. 147 (1982)..........................................21, 22

*Giovanniello v. Hispanic Media Group USA, Inc.*, 799 N.Y.S.2d 800 (App. Div.
2d Dep't 2005) .................................................................................................19

*Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 91 (S.D.N.Y. 2003) ..........7

*Gonzalez v. City of New York*, 396 F. Supp. 2d 411 (S.D.N.Y. 2005) .............................11

*Hatfield v. Oak Hill Banks*, 115 F. Supp. 2d 893 (S.D. Ohio 2000)................................10

*Himmelman v. Continental Casualty Co., No. Civ. 06-166(GEB)*, 2006 WL
2347873 (D.N.J. Aug. 11, 2006)......................................................................10

*Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 173 (1989)......................................10

*Im v. Jin Constr.*, No. C04-01038 SI, 2004 WL 2203473 (N.D. Cal. Sept. 24,
2004) ................................................................................................................13

# TABLE OF AUTHORITIES

**Page**

*Jackson v. City of San Antonio*, 220 F.R.D. 55 (W.D. Tex. 2003) ........................10, 11, 14

*In re Joshua M.*, 66 Cal.App.4th 458 (Cal. Ct. App. 1998)................................................23

*Kasky v. Nike, Inc.*, 27 Cal.4th 939 (Cal. 2002)................................................................29

*Khoury v. Maly's of Cal., Inc.*, 14 Cal.App.4th 612 (Cal. Ct. App. 1993) ........................28

*Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134 (Cal. 2003).....................29

*Krantz v. BT Visual Images, L.L.C.*, 89 Cal.App.4th 164 (Cal. Ct. App. 2001)...............28

*LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286 (5th Cir. 1975) .............................7, 8, 9

*Leider v. Ralfe*, 387 F. Supp. 2d 283 (S.D.N.Y. 2005)......................................................17

*Leyse v. Flagship Capital Servs. Corp.*, 803 N.Y.S.2d 52 (App. Div. 1st Dep't
   2005) ..............................................................................................................................19

*Long John Silver's Rests., Inc. v. Cole*, No. 05-CV-3039 (Dec. 13, 2005)........................8

*Luciano v. Eastman Kodak Co.*, No. 05-CV-6463T, 2006 WL 1455477
   (W.D.N.Y. May 25, 2006) ..........................................................................................13, 14

*Madrigal v. Green Giant Co.*, No. C-78-157, 1981 WL 2331 (E.D. Wash. Jul. 27,
   1981) .............................................................................................................................9, 27

*In re Marriage of Reuling*, 23 Cal.App.4th 1428 (Cal. Ct. App. 1994)............................24

*In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 209 F.R.D. 323
   (S.D.N.Y. 2002) ..............................................................................................................19

*Moeck v. Gray Supply Corp.*, Case No. 03-1950 (WGB), 2006 WL 42368 (D.N.J.
   Jan. 6, 2006).....................................................................................................................10

*Montecino v. Spherion Corp.*, 427 F. Supp. 2d 965 (C.D. Cal. 2006)..............................21

*Moore v. Genesco, Inc., No. C 06-3897 SBA*, 2006 WL 2691390 (N.D. Cal. Sept.
   20, 2006) ..........................................................................................................................22

*O'Shea v. Littleton*, 414 U.S. 488 (1974)...............................................................21, 22, 23

*Okura & Co. (Am.), Inc. v. Careau Group*, 783 F. Supp. 482 (C.D. Cal. 1991)...............30

# TABLE OF AUTHORITIES

**Page**

*Parker v. Equity Adver. Agency, Inc.*, Mar. 10, 1982 N.Y.L.J. 11, col. 2 (N.Y. Sup. Ct. 1982) ....................................................................................................17, 19

*Petherbridge v. Altadena Federal Sav. & Loan Ass'n*, 37 Cal.App.3d 193 (Cal. Ct. App. 1974)..................................................................................................25

*Potchin v. Prudential Home Mortgage Co.*, No. 97-CV-525, 1999 WL 1814612, (E.D.N.Y. Nov. 12, 1999) ..........................................................................14

*Premier Tech. Sales, Inc. v. Digital Equip. Corp.*, 11 F. Supp. 2d 1156 (N.D. Cal. 1998) ....................................................................................................28

*Prickett v. Dekalb County*, 349 F.3d 1294 (11th Cir. 2003).................................9

*Redev. Agency of the City of San Diego v. San Diego Gas & Electric Co.*, 111 Cal.App.4th 912 (Cal. Ct. App. 2003) ..........................................................23

*Rodriguez v. The Texan, Inc.*, No. 01 C 1478, 2001 WL 1829490 (N.D. Ill. Mar. 7, 2001) ..............................................................................................2, 10

*Roe-Midgett v. CC Servs., Inc.*, No. 04-CV-4051-DRH, 2006 WL 726252 (S.D. Ill. Mar. 16, 2006) ...............................................................................13

*Rogers v. Edmonds*, 200 Cal.App.3d 1237 (Cal. Ct. App. 1988) .....................24

*Rosasco v. Comm'n on Judicial Performance*, 82 Cal.App.4th 315 (Cal. Ct. App. 2000) ....................................................................................................24

*Rubin v. Nine West Group, Inc.*, No. 0763/99, 1999 WL 1425364 (N.Y. Sup. Ct. Nov. 3, 1999) .................................................................................17, 18, 19

*Rubinstein v. Barnes*, 195 Cal.App.3d 276 (Cal. Ct. App. 1987) .....................24

*Rudgayzer & Gratt v. Cape Canaveral Tour & Travel, Inc.*, 799 N.Y.S.2d 795 (App. Div. 2d Dep't 2005) ...........................................................................18

*Russo & Dubin v. Allied Maint. Corp.*, 407 N.Y.S.2d 617 (N.Y. Sup. Ct. 1978) .............17

*Sheyko v. Saenz*, 112 Cal.App.4th 675 (Cal. Ct. App. 2003).............................24

*Sletteland v. Blendu*, No. 03-35562, 2005 WL 1368080 (9th Cir. June 9, 2005)..............23

# TABLE OF AUTHORITIES

**Page**

*Sperling v. Hoffman-LaRoche, Inc.*, 24 F.3d 462 (3d Cir. 1994)......................................26

*Tomlinson v. IndyMac Bank, F.S.B.*, 359 F. Supp. 2d 891 (C.D. Cal. 2005) ...................28

*Tran v. Le French Baker, Inc.*, No. C-94-0482, 1995 WL 374342 (N.D. Cal. June 14, 1995) ...........................................................................................................................11

*United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).........................................................12

*U.S. ex rel. Greenville Equip. Co. v. U.S. Casualty Co.*, 218 F. Supp. 653 (D. Del. 1962) ................................................................................................................................6

*Vines v. University of La. at Monroe*, 398 F.3d 700 (5th Cir. 2005)..................................11

*Woods v. Champion Courier*, Oct. 9, 1998 N.Y.L.J. 25, col 1 (N.Y. Sup. Ct. 1998) ................................................................................................................................16

## STATUTES

28 U.S.C. § 1367...................................................................................................................12

28 U.S.C. § 2072(b)...........................................................................................................1, 6

29 U.S.C. § 201, *et seq*........................................................................................................1

29 U.S.C. § 204......................................................................................................................8

29 U.S.C. § 213......................................................................................................................9

29 U.S.C. § 216(b) ....................................................................................................... *passim*

29 U.S.C. §§ 251, *et seq*...................................................................................................26

29 U.S.C. § 251(a)(7)..............................................................................................................7

29 U.S.C. § 255(a) ...............................................................................................................26

Cal. Lab. Code § 201 ................................................................................................... *passim*

Cal. Lab. Code § 202 ................................................................................................... *passim*

Cal. Lab. Code § 203 ................................................................................................... *passim*

# TABLE OF AUTHORITIES

**Page**

Cal. Lab. Code § 204 ........................................................................................ *passim*

Cal. Lab. Code § 210 ........................................................................................28

Cal. Lab. Code § 226 ........................................................................................ *passim*

Cal. Lab. Code § 226(a) .................................................................................21, 22

Cal. Lab. Code §226(d) ....................................................................................22

Cal. Lab. Code § 1174 ...................................................................................... *passim*

Cal. Lab. Code §1174.5 .................................................................................... *passim*

Cal. Lab. Code § 1182.1 ...............................................................................3, 27, 28, 31

Cal. Lab. Code § 1182.11 ..............................................................................5, 20, 27, 31

Cal. Lab. Code § 2699.3(a)(1) .........................................................................25

Cal. Lab. Code § 2699.5 ..................................................................................25

Cal. Lab. Code § 2699(a) .................................................................................23

Cal. Bus. & Prof. Code §17200, *et seq.* .......................................................5

Cal. Code Civ. P. § 338(a) ..............................................................................21

Cal. Wage Order No. 4 ....................................................................................5

820 Ill. Comp. Stat. § 115/1, *et seq.* .............................................................5

Ill. Admin. Code, § 210.100, *et. seq* ............................................................5

12 N.Y.C.R.R. Part 142 ...................................................................................5

N.Y. Lab. Law §198(1-a) .................................................................................18

Pub. L. 49, ch. 52 § 61 Stat. 84, 87 (1947) ....................................................7

Defendant WASHINGTON MUTUAL BANK ("WMB"), formerly known as Washington Mutual Bank, FA, hereby submits this Memorandum of Law in support of its Motion to Dismiss several claims in the Corrected First Amended Class Action and Collective Action Complaint ("the Complaint") filed by Plaintiffs Dewone Westerfield, Charlotte Machado, Patricia Kemesies, Samuel Sanchez, and Stephen Cagnacci (collectively, "Plaintiffs"), and to strike Plaintiffs' Fed. R. Civ. P. 23 class allegations under the labor and wage and hour laws of New York, California, Illinois and New Jersey.

**First**, WMB moves to dismiss Plaintiffs' <u>class</u> claims under the New York, California, Illinois and New Jersey labor and wage and hour laws because they violate the Rules Enabling Act ("REA"), 28 U.S.C. § 2072(b).  In this action, Plaintiffs seek to bring an opt-in nationwide collective action on behalf of all current and former loan consultants claiming that WMB violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §  201 *et seq.*, by allegedly misclassifying these employees as exempt from the FLSA, failing to pay them overtime, and failing to pay them the statutory minimum wage.  Plaintiffs also seek to bring opt-out, Rule 23 class actions on behalf of all current and former New York, California, Illinois and New Jersey loan consultants under those states' labor and wage and hour laws.  However, as numerous district courts throughout the country have recognized, Plaintiffs' attempt to bring individual state law claims as opt-out class actions is entirely inconsistent with Section 216(b) of the FLSA, which expressly limits the scope of representative class actions for overtime pay by requiring putative class members to affirmatively opt-in to the action.

Congress expressly intended the opt-in collective action procedure to be the *exclusive method* for litigating class overtime claims.  Indeed, in enacting Rule 23, Congress specifically recognized that the opt-out procedures of Rule 23 must give way to the opt-in requirements of

§ 216(b); by asserting state claims as opt-out class actions under Rule 23, Plaintiffs are improperly attempting to sidestep this Congressional mandate.  Additionally, if Plaintiffs were permitted to bring Rule 23 class actions based on state laws that essentially incorporate the FLSA's relevant standards, methods, and exemptions, the adjudication of Plaintiffs' class claims for overtime would necessarily determine the FLSA rights of absent class members who did not affirmatively opt-in to the action – the exact result Congress sought to prohibit through § 216(b) of the FLSA.  Because the opt-in procedure and the underlying congressional intent would be thwarted if Plaintiffs were permitted "to back door the shoehorning in of unnamed parties through the vehicle of calling upon similar state statutes that lack such an opt-in requirement,"[1] Plaintiffs' Rule 23 class claims must be dismissed, and all state class allegations relating to the purported Rule 23 classes must be stricken from the Complaint.  Alternatively, the Court should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims because the state issues predominate over the federal cause of action.

**Second**, Plaintiff Patricia Kemesies' attempt to bring New York state law claims on a class-wide basis under Rule 23 abridges WMB's rights under § 901(b) of the New York Civil Practice Law and Rules ("CPLR").  CPLR § 901(b) provides that where a claim is brought under a statute that creates or imposes a penalty, the claim may not be maintained as a class action unless the statute specifically authorizes the recovery of penalties in a class action.  The New York labor law provides for a penalty in the form of liquidated damages, but does not specifically authorize claims thereunder to be brought as a class action.  Additionally, Plaintiff Kemesies may not salvage the New York class claims by simply waiving liquidated damages, because such relief is mandatory under the New York statute and waiver of this form of relief

---

[1]     *Rodriguez v. The Texan, Inc.*, No. 01 C 1478, 2001 WL 1829490, at *2 (N.D. Ill. Mar. 7, 2001).

would also render her an inadequate class representative.  Plaintiff Kemesies' purported New York Rule 23 class action must, therefore, be dismissed as violative of CPLR § 901(b).

**Third**, all of Plaintiff Machado's California state law claims must fail.  Because Plaintiff Machado was terminated from her employment with WMB on January 31, 2003 – more than three years and five months before the Complaint was filed[2] – her claims under Cal. Lab. Code §§ 201-03, 226, 1182.11 and 1194 are time-barred under the maximum one or three year statute of limitations.  Plaintiff Machado also lacks standing to assert her claims under the Cal. Lab. Code §§ 1174 and 1174.5 because the Private Attorneys General Act of 2004 ("PAGA") – the authority that permits her to proceed with a private cause of action for civil penalties under these statutes – was enacted in January 2004 (a year after she left her employment) and is not retroactive in application, and because she failed to exhaust her administrative remedies.  Further, Plaintiff Machado's FLSA-based UCL claim must be dismissed as against public policy; the UCL claim premised on Cal. Lab. Code § 1182.1 must be dismissed because that provision cannot be violated; the UCL claims premised on Cal. Lab. Code §§ 201-04, 226 and 1174 must be dismissed because penalties are not recoverable under the UCL; and the request for restitution under her UCL claim based on Cal. Lab. Code § 204 must be stricken because § 204 does not provide for restitutionary relief.  The UCL claims should also be dismissed because they do not provide for a right to a jury trial, and trying these claims separate and apart from Plaintiff Machado's other surviving California state law claims – if any – would violate the Seventh Amendment rights of the absent putative class members.  For these reasons, WMB respectfully requests that this Motion be granted and that the specified portions of Plaintiffs' Complaint be dismissed and/or stricken.

---

[2]        The Complaint against the proper Defendant was not filed until July 20, 2006.

## STATEMENT OF RELEVANT FACTS[3]

Plaintiffs Dewone Westerfield, Charlotte Machado, Patricia Kemesies, Samuel Sanchez, and Stephen Cagnacci are all former short-term employees of WMB who worked as loan consultants in a few branch locations.  *See* Compl. at ¶¶2, 9-13.  Specifically, the Complaint alleges that Westerfield worked in Chicago, Illinois for three and a half months, from December 15, 2005, to April 1, 2006, *Id.* at ¶9; Machado worked in Modesto, California for four and a half months, from September 15, 2002, to January 31, 2003, *Id*. at ¶10; Kemesies worked in Hauppauge, New York for eighteen months, from September 1, 2003, to March 1, 2005, *Id*. at ¶11; Sanchez worked in Largo, Maryland for roughly fourteen months, from September 1, 2003, to November 23, 2004, *Id*. at ¶12; and Cagnacci worked in Union and Manasquan, New Jersey cumulatively for less than fourteen months, from March 1, 2005, to April 28, 2006.  *Id*. at ¶13.

Plaintiffs' Complaint asserts eight separate counts against WMB.  In the First Claim for Relief – the only federal claim asserted in the Complaint – Plaintiffs Westerfield, Kemesies, Sanchez and Cagnacci allege violations of the FLSA on behalf of a purported nationwide opt-in class of current and former loan consultants.  *Id.* at ¶¶22, 64-75.  In particular, these plaintiffs assert that WMB violated the FLSA by failing to compensate non-exempt employees at a rate of time and a half for hours worked in excess of forty per week; failing to pay the federal minimum wage of $5.15 per hour for every hour worked; and failing to keep and preserve records with respect to its employees' wages, hours, and other conditions of employment.  *Id*. at ¶¶67-72.

The remaining claims for relief purport to assert individual and class claims under various state laws.  In the Second Claim for Relief, Plaintiff Kemesies asserts violations of New York Labor Law Article 19, §§ 650, *et seq.*, and the supporting New York State Department of

---

[3]    As required, WMB accepts as true the allegations set forth in the Complaint, for purposes of this (continued).

Labor Regulations, 12 N.Y.C.R.R. Part 142 (collectively, "the New York Labor Law"), on

behalf of herself and a purported Rule 23 class.  In the Third, Fourth, Fifth and Sixth Claims for

Relief, Plaintiff Machado[4] asserts claims, for herself and a Rule 23 class, under Cal. Lab. Code

§§ 201-203, 226, 1174, 1174.5, 1182.11 and 1194; Cal. Wage Order No. 4; and the California

Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §17200, *et seq.*  In the Seventh Claim

for Relief, Plaintiff Westerfield asserts claims, for himself and a purported Rule 23 class, under

the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. § 115/1, *et seq.*, and the Illinois

Administrative Code, § 210.100, *et. seq.*  Likewise, in the Eighth Claim for Relief, Plaintiff

Cagnacci asserts violations of the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a, *et seq.*,

and supporting New Jersey State Department of Labor and Workforce Development regulations,

on behalf of himself and a purported Rule 23 class.[5]

     As is more fully explained below, the purported state class claims asserted in the Second,

Third, Fourth, Fifth, Sixth, Seventh, and Eighth Claims for Relief must be dismissed because

---

Motion to Dismiss/Strike only.

[4]   Unlike the other Plaintiffs, Plaintiff Machado – who was employed by WMB for only a few months – is not bringing an FLSA claim on her own behalf under the First Claim for Relief. Indeed, Plaintiff Machado's FLSA claims are time-barred since she left WMB's employ over three and a half years ago.

[5]   Notably, Plaintiff Cagnacci seeks to represent "all persons who worked for WMB as home loan consultants (also referred to as loan originators or loan officers) in the state of New Jersey at any time from three years prior to the filing of this Complaint to the entry of judgment in the case." *See* Compl. ¶54.  However, Plaintiff Cagnacci's only claim on behalf of the Rule 23 class is pursuant to the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56(a), *et seq.*, and the supporting regulations.  Contrary to Plaintiff Cagnacci's attempt to apply a three year statute of limitations to the purported New Jersey state class, the New Jersey statute expressly provides for a two year statute of limitations.  *See* N.J.S.A. 34:11-56(a)(25.1) ("No claim for unpaid minimum wages, unpaid overtime compensation, or other damages under this act shall be valid with respect to any such claim which has arisen more than two years prior to the commencement of an action for the recovery thereof.").  Accordingly, what amounts to Plaintiff Cagnacci's request for a three year statute of limitations on his purported New Jersey state claims – if those claims are not dismissed, and if the Court accepts supplemental jurisdiction – must also be stricken and/or dismissed from the Complaint.

they violate the REA and are otherwise prohibited.  Alternatively, the Court should exercise its

discretion and decline to assert supplemental jurisdiction over Plaintiffs' state law claims, both

individually and on a class wide basis, because the state law issues predominate over those in the

FLSA claim.  Accordingly, WMB respectfully requests that the Court dismiss these Rule 23

class claims premised on state law, strike the Rule 23 class allegations, and prohibit Plaintiffs

from maintaining these opt-out class claims that inherently violate the FLSA's exclusive opt-in

mechanism.  WMB also requests that the Court dismiss Plaintiff Kemesies' New York class

claims as violative of CPLR § 901(b), and dismiss the individual and class-wide California state

claims of Plaintiff Machado that are time-barred, against public policy, or that otherwise fail to

state a viable claim for relief.

## <u>ARGUMENT</u>

I.   <u>PLAINTIFFS' STATE LAW CLASS CLAIMS MUST BE DISMISSED BECAUSE
     THEY VIOLATE THE RULES ENABLING ACT (REA).</u>

Plaintiffs' <u>class</u> claims under the New York, California, Illinois and New Jersey state

labor and wage and hour laws should be dismissed as a matter of law because they violate the

REA.  The REA provides that rules of practice and procedure "shall not abridge, enlarge or

modify a substantive right."  28 U.S.C. § 2072(b).  The Federal Rules, and in particular Rule 23,

create no substantive rights.  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997) ("Rule

23's requirements must be interpreted in keeping with Article III constraints, and with the Rules

Enabling Act"); *see also U.S. ex rel. Greenville Equip. Co. v. U.S. Casualty Co.*, 218 F. Supp.

653, 656 (D. Del. 1962) (holding that the Federal Rules of Civil Procedure "are of a procedural

nature, leaving matters of substantive right to be otherwise determined").  Federal or state

statutory provisions, on the other hand, even those with procedural elements, can confer substantive rights to which the Federal Rules must give way.[6]

Permitting Plaintiffs to proceed with their class claims under state law would conflict with the procedures established by Congress for representative wage and hour actions, as set forth in § 216(b) of the FLSA, and with the attendant rights of the parties to an FLSA collective action.[7]  Indeed, § 216(b) mandates that "[n]o employee shall be a party plaintiff to any such action [under the FLSA] unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."  29 U.S.C. § 216(b).  Under this opt-in scheme, an individual has the right to litigate his or her unpaid overtime claims as a party plaintiff and not be bound by a judgment as an absent member of a representative class.  *See, e.g., LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975) (under § 216(b), "no person can become a party plaintiff and no person will be bound by or may benefit from judgment unless he has affirmatively 'opted into' the class"); *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 91, 95 (S.D.N.Y. 2003) (holding that "in an FLSA collective

---

[6]     For example, in *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 426 (1996), the Supreme Court held that CPLR § 5501 governed the standard of review for a federal jury's verdict on a state law claim, rather than the standard of review that typically governed in the federal courts, because the state standard of review was "both 'substantive' and 'procedural.'"  *Id.; see also Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 555 (1949) ("Rules which lawyers call procedural do not always exhaust their effect by regulating procedure").

[7]     In amending the FLSA in the Portal-to-Portal Act of 1947, Congress intended to put an end to representative class actions for unpaid minimum wages and overtime pay by requiring plaintiffs asserting such claims to affirmatively "opt in" to such lawsuits by filing a written consent.  Pub. L. 49, ch. 52 § 61 Stat. 84, 87 (1947).  In fact, Congress even went so far as to title the relevant statutory provision: "Representative Actions Banned."  *Id.*  Congress was firmly of the view, as it stated in the very text of the 1947 amendments to the FLSA, that if plaintiffs were permitted to aggregate claims by use of the class action device, "the courts of the country would be burdened with excessive and needless litigation and champertous practices would be encouraged."  Portal-to-Portal Act of 1947 § 1(a)(7), *codified at* 29 U.S.C. § 251(a)(7).  Plaintiffs cannot, therefore, be permitted to "flaunt" the methods that Congress established and pursue state law causes of action, remedies, and procedures not otherwise available under the FLSA for wage claims.

action, only potential plaintiffs who 'opt-in' can be 'bound by the judgment' or 'benefit from it'").[8]  WMB, in turn, has the right to litigate claims for unpaid overtime only against individuals who affirmatively opt into an action as "party plaintiffs" and to not be bound by a judgment with respect to overtime claims belonging to absent members of a representative class.  *E.g.,* *LaChapelle*, 513 F.2d at 288.

In this action, allowing Plaintiffs to maintain Rule 23 state class claims for overtime would directly conflict with the statutory rights of WMB to not be bound by a judgment with respect to overtime claims belonging to absent class members.  Allowing Plaintiffs to maintain state law class claims for overtime under Rule 23 would also directly conflict with the statutory rights of those absent class members to not be bound by a judgment respecting their overtime

---

[8]    *See also* Secretary of Labor Amicus Letter Brief in *Long John Silver's Rests., Inc. v. Cole*, No. 05-CV-3039 (Dec. 13, 2005) (available at http://www.dol.gov/sol/media/briefs/LJSbrief-12-13-2005.htm, and also attached hereto as Exhibit A) (stating that Section 216(b) of the FLSA "grants employees a distinct substantive right to participate in a collective adjudication of their claims if, and only if, they provide a written consent that is filed in court") (emphasis added).  As the Secretary recently explained:

Section 16(b) of the FLSA unambiguously provides employees the right not to have their statutory claims litigated without their written consent.  The Secretary, as the official responsible for the administration of the FLSA (*see* 29 U.S.C. § 204), has a significant interest in protecting this clearly delineated employee right. . . . The advance written consent requirement, as distinguished from procedural provisions in the FLSA, goes to an employee's fundamental right not to be included as a plaintiff in a lawsuit or arbitration.  Thus, in the Secretary's view, the right to participate in a collective action only upon submission of one's written consent is a substantive right.

*Id.* (emphasis added).

claims unless they affirmatively opted into the action.[9]  The case of New York Plaintiff Kemesies clearly illustrates this point.  The New York regulation which purports to require overtime pay in New York and upon which Plaintiff Kemesies bases her Rule 23 class overtime claim, N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.2, expressly incorporates the FLSA and its exemptions.  Section 142-2.2 requires overtime pay "in the manner and methods and subject to the exemptions of Section 7 and Section 13 of [the FLSA] … ."[10]  Because the state overtime regulation expressly incorporates the manner, methods, and exemptions of the FLSA, Plaintiff Kemesies must necessarily establish a violation of the FLSA with respect to members of the absent class to establish liability under state law for those individuals.[11]  Thus, the FLSA claims of absent New York class members would be litigated on an opt-out basis in this litigation – precisely the result banned by Congress in enacting § 216(b) of the FLSA.  *E.g., Madrigal v. Green Giant Co.*, No. C-78-157, 1981 WL 2331, at *3, 6 (E.D. Wash. Jul. 27, 1981) (dismissing state law class claims that were premised on FLSA violations and holding that if the Court were to permit those state claims to proceed, "the procedural aspects of the FLSA would be

---

[9]    The fact that § 216(b) and Rule 23 are in an "irreconcilable" conflict is hardly a novel concept. *LaChapelle*, 513 F.2d at 288-89 ("It is crystal clear that § 16(b) precludes pure Rule 23 class actions in FLSA suits").  Additionally, the authors of Rule 23 noted the conflict between Rule 23 and § 216(b) and recognized that Rule 23 must give way. *See, e.g.*, Fed R. Civ. P. 23 Adv. Comm. Notes ("The present provisions of 29 U.S.C. § 216(b) are not intended to be affected by Rule 23 as amended"); *see also Prickett v. Dekalb County*, 349 F.3d 1294, 1296 (11th Cir. 2003) ("Because of this opt-in requirement [under § 216(b)], plaintiffs may not certify a class under Rule 23").

[10]    Section 13 of the FLSA sets forth exemptions from overtime for professional, administrative, and executive employees, all or some of which may be relevant to this action. *See* 29 U.S.C. § 213.

[11]    The same is true for the other state class overtime claims, as well as Plaintiff Westerfield's claim under the Illinois Minimum Wage Law.  The Court could never reach the issue of Plaintiff Westerfield's entitlement to minimum wage without first determining whether he is properly classified as an exempt employee under the applicable state statute.  Therefore, because Plaintiff Westerfield's minimum wage claim necessarily requires adjudication of his state overtime claim and, consequently, his FLSA claim, it is barred under the REA.

emasculated" and "the statutory requirements of the FLSA would effectively be gutted");

*Rodriguez v. The Texan, Inc.*, No. 01 C 1478, 2001 WL 1829490, at *2 (N.D. Ill. Mar. 7, 2001)

("That policy [of opting in under the FLSA] and the underlying congressional intent would be

thwarted if a plaintiff were permitted to back door the shoehorning in of unnamed parties

through the vehicle of calling upon similar state statutes that lack such an opt-in requirement.");

*Hatfield v. Oak Hill Banks*, 115 F. Supp. 2d 893, 898 (S.D. Ohio 2000) (holding that plaintiffs

may not maintain state law class claims where allowing plaintiffs to do so would "subvert the

will of Congress" insofar as analogous federal law did not permit class action).

The recent case of *Moeck v. Gray Supply Corp.*, Case No. 03-1950 (WGB), 2006 WL

42368 (D.N.J. Jan. 6, 2006), is directly on point.  There, the district court rejected plaintiffs'

attempt to maintain a New Jersey state law overtime claim on a class-wide basis because

allowing them to proceed as a Rule 23 class would be directly at odds with the FLSA.  *Id.* at *15-

16.  The Court first observed that "Congress created the opt-in procedure under the FLSA for the

purpose of limiting private FLSA plaintiffs to employees who asserted claims in their own right

and freeing employers from the burden of representative actions."  *Moeck*, 2006 WL 42368, at

*5 (citing *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 173 (1989)).  Because plaintiffs'

state wage and hour claims were premised on the same facts as their FLSA claims, the Court

held that allowing them to "circumvent the opt-in requirement and bring unnamed parties into

federal court by calling upon state statutes similar to the FLSA would undermine Congress's

intent to limit these types of claims to collective actions."  *Id.*; *see also Himmelman v.*

*Continental Casualty Co.*, No. Civ. 06-166(GEB), 2006 WL 2347873, at *2 (D.N.J. Aug. 11,

2006) (striking state law class allegations because the Rule 23 opt-out scheme is "inherently

incompatible" with the FLSA opt-in mechanism); *Jackson v. City of San Antonio*, 220 F.R.D. 55,

60 (W.D. Tex. 2003) (permitting a Rule 23 state law class action to be joined with an FLSA

action would "flaunt the Congressional intention that FLSA claims proceed as an opt-in

scheme").  For the same reasons, Plaintiffs here should not be permitted to circumvent the opt-in

procedure by proceeding with their Rule 23 class claims under state law.

Adjudicating the state overtime claim of an <u>absent</u> class member also would necessarily

adjudicate with finality his or her own FLSA claim under principles of *res judicata* and

*collateral estoppel*.  For example, in *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908 (9th Cir.

2003), the Department of Labor sued an employer under the FLSA for unpaid overtime on behalf

of eight former employees.  *Id.* at 911.  The Ninth Circuit affirmed the dismissal of the FLSA

claim of one of the eight employees because that employee had previously litigated a state law

claim for overtime against her employer.  *Id.* at 923.  The Court found that the employee's FLSA

claim was barred by *res judicata* because the FLSA claim was based on the same operative facts

as the state law claim.  *Id.* at 921-923; *see also Vines v. Univ. of La. at Monroe*, 398 F.3d 700,

711 (5th Cir. 2005) (plaintiffs' state law age discrimination claims were precluded by federal

court's judgment on the merits of EEOC's federal age claims brought on behalf of the same

plaintiffs); *Tran v. Le French Baker, Inc.*, No. C-94-0482, 1995 WL 374342, at *2 (N.D. Cal.

June 14, 1995) (holding that plaintiff who was previously awarded overtime pay through state

administrative proceedings under state law was *collaterally estopped* from pursuing FLSA claim,

even though the "Commissioner did not have jurisdiction to hear the FLSA claim" in those

proceedings).  Thus, the adjudication of an <u>absent</u> class member's state law overtime claim here

would potentially extinguish his or her rights under the FLSA.  *See, e.g., Gonzalez v. City of New

York*, 396 F. Supp.2d 411, 421 (S.D.N.Y. 2005) (holding that employment discrimination claims

of police officers were barred by *res judicata* where the Latino Officers Association previously

brought a class action involving the same facts and where the plaintiff officers were absent members of the class).  The adjudication of an <u>absent</u> class member's rights under the FLSA, however, is the exact result Congress intended to prohibit in requiring an opt-in scheme.

For these reasons, Rule 23's class action procedure must give way to the substantive rights conferred by § 216(b), particularly where the applicable state law incorporates standards under the FLSA.  Were it otherwise, Plaintiffs would be permitted to sidestep § 216(b) by adjudicating the state law rights of absent class members under Rule 23 and, in turn, bind those absent class members with respect to their FLSA claims.  Accordingly, to the extent that any of Plaintiffs' <u>individual</u> state law claims survive this motion, Plaintiffs' state law <u>class</u> claims – as alleged in the Second through Eighth Claims for Relief – must be dismissed from the Complaint, and all Rule 23 class allegations stricken from the record.

## II.   ALTERNATIVELY, THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' STATE LAW CLAIMS BECAUSE THEY PREDOMINATE OVER THE FEDERAL CLAIMS.

Should Plaintiffs' state law class claims survive WMB's motion to dismiss them as barred under the REA, the Court should decline to exercise supplemental jurisdiction over these claims – as well as Plaintiffs' individual state claims – and dismiss them from the Complaint. Federal courts generally exercise supplemental jurisdiction over state claims only when it would promote "judicial economy, convenience and fairness to litigants."  *See De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 308 (3d Cir. 2003) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).  As a general principle, the exercise of supplemental jurisdiction is only appropriate when the federal claims are found to "share a common nucleus of operative fact." *Id*.  However, even when the claims are premised on a similar or even identical factual predicate, courts routinely decline to exercise supplemental jurisdiction where the state issues substantially predominate over the federal cause of action.  28 U.S.C. § 1367.  Because Plaintiffs' state law

wage and hour causes of action will invariably predominate over the FLSA claim, and will require this Court to interpret the laws and regulations of four different states – in addition to the federal statute and regulations – the Court should decline to exercise supplemental jurisdiction over the California, New York, New Jersey and Illinois state law claims and dismiss them from the Complaint.

In recent months, federal courts throughout the country – and, notably, in each of the four states in which Plaintiffs seek to represent a state law Rule 23 class – have refused to exercise jurisdiction over state wage and hour claims, holding that the state claims predominate over the federal cause of action. *Aquilino v. Home Depot U.S.A., Inc.*, No. 04-cv-4100 (PGS), 2006 WL 2023539, at *3 (D.N.J. July 18, 2006) (citations omitted) ("[t]o assert jurisdiction here would create a situation which one court described as a 'federal tail wagging what is in substance a state dog.'"); *Roe-Midgett v. CC Servs., Inc.*, No. 04-CV-4051-DRH, 2006 WL 726252, at *2 (S.D. Ill. Mar. 16, 2006) (finding that the Illinois state law claims clearly predominate over the FLSA claims because of the greater number of opt-out plaintiffs who would be seeking relief under state law, as opposed to the opt-in plaintiffs pursuing FLSA remedies); *Luciano v. Eastman Kodak Co.*, No. 05-CV-6463T, 2006 WL 1455477, at *5 (W.D.N.Y. May 25, 2006) (considering the number of state laws involved, the Court held that "[s]uch a diverse undertaking deserves the individualized analysis and attention that each state court would provide."); *Im v. Jin Constr.*, No. C04-01038 SI, 2004 WL 2203473, at *3 (N.D. Cal. Sept. 24, 2004) (declining to assert supplemental jurisdiction over numerous California Labor Code claims because "such novel and complex state law issues are better resolved, in the first instance, in the state court.").  In these cases, the courts expressed concern regarding the manageability and prudence of having one court engage in the requisite "individualized fact finding" and state-by-state analysis that

adjudicating several different state law causes of action would entail.  *Aquilino*, 2006 WL 2023539, at \*3; *Luciano,* 2006 WL 1455477, at \*5; *see also Jackson*, 220 F.R.D. at 60 ("the simultaneous management of the two 'irreconcilable' procedures for class formation is unwieldy [and] would detract from the efficient resolution of the substantive dispute").

As in these recent cases, the Court's exercise of supplemental jurisdiction here would result in a logistical morass, requiring this Court to simultaneously analyze the claims of several plaintiffs under federal and various state laws, applying different regulations and statutes of limitations.  Instead of permitting the "federal tail" to wag what is in essence a "state dog," this Court should decline to exercise supplemental jurisdiction and dismiss the state law claims, permitting Plaintiffs – should they choose to do so – to pursue any available state remedies in the proper forum: state court.  *See De Asencio,* 342 F.3d at 310 ("Were supplemental jurisdiction not to obtain, and assuming the statute of limitations has not run, plaintiffs could file the [state law] action in state court and request an opt-out class on behalf of themselves and 'other employees similarly situated.'").

Further, this Court's exercise of jurisdiction over the California state law claims would be particularly troubling, as the only named California plaintiff, Plaintiff Machado, does not have an FLSA claim.  *See Fielder v. Credit Acceptance Corp.*, 188 F.3d 1031, 1037 (8th Cir. 1999) ("[t]he claims of the individual members of a permissive class are distinct cases and controversies; each must separately support federal jurisdiction."); *see also Potchin v. Prudential Home Mortgage Co.*, No. 97-CV-525, 1999 WL 1814612, at \*10 (E.D.N.Y. Nov. 12, 1999) (Amon, J.) (finding that the Court did not have supplemental jurisdiction over the claims of those with no federal claims); *Foster v. Food Emporium*, No. 99 Civ. 3860, 2000 WL 1737858, at \*3 (S.D.N.Y. Apr. 26, 2000) ("It would be improper to bring persons who have no federal claim

into this Court under the guise of a collective action so they can pursue state law claims that they can only bring on their own and not collectively"). Plaintiffs cannot, therefore, ask the Court to simply allow the various California claims – with no federal nexus, and each with a different evidentiary requirement – to "piggyback" onto this federal case.

Accordingly, WMB respectfully requests that the Court decline to exercise supplemental jurisdiction over Plaintiffs' state law claims, as state-specific issues will invariably predominate over the federal issues and render class treatment ineffective and unmanageable. Further, because the federal forum is not the proper venue for Plaintiff Machado's purely state claims, the Court should decline to exercise supplemental jurisdiction over those claims (in the event that any of the California state law claims survive this Motion).

III.     **PLAINTIFF KEMESIES' CLAIMS ON BEHALF OF THE PURPORTED NEW YORK RULE 23 CLASS IN THE SECOND CLAIM FOR RELIEF MUST BE DISMISSED BECAUSE THEY VIOLATE CPLR §901(B).**

Likewise, while Plaintiff Kemesies may continue to represent her own interests in this lawsuit (unless the Court declines supplemental jurisdiction), her purported New York Rule 23 class claims must be dismissed because Section 901 of the New York Civil Practice Law and Rules ("CPLR") prohibits the use of the class action mechanism under a statute that provides for recovery of a penalty or a minimum measure of recovery. The liquidated damages provided for under the New York Labor Law constitute a penalty. *Carter v. Frito-Lay, Inc.*, 425 N.Y.S.2d 115, 116 (N.Y. App. Div. 1980) (barring New York Labor Law class action under CPLR § 901(b) because liquidated damages are a penalty), *aff'd*, 52 N.Y.2d 994 (N.Y. 1981). Furthermore, Plaintiff Kemesies cannot circumvent §901(b) by simply waiving her claim to liquidated damages (as she purports to do in ¶82 of the Complaint), because liquidated damages under the New York Labor Law are mandatory and cannot be waived, and because such a waiver would render Plaintiff Kemesies and her counsel inadequate class representatives. Therefore, the

class claims in the Second Claim for Relief must be dismissed, and all New York Rule 23 class allegations must be stricken from the Complaint.

> **A.    Plaintiff Kemesies' Claims on Behalf of the Purported New York Rule 23 Class Violate § 901(b) of the CPLR Because the New York Labor Law Under Which She Brings Her Claims Provides for Liquidated Damages.**

Plaintiff Kemesies purports to bring class claims under the New York Labor Law which, among other remedies, provides for the assessment of liquidated damages.  Pursuant to § 901(b) of the CPLR:

> Unless a statute creating or imposing a penalty, or a minimum measure of recovery, *specifically authorizes* the recovery thereof in a class action, an action to recover a penalty or minimum measure of recovery created or imposed by statute *may not be maintained as a class action*.

CPLR § 901(b) (emphasis added).  Because liquidated damages under the New York Labor Law constitute a penalty within the meaning of CPLR § 901(b), Plaintiff Kemesies may not maintain her claims as a class action.  Permitting her to do so would violate the REA.  *Carter*, 425 N.Y.S.2d at 116 (barring New York Labor Law class action under CPLR § 901(b) because liquidated damages are a penalty); *Woods v. Champion Courier*, Oct. 9, 1998 N.Y.L.J. 25, col 1 (N.Y. Sup. Ct. 1998) (holding that the liquidated damages under New York Labor Law § 198 were "punitive damages" and, thus, a "penalty" under CPLR § 901(b)).

The decision in *Carter*, 425 N.Y.S.2d at 116, is precisely on point.  There, the First Department held, in a decision affirmed by the Court of Appeals, that a class claim under the New York Labor Law could not be maintained because the statute "provides for liquidated damages and does not contain the necessary clause allowing these damages to be recovered in a class action."  *Id.*; *see also Ballard v. Cmty. Home Care Referral Serv. Inc.*, 695 N.Y.S.2d 130, 132 (N.Y. App. Div. 1999) (precluding New York Labor Law class action under CPLR § 901(b)); *Caruso v. Allnet Commc'ns Servs. Inc.*, 662 N.Y.S.2d 468, 470 (N.Y. App. Div. 1997)

(upholding denial of class certification pursuant to CPLR § 901(b)); *Parker v. Equity Adver. Agency, Inc.*, Mar. 10, 1982 N.Y.L.J. 11, col. 2 (N.Y. Sup. Ct. 1982) (finding that § 901(b) precluded Plaintiff from bringing a class action under the New York Labor Law); *Brzychnalski v. UNESCO, Inc.*, 35 F. Supp. 2d 351 (S.D.N.Y. 1999).  Therefore, because Plaintiff Kemesies is barred from maintaining her state law class claims under CPLR § 901(b), the Court should dismiss those claims.

> **B.    Plaintiff Kemesies' Attempted Waiver of Any Claim to Liquidated Damages is Ineffective Because Liquidated Damages are Mandatory Under the New York Labor Law, and Plaintiff Kemesies Seeks Liquidated Damages as Part of Her FLSA Claim.**

Furthermore, Plaintiff Kemesies may not simply avoid dismissal of the purported (but inappropriate) New York class claims by waiving liquidated damages in this action.  First, New York law makes clear that mandatory statutory penalties, such as the liquidated damages penalty under §198 of the New York Labor Law, are <u>not</u> waivable and, thus, claims brought under that statute cannot be maintained as a class action.  In *Asher v. Abbott Labs.*, 737 N.Y.S.2d 4 (App. Div. 1st Dep't 2002), the First Department held that an action under the Donnelly Act could not be maintained as a class action because the statute provided for a penalty, "the recovery of which in a class action is not specifically authorized and <u>the imposition of which cannot be waived</u>." *Id.* at 4 (emphasis added); *Cox v. Microsoft Corp.*, 737 N.Y.S.2d 1, 2 (App. Div. 1st Dep't 2002) (finding that treble damages are penal in nature and mandatory, and thus refusing to allow a class action under CPLR §901(b)); *Rubin v. Nine West Group, Inc.*, No. 0763/99, 1999 WL 1425364, at *2-3 (N.Y. Sup. Ct. Nov. 3, 1999) (same); *Russo & Dubin v. Allied Maint. Corp.*, 407 N.Y.S.2d 617, 620-21 (N.Y. Sup. Ct. 1978) (same); *see also Leider v. Ralfe*, 387 F. Supp. 2d 283, 288-89 (S.D.N.Y. 2005) (refusing to certify class action because statute at issue contained a penalty and no specific authorization of class actions).

Because the only New York appellate court to discuss the issue of a mandatory penalty (the First Department in both *Asher* and *Cox*) has twice ruled that there cannot be a waiver of mandatory penalties under §901(b), this Court should follow *Asher* and *Cox*.  *Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris USA Inc.*, 344 F.3d 211, 221 (2d Cir. 2003) (federal courts are bound to apply state law as interpreted by the state's intermediate appellate courts absent persuasive evidence that the state's higher court, which has not ruled on the issue, would reach a different conclusion).

Here, §198 of the New York Labor Law – the section that provides for remedies for proven failure to pay wages – mandates that upon a finding that the employer's failure to pay wages was "willful," the Court "<u>shall</u> allow" a prevailing employee "liquidated damages equal to twenty-five percent of the total amount of the wages found to be due."  N.Y. Lab. Law §198(1-a) (emphasis added).  Based on this plain, unequivocal language, it is clear that upon a finding of willfulness, liquidated damages under §198 are mandatory and cannot be waived for strategic convenience.  *Rubin*, 1999 WL 1425364, at *5 (holding that the legislature's use of the word "shall" in the Donnelly Act's treble damages provision renders such damages "mandatory").

Moreover, CPLR §901(b) is <u>not</u> limited to state statutes; it applies to claims brought under federal statutes as well.  Thus, because Plaintiff Kemesies still seeks liquidated double damages and a three-year statute of limitations <u>under the FLSA</u> (Compl. ¶¶ 22, 74), for which a willful violation is required, and because the FLSA expressly prohibits class actions, 29 U.S.C. §216(b), this "action … may not be maintained as a class action".  CPLR §901(b).  *See, e.g.,* *Rudgayzer & Gratt v. Cape Canaveral Tour & Travel, Inc.*, 799 N.Y.S.2d 795, 798 (App. Div. 2d Dep't 2005) (affirming dismissal of complaint under §901(b) because federal statute allowed a minimum measure of recovery and did not specifically authorize recovery through a class

action); *Giovanniello v. Hispanic Media Group USA, Inc.*, 799 N.Y.S.2d 800 (App. Div. 2d Dep't 2005) (same); *Leyse v. Flagship Capital Servs. Corp.*, 803 N.Y.S.2d 52 (App. Div. 1st Dep't 2005) (same).  Plaintiff Kemesies' New York class claim must, therefore, be dismissed.

      **C.**    **Plaintiff Kemesies May Not Waive Liquidated Damages and Be An Adequate Representative for the Purported New York Rule 23 Class, Nor Can Her Counsel.**

      Even if Plaintiff Kemesies could waive liquidated damages – which she cannot – she and her counsel cannot waive such damages on behalf of absent class members and still serve as adequate class representatives.  Many courts have held – including in the specific context of purported class claims for overtime like those brought by Plaintiff Kemesies here – that plaintiffs may not serve as adequate class representatives where plaintiffs and their counsel are willing to waive class members' statutory right to liquidated damages or other mandatory penalties.  *See, e.g.*, *Foster*, 2000 WL 1737858, at *3 n.3 ("[A]ttempts by plaintiffs to get around CPLR §901(b) by waiving the liquidated damages remedy have been rejected by courts as undermining putative lead plaintiffs' ability to represent others who have a statutory right to the remedy."); *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 209 F.R.D. 323, 339-40 (S.D.N.Y. 2002); *Feinstein v. Firestone Tire & Rubber Co.*, 535 F. Supp. 595, 606 (S.D.N.Y. 1982) (holding that plaintiffs who pursue only some of the claims available to the class to obtain class certification are not adequate representatives); *Parker v. Equity Adver. Agency, Inc.*, Mar. 10, 1982 N.Y.L.J. 11, col. 2 ( N.Y. Sup. Ct. 1982) (dismissing class action seeking liquidated damages under §198 after holding that "any attempt to waive the right to a statutory penalty to avoid CPLR §901(b) is impermissible since by demanding that the members of the class waive their right to the penalty, plaintiff cannot adequately protect the interests of the class"); *Rubin*, 1999 WL 1425364, at *5 n.4.

Accordingly, because Plaintiff Kemesies cannot bring class claims pursuant to CPLR §

901(b), cannot waive the mandatory penalty of liquidated damages, and has not chosen to waive

a finding of willfulness – and because a waiver would render her and her counsel inadequate

class representatives – Plaintiff Kemesies' state law class claims must be dismissed.

**IV. THE CALIFORNIA STATE CLAIMS ASSERTED BY PLAINTIFF MACHADO ON BEHALF OF HERSELF AND THE PURPORTED CALIFORNIA RULE 23 CLASS IN THE THIRD, FOURTH, FIFTH AND SIXTH CLAIMS FOR RELIEF MUST BE DISMISSED.**

**A. Plaintiff Machado's Third and Fourth Claims for Relief Are Time-Barred, Mandating Dismissal of Both the Individual and the Class Claims.**

Throughout the Complaint, Plaintiff Machado – who, notably, does not bring an FLSA

claim – asserts a laundry list of alleged California Labor Code violations, with no regard for the

statutes of limitations and her standing to assert such claims on behalf of others. In the Third and

Fourth Claims for Relief, she asserts violations of Cal. Lab. Code §§ 1182.11 and 1194, and Cal.

Lab. Code §§201-203, respectively, on behalf of herself and a purported Rule 23 California

class. Because these statutory claims are subject to a maximum three year statute of limitations,

Plaintiff Machado's claims are time-barred, and she may not pursue relief under the Third and

Fourth Claims for Relief, either for herself or on behalf of others.[12]

Cal. Lab. Code § 1182.11 establishes the minimum wage for all industries. While this

code section does not provide for a private cause of action, Cal. Lab. Code § 1194(a) permits

employees to bring a civil action for minimum wage payments or overtime compensation. As

these claims represent "action[s] upon a liability created by statute, other than a penalty or

forfeiture," they are subject to the three year statute of limitations set forth in Cal. Code Civ. P.

---

[12] At the pre-motion conference on September 18, 2006, Plaintiffs' counsel argued that Plaintiff Machado's claims are not time-barred because she is subject to a four year statute of limitations under the UCL. However, this argument overlooks the fact that Plaintiff Machado has asserted, in addition to her UCL claims premised on several Labor Code sections (in the Sixth Claim for Relief), independent claims for direct violation of numerous Labor Code provisions.

§ 338(a).  As for the claims in the Fourth Claim for Relief, Cal. Lab. Code §§ 201-02 require payment of earned wages within certain time frames upon discharge, layoff, or resignation.  Cal. Lab. Code § 203, which establishes a penalty for willful violations of §§ 201 or 202, sets the statute of limitations for such violations as "any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise."  Therefore, the statute of limitations for a § 203 claim is, at a maximum, three years.  *See Montecino v. Spherion Corp.*, 427 F. Supp. 2d 965, 968 (C.D. Cal. 2006).

As alleged in the Complaint, Plaintiff Machado – the only plaintiff who worked in California and the only named representative of the purported California Rule 23 class – was employed by WMB from September 15, 2002, through January 31, 2003.  Her Third and Fourth claims are thus time-barred and require dismissal with prejudice.  Further, the dismissal of the Third and Fourth Claims as to Plaintiff Machado mandates the dismissal of those class claims as well.  *See Gen. Tel. Co. of the S.W. v. Falcon*, 457 U.S. 147, 156 (1982) (holding that named plaintiff who did not suffer any actionable injury is "simply not eligible to represent a class of persons who did allegedly suffer injury."); *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974) (if a named plaintiff does not state a claim against the defendant, he may not "seek relief on behalf of himself or any other member of the class.").  The Third and Fourth Claims for Relief must, therefore, be dismissed in their entirety.

> **B.    The Claims Asserted in the Fifth Claim for Relief Are Time-Barred and Plaintiff Machado Lacks Standing to Assert Them.**
>
> > 1.    Plaintiff Machado's Claim Under Cal. Lab. Code § 226 is Barred by the One Year Statute of Limitations

In her Fifth Claim for Relief, Plaintiff Machado asserts, *inter alia*, a claim under Cal. Lab. Code § 226(a) based on WMB's alleged knowing and intentional failure to provide timely,

accurate, and itemized wage statement for hours that she and the purported California class

worked.  Compl. ¶ 97.  The remedy for such a violation is a potential penalty not to exceed

$4,000.[13]  *See* Cal. Lab. Code §226(d).  Claims under § 226(a) are governed by the one year

statute of limitations set forth in Cal. Code Civ. P. § 340(a) for "action[s] upon a statute for a

penalty or forfeiture."[14]  Therefore, Plaintiff Machado's § 226(a) claim – like those asserted in

the Third and Fourth Claims for Relief – must be dismissed, both on an individual and a class

basis.  *Falcon*, 457 U.S. at 156; *O'Shea*, 414 U.S. at 494.

        2.    <u>Plaintiff Does Not Have Standing to Seek Civil Penalties for Violations of Cal. Lab. Code §§ 1174 and 1174.5 Because the Private Attorneys General Act Became Effective in January 2004 and Is Not Retroactive, and Any Such Claims are Time-Barred</u>

In the Fifth Claim for Relief, Plaintiff Machado also seeks injunctive relief on behalf of

herself and the California Rule 23 class for WMB's alleged violations of the record-keeping and

inspection requirements in Cal. Lab. Code § 1174, as well as civil penalties as authorized under §

1174.5.  *See* Compl. ¶¶ 97-98, 125(E).  Notably, Cal. Lab. Code §§ 1174 and 1174.5 do not

create a private cause of action.  While "an aggrieved employee" may bring a private cause of

action to recover civil penalties under the Labor Code using the Private Attorneys General Act of

2004 ("PAGA"), any such claim is time-barred[15] and Plaintiff Machado does not have standing

---

[13]    In connection with her § 226 claim, Plaintiff Machado seeks "the greater of all actual damages or [a penalty of] fifty dollars for the initial pay period in which a violation occurs and one hundred dollars per employee for each violation in a subsequent pay period."  *See* Compl. ¶ 98.

[14]    The term "penalty" means "a sum of money made payable by way of punishment for the non-performance of an act."  *See County of San Diego v. Milotz*, 46 Cal.2d 761, 766 (Cal. Ct. App. 1956).  This is precisely the remedy that Plaintiff Machado is seeking in this claim.

[15]    Plaintiff Machado's claim under § 1174.5 is barred by the one year statute of limitations under Cal. Code. Civ. P. §340(a).  Likewise, to the extent that she seeks penalties under PAGA, her PAGA claim is also barred by the one year statute of limitations.  *See Moore v. Genesco, Inc.*, No. C 06-3897 SBA, 2006 WL 2691390, at *3 (N.D. Cal. Sept. 20, 2006) ("the statute of limitations for statutory civil penalties under PAGA is one year.").

to bring such a private suit.  Therefore, Plaintiff's claims under §§1174 and 1174.5 must be dismissed.

Only a real party in interest has standing to prosecute an action.  Cal. Code Civ. P. § 367. A real party in interest ordinarily is defined as the person possessing the right sued upon by reason of the substantive law.  *Sletteland v. Blendu*, No. 03-35562, 2005 WL 1368080, at *1 (9th Cir. June 9, 2005).  An improper claim for relief by someone other than the real party in interest is thus subject to a motion to strike or to dismiss based on lack of standing.  *See Redev. Agency of the City of San Diego v. San Diego Gas & Elec. Co.*, 111 Cal.App.4th 912, 920-921 (Cal. Ct. App. 2003).

Here, Plaintiff Machado does not have standing to bring a claim under PAGA, either for herself or on behalf of others, because PAGA did not become effective until January 1, 2004. Cal. Lab. Code § 2699(a).  Prior to January 1, 2004, the penalties that Plaintiff Machado seeks in her Fifth Claim for Relief did not exist, and there was no private right of action for civil penalties that did exist in the Labor Code before PAGA was enacted.  Legislative Counsel's Dig., S.B. No. 796 (2003-2004 Reg. Sess.).  Because Plaintiff Machado's employment with WMB ended several months before January 1, 2004, she has no claims against WMB that arose after January 1, 2004, under PAGA and does not have standing to assert any claims under PAGA on behalf of putative class members.  Cal. Code Civ. P. § 367 (only a real party in interest has standing); *see also O'Shea*, 414 U.S. at 494.

Further, PAGA does not apply retroactively.  The retroactive application of a law "is one that affects rights, obligations or conditions that existed before the time of the statute's enactment, giving them an effect different from that which they had under the previously existing law."  *In re Joshua M.*, 66 Cal.App.4th 458, 469 n. 5 (Cal. Ct. App. 1998).  Stated

differently, retroactive application of a recently enacted law applies "the new law of today to the conduct of yesterday."  *Id.*  Under well-settled California law, statutes operate prospectively unless the Legislature clearly indicates it intended the statute to be retroactive or retrospective. *Evangelatos v. Superior Court of Los Angeles County*, 44 Cal.3d 1188, 1207 (Cal. 1988).  Thus, absent an express retroactivity provision, a statute will not be applied retroactively unless it is clear from extrinsic sources, such as legislative history, that the Legislature intended that effect. *Id.* at 1209-10.  This principle of the presumption of prospective effect applies equally to changes in law that can be characterized as procedural in nature.  *Id.* at 1225-26 n. 26; *see also Rosasco v. Comm'n on Judicial Performance*, 82 Cal.App.4th 315, 322 (Cal. Ct. App. 2000) (holding that the principle that "'legislative enactments are generally presumed to operate prospectively and not retroactively unless the Legislature expresses a different intention' - is equally applicable to *any* kind of change in the law." (emphasis in original) (citation omitted)); *In re Marriage of Reuling*, 23 Cal.App.4th 1428, 1439 (Cal. Ct. App. 1994) ("There is a strong presumption that statutes are to operate prospectively, absent a clear indication to the contrary.").[16]

Here, neither the Legislature nor the statutory language expressly (or even impliedly) provide for retroactive application of PAGA.  The absence of any express provision directing retroactive application strongly supports prospective operation.  *See Evangelatos*, 44 Cal.3d at

---

[16]   *See also Brenton v. Metabolife*, 116 Cal.App.4th 679, 688 (Cal. Ct. App. 2004); *Rubinstein v. Barnes*, 195 Cal.App.3d 276, 281 (Cal. Ct. App. 1987) (both procedural and substantive statutes are subject to the presumption against retroactive effect); *Sheyko v. Saenz*, 112 Cal.App.4th 675, 702 (Cal. Ct. App. 2003) (citing *Rogers v. Edmonds*, 200 Cal.App.3d 1237, 1241 (Cal. Ct. App. 1988)) ("'Absent some clear expression by the Legislature that its enactments are intended to have retroactive effect we do not generally assume retroactivity.").  This presumption is based on "the 'general consensus that notice or warning of the rule should be given in advance of the actions whose effects are to be judged.'" *Sheyko*, 112 Cal.App.4th at 702 (citing *Cal. Trout, Inc. v. State Water Res. Control Bd.*, 207 Cal.App.3d 585, 609 (1989).

1209.  Therefore, Plaintiff Machado – the only named California plaintiff – does not have standing to bring a claim under PAGA on her own behalf because she was not employed by WMB after the effective date of the statute.  Furthermore, since a named plaintiff must be a member of the class she claims to represent, *see Petherbridge v. Altadena Fed. Sav. & Loan Ass'n*, 37 Cal.App.3d 193, 200 (Cal. Ct. App. 1974), Plaintiff Machado cannot bring a claim under PAGA on behalf of other employees against WMB.  Accordingly, Plaintiff Machado's claims pursuant to Cal. Lab. Code §§ 1174 and 1174.5, which seek recovery of penalties under PAGA, must be dismissed in their entirety, on both an individual and a class-wide basis.[17]

### C.   Plaintiff Machado's UCL Claims in the Sixth Claim for Relief Also Fail as a Matter of Law.

#### 1.   Plaintiff Machado's FLSA-Based UCL Claim Must Be Dismissed Because it is Contrary to Public Policy and Thwarts Congressional Intent

Despite the fact that she has not asserted a claim under the FLSA, Plaintiff Machado attempts to resuscitate her non-existent, time-barred federal claim by bringing it under the guise of a UCL claim.  *See* Compl. ¶ 102(a).  However, Plaintiff Machado cannot establish a UCL

---

[17]   Even assuming, for purposes of this argument, that Plaintiff Machado had standing to seek civil penalties for the alleged violations of §§ 1174 and 1174.5, those claims in the Fifth Claim for Relief must be dismissed because she failed to allege that she exhausted her administrative remedies under PAGA.  In August 2004, PAGA was amended to require exhaustion of administrative procedures before certain actions to recover statutory penalties may be filed, in order to allow the State of California's Labor and Workforce Development Agency (LWDA) the initial opportunity to investigate and cite employers for Labor Code violations.  Cal. Lab. Code § 2699.3(a)(1) ("A civil action by an aggrieved employee … alleging a violation of any provision listed in Section 2699.5 shall commence *only* after" certain requirements, such as pre-filing notice, have been met); Cal. Lab. Code § 2699.5 (listing § 1174 as a code provision to which the requirements of §2699.3 apply); *Caliber Bodyworks, Inc. v. Superior Court of Los Angeles County*, 134 Cal.App.4th 365, 375 (Cal. Ct. App. 2005).  Plaintiff Machado seeks penalties under, *inter alia*, Cal. Lab. Code §§ 1174 and 1174.5, and specifically cites to §2699 in her Prayer for Relief.  *See* Compl. ¶125(E).  Because Plaintiff Machado failed to plead compliance with PAGA's pre-filing notice and exhaustion requirements in §2699.3(a), she is not entitled to pursue these cause of action seeking civil penalties.  *Caliber Bodyworks*, 134 Cal.App.4th at 383.  Accordingly, these claims must be dismissed or, alternatively, her demands for civil penalties must be stricken from the Complaint.  *Id.* at 385.

claim predicated upon a violation of the FLSA under circumstances *where there has been no actionable violation of the FLSA*.  To characterize conduct that does not in any way violate the FLSA (or any state law, for that matter) as an allegedly "unlawful business practice" does not serve the UCL's equitable purposes, and is contrary to public policy.  *See Cel-Tech Commc'ns v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 184 (Cal. 1999) (holding that conduct "which the Legislature has expressly declared to be lawful" could not be held unlawful or unfair under the UCL).  Likewise, permitting Plaintiff Machado to proceed with her FLSA-based UCL claim would thwart Congress' intent behind instituting a "strict statute of limitations" to significantly restrict claims for back wages.  *See Sperling v. Hoffman-LaRoche, Inc.*, 24 F.3d 462, 469 (3d Cir. 1994).  The Court should, therefore, dismiss this UCL claim because the underlying FLSA claim upon which Plaintiff Machado premises her request for restitution is time-barred.[18]

Due to concerns about "virtually unlimited liability" under the FLSA, Congress added several limiting provisions to the statute through the Portal-to-Portal Act of 1947, 29 U.S.C. §§ 251, *et seq.,* including, as previously addressed, the opt-in procedure for representative actions. The 1947 amendments also limited a plaintiff's recovery to two years of allegedly unpaid overtime, and a third year only if the plaintiff proves that the employer's FLSA violations were willful.  29 U.S.C. §255(a).  The UCL's four-year statute of limitations directly conflicts with the balance struck by Congress in the FLSA's two-year limitations period.  By framing what is essentially a time-barred FLSA claim as a cause of action under the UCL, Plaintiff Machado is attempting to manipulate state law in an effort to eviscerate the federal statute of limitations and obtain a more expansive recovery than Congress intended.  Plaintiff Machado should not,

---

[18]     While various non-binding California courts have permitted such time-barred wage and hour claims to proceed under the UCL, the issue has not been decided by the California or United States Supreme Courts.

therefore, be permitted to use her UCL claim for "restitution" to recover allegedly unpaid overtime compensation due under the FLSA over a four-year period prior to the filing of the Complaint, and without regard to whether the alleged violations of the FLSA were willful – something that is not even alleged by Plaintiff Machado in her Sixth Claim for Relief. *See, e.g., Madrigal,* 1981 WL 2331, at *3 (holding that if the plaintiff were permitted to proceed under a Washington statute that provided for broader remedies, "the statutory requirements of the FLSA would effectively be gutted.")

Since the FLSA and several of the California Labor Code provisions upon which Plaintiff Machado bases her state causes of action expressly bar overtime wage claims that are over three years old, Plaintiff Machado's use of section 17200 here should not be sanctioned.  Under the California Supreme Court's decision in *Cel-Tech*, Plaintiff Machado simply cannot "plead around" the statute of limitations by recasting her non-existent FLSA claim as an "unfair business practice."  Nor can she abuse a state law intended to protect consumers against unlawful business practices to circumvent a Congressionally-mandated limitations period that, as it relates to her, has long since passed.[19]  Accordingly, her FLSA-based UCL claim must be dismissed.

2.  <u>Plaintiff Machado's UCL Claim Premised on Cal. Lab. Code § 1182.1 Must Be Dismissed Because It is Based on a Code Provision That Cannot Be Violated</u>

The Court must also dismiss Plaintiffs' UCL claim premised on Cal. Lab. Code § 1182.1, as set forth in paragraph 102(c) of the Sixth Claim for Relief, because § 1182.1 – which solely establishes the minimum wage increase – cannot support a UCL claim.  It does not set forth legal requirements that employers must meet with respect to their employees and cannot, therefore, be

---

[19]    Plaintiff Machado also cannot use the FLSA's damage provisions to calculate her alleged "restitution" damages under the UCL.  Indeed, applying the FLSA's damage provisions, Plaintiff Machado's purported "restitution" would amount to zero dollars, because there can be no claim under the FLSA older than three years.

violated. *Cal. Med. Ass'n, Inc. v. Aetna U.S. Healthcare, Inc.*, 94 Cal.App.4th 151, 168-70 (Cal. Ct. App. 2001) (holding that defendant's failure to pay doctors for care provided after contractual intermediaries received pay from HMOs did not constitute an unlawful or unfair business practice because the underlying law did not impose an alleged obligation to pay); *Khoury v. Maly's of Cal., Inc.*, 14 Cal.App. 4th 612, 619 (Cal. Ct. App. 1993) (sustaining demurrer where plaintiff failed to allege the manner in which defendant's conduct was unlawful and failed to identify a statutory violation). Indeed, a UCL claim stands or falls "depending on the fate of the antecedent substantive causes of action." *Krantz v. BT Visual Images, L.L.C.*, 89 Cal.App.4th 164, 178 (Cal. Ct. App. 2001); *Premier Tech. Sales, Inc. v. Digital Equip. Corp.*, 11 F. Supp. 2d 1156, 1167 (N.D. Cal. 1998) (granting summary judgment on a section 17200 claim where the plaintiff failed to state a fraud claim against the defendant).

Cal. Lab. Code § 1182.1 simply establishes the minimum wage increase. Because Plaintiff Machado cannot identify an underlying violation of this Labor Code section, her claim for violation of the UCL on the basis of violation of this section likewise must fail.

3. Plaintiff Machado's UCL Claims Premised on Cal. Lab. Code §§ 201-04, 226 and 1174 Must Be Dismissed Because Penalties Are Not Recoverable Under the UCL

In addition, Plaintiff Machado asserts UCL claims based on Cal. Lab. Code §§ 201-04,[20] 226 and 1174, at paragraph 102(d)-(e) of the Complaint. In her Prayer for Relief, Plaintiff Machado seeks damages and statutory penalties under these provisions. *See* Compl. ¶ 125(E)-(F). However, damages and penalties borrowed from other statutes, such as the Labor Code, are not recoverable under the UCL because they do not constitute restitution or injunctive relief. *See Tomlinson v. IndyMac Bank, F.S.B.,* 359 F. Supp. 2d 891 (C.D. Cal. 2005) ("[Section 203

---

[20] Notably, Cal. Lab. Code § 204 does not provide for any remedy; under Cal. Lab. Code § 210, however, the remedy for violation of §204 is a penalty.

penalties] clearly [are] not restitutionary, and thus cannot be recovered under the UCL.")

(citation omitted); *Kasky v. Nike, Inc.,* 27 Cal.4th 939, 950 (Cal. 2002) (quoting *Cel-Tech*

*Commc'ns,* 20 Cal. 4th at 179) (noting that in a suit under the UCL, "a private plaintiff's

remedies are 'generally limited to injunctive relief and restitution'"); *Korea Supply Co. v.*

*Lockheed Martin Corp.*, 29 Cal.4th 1134, 1144 (Cal. 2003) (a private plaintiff is not permitted to

sue for civil penalties or damages); *Czechowski v. Tandy Corp.*, 731 F. Supp. 406, 410 (N.D.

Cal. 1990).  Accordingly, the UCL claims premised on Cal. Lab. Code §§ 201-04, 226 and 1174

must be dismissed, and every claim for relief seeking penalties under the UCL must be stricken.

    4.    <u>To the Extent that Plaintiff Machado Seeks Restitution Based on Her</u>
             <u>UCL Claim Premised on Cal. Lab. Code § 204, That Demand for Relief</u>
             <u>Must Be Dismissed or Stricken</u>

Alternatively, to the extent that Plaintiff Machado's UCL claim based on Cal. Lab. Code

§ 204 seeks relief in the form of restitution, that demand for relief must be dismissed or stricken

from the Complaint.  While the UCL authorizes restitutionary relief, Cal. Lab. Code § 204 does

not provide for restitution (or any remedy, for that matter) upon violation of the code.  Therefore,

Plaintiff Machado's request for restitution based on Cal. Lab. Code §204 must be dismissed or

stricken.

    5.    <u>Plaintiff Machado's Demand for Jury Trial, As It Relates to Her UCL</u>
             <u>Claims, Must be Stricken, or the UCL Claims Must Be Dismissed Because</u>
             <u>of the Seventh Amendment Implications.</u>

In paragraph 128 of the Complaint, Plaintiffs demand a trial by jury pursuant to Fed. R.

Civ. P. 38(b).  However, as it relates to Plaintiff Machado's UCL claims, both individually and

on behalf of the purported California Rule 23 class, there is no right to a jury trial.  As noted

above, UCL actions do not allow for recovery of damages; rather, the only relief available to

Plaintiff Machado on her UCL claim is equitable relief, in the form of an injunction and/or

restitution.  Hence, such claims are triable only to a court. *See C & K Eng'g v. Amber Steel Co.*,

23 Cal.3d 1, 8 (Cal. 1978) (holding that "a jury trial is a matter of right in a civil action at law, but not in equity"); *accord, Beasley v. Wells Fargo Bank*, 235 Cal.App. 3d 1383, 1392 (Cal. Ct. App. 1991) (holding that there is no right to a jury trial in § 17200 action seeking affirmative relief from credit card overlimit and late charges); *Okura & Co. (Am.), Inc. v. Careau Group,* 783 F. Supp. 482, 490 (C.D. Cal. 1991) (finding no right to a jury trial in a UCL claim brought in federal court).  Accordingly, WMB respectfully requests that the Court strike the jury demand as it relates to Plaintiff Machado's UCL claims set forth in the Sixth Claim for Relief.

Further, Plaintiff Machado's assertion of UCL claims – for which no right to a jury trial exists – implicates the Seventh Amendment rights of the potential absent class members.  Should Plaintiff Machado be permitted to proceed with her California Labor Code and UCL claims, the Court would have to separately try those state claims – subjecting the Labor Code claims to a jury trial and the UCL claims to a bench trial.  However, the Seventh Amendment entitles parties to have fact issues decided by one trier of fact and ensures that a second trier of fact will not re-examine those facts.  *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 750 (5th Cir. 1996).  The "limitation on the use of bifurcation is a recognition of the fact that inherent in the Seventh Amendment guarantee of a trial by jury is the general right of a litigant to have only one jury pass on a common issue of fact," a right which exists in this case and precludes the Court from bifurcating any issue that would allow two separate triers of fact to pass over the same issues twice.  *Arch v. Am. Tobacco Co.*, 175 F.R.D. 469, 493-94 (E.D. Pa. 1997) (citing *Castano*, 84 F.3d at 750); *see also Colindres v. Quietflex Mfg.*, 235 F.R.D. 347, 380 (S.D. Tex. 2006) (noting the Seventh Amendment implications of asserting claims for equitable relief in a class action).  Thus, Plaintiff Machado's UCL claims should be dismissed.

CASE NO.: 1:06-CV-02817-CBA-JMA

## **CONCLUSION**

For all of the above reasons, the Court should grant WMB's Motion and dismiss Plaintiffs' class claims under New York, California, Illinois and New Jersey state law – as stated in the Second through Eighth Claims for Relief of the Complaint – because the Rule 23 opt-out procedure applicable to such claims is inherently incompatible with the FLSA's opt-in mechanism, and such claims are therefore barred under the REA.  In the alternative, WMB asks that the Court decline to exercise supplemental jurisdiction over Plaintiffs' state claims, and dismiss them from the Complaint.  The Court should also dismiss Plaintiff Kemesies' New York class claims, set forth in the Second Claim for Relief, because they violate CPLR § 901(b); because Plaintiff Kemesies cannot waive the mandatory penalty of liquidated damages, and has not chosen to waive a finding of willfulness as to her FLSA claims; and because a waiver would render her and her counsel inadequate class representatives.  Further, WMB respectfully requests that the Court dismiss Plaintiff Machado's claims under Cal. Lab. Code §§ 201-03, 1174, 1174.5, 1182.11 and 1194, as stated in the Third, Fourth and Fifth Claims for Relief; dismiss Plaintiff Machado's FLSA-based UCL claim as against public policy; dismiss Plaintiff Machado's UCL claims premised on alleged violations of Cal. Lab. Code §§ 201-04, 226, 1174 and 1182.1 from the Sixth Claim for Relief; strike Plaintiff Machado's claim for restitution under Cal. Lab. Code. §204 in the Sixth Claim for Relief; and strike Plaintiff Machado's request for a jury trial, as it relates to her UCL claims.  Finally, WMB requests that the Court strike all remaining Rule 23 class allegations from the Complaint.

Dated this 22nd day of September, 2006.

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By:  /s/_Anne Marie Estevez_____
        Anne Marie Estevez (*admitted pro hac vice*)
        Sharon A. Lisitzky (*admitted pro hac vice*)
        200 South Biscayne Boulevard
        5300 Wachovia Financial Center
        Miami, FL  33131-2339
        Tel.  (305) 415-3330

        Sarah Bouchard (*admitted pro hac vice*)
        1701 Market Street
        Philadelphia, PA  19103
        Tel. (215) 963-5077

        Samuel S. Shaulson (SS-0460)
        101 Park Avenue
        New York, NY 10178
        Tel. (212) 309-6000

Counsel for Defendant Washington Mutual Bank

## AFFIRMATION OF SERVICE

I HEREBY AFFIRM that I caused to be served upon counsel listed below a true and correct copy of this Memorandum of Law in Support of Defendant's Motion to Dismiss and to Strike Fed. R. Civ. P. 23 Class Allegations, via facsimile and regular mail, on the 22nd day of September 2006; and electronically filed same with the Clerk of the Court using the CM/ECF system on October 20, 2006.  Notice will automatically be electronically mailed to the following individuals who are registered with the U.S. District Court CM/ECF System:

        Adam T. Klein, Jack A. Raisner, Justin M. Swartz, and Cara E. Greene
        Outten & Golden LLP
        3 Park Avenue, 29th Floor
        New York, NY  10016

CASE NO.: 1:06-CV-02817-CBA-JMA

Donald H. Nichols, Paul J. Lukas, and Michele R. Fisher
Nichols Kaster & Anderson, PLLP
4600 IDS Center, 80 South 8th Street
Minneapolis, MN  55402

Attorneys for Plaintiffs

/s Anne Marie Estevez
Anne Marie Estevez, Esq.