**Morgan, Lewis & Bockius LLP**

Anne Marie Estevez (*admitted pro hac vice*)
Sharon A. Lisitzky (*admitted pro hac vice*)
200 South Biscayne Boulevard
5300 Wachovia Financial Center
Miami, FL  33131-2339
Tel.  (305) 415-3330
Fax.  (877) 432-9652

Sarah E. Bouchard (*admitted pro hac vice*)
1701 Market Street
Philadelphia, PA  19103
Tel. (215) 963-5077
Fax.  (877) 432-9652

Samuel S. Shaulson
101 Park Avenue
New York, NY 10178
Tel.  (212) 309-6000
Fax. (877) 432-9652

Attorneys for Defendant Washington Mutual Bank

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEWONE WESTERFIELD, CHARLOTTE MACHADO, PATRICIA KEMESIES, SAMUEL SANCHEZ, and STEPHEN CAGNACCI on behalf of themselves and classes of those similarly situated, <br><br> Plaintiffs, <br><br> - against - <br><br> WASHINGTON MUTUAL BANK, <br><br> Defendant. | Civ. No. 06-CV-2817 (CBA)(JMA) |

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT WASHINGTON MUTUAL BANK'S MOTION TO DISMISS AND TO STRIKE FED. R. CIV. P. 23 CLASS ALLEGATIONS

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................... ii

I.      PRELIMINARY STATEMENT ..................................................................... 1

II.     PLAINTIFFS' RULE 23 STATE CLASS CLAIMS VIOLATE THE RULES
        ENABLING ACT BECAUSE THEY ABRIDGE THE SUBSTANTIVE RIGHTS
        CONFERRED UNDER SECTION 216(B).......................................................... 2

        A.      The FLSA Opt-In Mechanism Confers Substantive Rights That Cannot Be
                Abridged by Fed. R. Civ. P. 23................................................................ 2

        B.      Recent Court Decisions Support Denying the Simultaneous Pursuit of an
                FLSA Collective Action and a Rule 23 Class Action........................... 6

III.    PLAINTIFF KEMESIES' NEW YORK CLASS CLAIMS MUST BE
        DISMISSED. ............................................................................................... 8

IV.     PLAINTIFF MACHADO'S CALIFORNIA STATE CLAIMS MUST BE
        DISMISSED. ............................................................................................... 11

        A.      Plaintiff Machado's Third and Fourth Claims for Relief Are Time-Barred,
                Mandating Dismissal of Both the Individual and the Class Claims. .................. 11

        B.      The Claims Asserted in the Fifth Claim for Relief Are Time-Barred and
                Plaintiff Machado Lacks Standing to Assert Them. ........................... 12

                1.      Plaintiff Machado's Claim Under Cal. Lab. Code § 226 is Barred
                        by the One Year Statute of Limitations ................................... 12

                2.      Plaintiff Machado Does Not Have Standing to Seek Civil Penalties
                        for Violations of Cal. Lab. Code §§ 1174 and 1174.5 Because
                        PAGA Became Effective in January 2004 and Is Not Retroactive,
                        and Any Such Claims are Time-Barred ................................... 13

        C.      Plaintiff Machado's UCL Claims in the Sixth Claim for Relief Also Fail as
                a Matter of Law..................................................................................... 16

                1.      Plaintiff Machado's FLSA-Based UCL Claim Must Be Dismissed
                        Because it is Contrary to Public Policy and Thwarts Congressional
                        Intent ....................................................................................... 16

                2.      Plaintiff Machado's UCL Claim Premised on Cal. Lab. Code §
                        1182.1 Must Be Dismissed Because It Is Based on a Code
                        Provision That Cannot Be Violated ........................................ 17

                3.      Plaintiff Machado's UCL Claims Premised on Cal. Lab. Code §§
                        201-204, 226 and 1174 Must Be Dismissed Because Penalties Are
                        Not Recoverable Under the UCL............................................. 18

                4.      Plaintiff Machado's Demand for Jury Trial, As It Relates to Her
                        UCL Claims, Must be Stricken, or the UCL Claims Must Be
                        Dismissed Because of the Seventh Amendment Implications.................. 19

V.      CONCLUSION.................................................................................................. 20

## TABLE OF AUTHORITIES

Page

### CASES

*Aquilino v. Home Depot U.S.A., Inc.*, No. 04-4100 (PGS), 2006 WL 2023539 (D.N.J. July 18, 2006)................................................................7

*Asher v. Abbott Labs.*, 737 N.Y.S.2d 4 (1st Dep't 2002)....................................9

*Bahramipour v. Citigroup Global Mkts., Inc.*, No. C04-4440-CW, 2006 WL 449132 (N.D. Cal. Feb. 22, 2006)...........................................16, 17

*Baris v. Sulpico Lines, Inc.*, 74 F.3d 567 (5th Cir. 1996) ....................................5

*Beasley v. Wells Fargo Bank*, 235 Cal. App. 3d 1383 (Cal. Ct. App. 1991)....................19

*Belbis v. County of Cook*, No. 01C-6119, 2002 WL 31600048 (N.D. Ill. Nov. 18, 2002) ........................................................7

*Clark v. Experian Info. Solutions, Inc.*, No. Civ. A.8:00-1217-24, 2001 WL 1946329 (S.D.C. Mar. 19, 2001) ................................................11

*Costano v. Am. Tobacco Co.*, 84 F.3d 734 (5th Cir. 1996)................................19

*Cox v. Microsoft Corp.*, 737 N.Y.S.2d 1 (1st Dep't 2002) ....................................9

*Feinstein v. Firestone Tire & Rubber Co.*, 535 F. Supp. 595 (S.D.N.Y. 1982) ...............10

*Foster v. The Food Emporium*, No. 99 CIV 3860, 2000 WL 1737858 (S.D.N.Y. Apr. 26, 2000) ........................................................10

*General Tel. Co. of the S.W. v. Falcon*, 457 U.S. 147 (1982) ...........................7

*Glewwe v. Eastman Kodak Co.*, No. 05-6462T, 2006 WL 1455476 (W.D.N.Y. May 25, 2006)........................................................7

*Goldman v. RadioShack Corp.*, No. Civ. A. 2:03-CV-0032, 2003 WL 21250571 (E.D. Pa. 2003)........................................................7

*Hartke v. Chi. Bd. of Election Comm'rs*, 651 F. Supp. 86 (N.D. Ill. 1986) ........................5

*Herring v. Hewitt Assoc., Inc.*, No. 06-267 (GEB), 2006 WL 2347875 (D.N.J. August 11, 2006)........................................................6

*Himmelman v. Cont'l Cas. Co.*, No. 06-166 (GEB), 2006 WL 2347873 (D.N.J. August 11, 2006)........................................................7

*King v. West Corp.*, No. 8:04CV318, 2006 WL 118577 (D. Neb. Jan. 13, 2006)..............7

**TABLE OF AUTHORITIES**

*LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286 (5th Cir. 1975) .....................................6

*Letouzel v. Eastman Kodak Co.*, No. 05-6464T, 2006 WL 1455478 (W.D.N.Y. May 25, 2006)................................................................................................................7

*Leyva v. Buley*, 125 F.R.D. 512 (E.D. Wash. 1989) ............................................................7

*Lindsay v. Gov't Employees Ins. Co.*, 448 F.3d 416 (D.C. Cir. 2006)................................3

*Luciano v. Eastman Kodak Co.*, No. 05-6463T, 2006 WL 1455477 (W.D.N.Y. May 25, 2006)................................................................................................................7

*In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 209 F.R.D. 323 (S.D.N.Y. 2002)................................................................................................10

*Moeck v. Gray Supply Corp.*, No. 03-1950 (WGB), 2006 WL 42368 (D.N.J. Jan. 6, 2006) ...............................................................................................................7

*Montecino v. Spherion Corp.*, 427 F. Supp. 2d 965 (C.D. Cal. 2006)..............................11

*O'Brien v. Encotech Constr. Servs., Inc.*, 203 F.R.D. 346 (N.D. Ill. 2001)......................7

*O'Connell v. Hove*, 22 F.3d 463 (2d Cir. 1994).................................................................3

*Okura & Co. (Am.), Inc. v. Careau Group*, 783 F. Supp. 482 (C.D. Cal. 1991)..............19

*Parker v. Equity Adver. Agency, Inc.*, Mar. 10, 1982 N.Y.L.J. 11, col. 2 (N.Y. Sup. Ct. 1982) ...............................................................................................10

*Pesantez v. Boyle Envtl. Servs., Inc.*, 673 N.Y.S.2d 659 (App. Div. 1st Dep't 1998) ...............................................................................................................9, 11

*Rubin v. Nine West Group*, No. 0763/99, 1999 WL 1425364 (N.Y. Sup. Ct. Nov. 3, 1999) ...............................................................................................................9, 10

*Savaglio v. Wal-Mart Stores, Inc.*, No. C-835687, 2004 WL 2034092 (Cal. Super. Ct. Jul. 20, 2004)...........................................................................................15

*Scott v. Aetna Services, Inc.*, 210 F.R.D. 261 (D. Conn. 2002)........................................7

*Small v. Lorillard Tobacco Co.*, 679 N.Y.S.2d 593 (App. Div. 1st Dep't 1998) .............11

*Super Glue Corp. v. Avis Rent a Car Sys., Inc.*, 517 N.Y.S.2d 764 (2d Dep't 1987) ...............................................................................................................9

# TABLE OF AUTHORITIES

**Page**

*Tomlinson v. Indymac Bank, F.S.B.*, 359 F. Supp. 2d 898 (C.D. Cal. 2005)...............16, 17

*Torres v. Gristede's Operating Corp.*, No 04CV3316 (PAC), 2006 WL 2819730
(S.D.N.Y. Sept. 28, 2006)......................................................................................7, 11

*Trezvant v. Fidelity Employer Servs. Corp.*, 434 F. Supp. 2d 40 (D. Mass. 2006) ............7

*Trotter v. Perdue Farms, Inc.*, No. Civ. A. 99-893-RRM, 2001 WL 1002448
(D.Del. Aug. 16, 2001) .............................................................................................7

*Woodland Hills Residents Ass'n, Inc. v. City Council of L.A.*, 23 Cal. 3d 917, 593
P.2d 200 (Cal. 1979) ...............................................................................................14

*Woods v. Champion Courier*, Oct. 9, 1998 N.Y.L.J. 25, col 1 (N.Y. Sup. Ct.
1998) ........................................................................................................................10

## STATUTES

Fed. R. Civ. P. 23 ................................................................................. *passim*

28 U.S.C. § 1367 .............................................................................................3

28 U.S.C. § 2072(b) ...................................................................................1, 2, 4

29 U.S.C. § 204 ...............................................................................................4

29 U.S.C. § 216(b) ............................................................................... *passim*

Cal. Lab. Code. § 201 ...........................................................................11, 18, 19, 20

Cal. Lab. Code. § 202 ...........................................................................11, 18, 19, 20

Cal. Lab. Code. § 203 ...........................................................................11, 18, 19, 20

Cal. Lab. Code. § 204 ...............................................................................18, 19, 20

Cal. Lab. Code. § 210 ...................................................................................19

Cal. Lab. Code. § 218 ...................................................................................15

Cal. Lab. Code § 226 ...............................................................................13, 15

Cal. Lab. Code § 1174 ......................................................................... *passim*

Cal. Lab. Code § 1174.5 ....................................................................... *passim*

# TABLE OF AUTHORITIES

**Page**

Cal. Lab. Code. § 1182.1 ...................................................................................17, 18

Cal. Lab. Code. § 1182.11 .................................................................................11, 20

Cal. Lab. Code. § 1194 ......................................................................................11, 20

Cal. Lab. Code § 2699.3(a) ......................................................................................15

Cal. Code Civ. Proc. § 338(a) ...........................................................................11, 13

Cal. Code Civ. Proc. § 340(a) ...................................................................................13

N.Y. Civ. P. Law and Rules § 901(b) ................................................................ *passim*

N.Y. Lab. Law §198 ......................................................................................8, 9, 10

## I.     PRELIMINARY STATEMENT

Defendant Washington Mutual Bank's ("WMB") Motion to Dismiss and to Strike Fed. R. Civ. P. 23 Class Allegations[1] is based on three separate arguments.  First, Plaintiffs' state law claims should be dismissed under the Rules Enabling Act ("REA"), 28 U.S.C. § 2072(b), because the Rule 23 opt-out procedure is inherently incompatible with the 29 U.S.C. § 216(b) opt-in mechanism.  Plaintiffs' argument in opposition focuses on preemption and federal jurisdiction issues that have not been raised by WMB.  Plaintiffs also ignore recent authority that § 216(b) – the provision that establishes the opt-in mechanism as the exclusive method for adjudicating wage claims under the Fair Labor Standards Act ("FLSA") –  confers certain substantive rights that cannot be abridged or modified in any way by the Federal Rules of Civil Procedure.  Accordingly, Plaintiffs' state law claims should be dismissed.

Second, Plaintiff Kemesies' New York class claims must be dismissed because § 901(b) of the New York Civil Practice Law and Rules ("CPLR") prohibits a class claim where, as here, the statute upon which the claim is based provides for a mandatory penalty.  Most of the cases to which Plaintiff Kemesies cites miss the mark, because they involve claims arising under statutes with discretionary, not mandatory, liquidated damage provisions, making them entirely irrelevant to this analysis.  Plaintiff Kemesies also fails to address the problem created by her attempted waiver of liquidated damages on behalf of the purported New York class, when at the same time she continues to seek such damages and a finding of willfulness under the FLSA.  The weight of authority, therefore, supports dismissal of the New York class claims.

---

[1]     References to Plaintiffs' response memorandum, served on October 6, 2006, will be cited herein as "Pls.' Resp. Mem. at ___."  Any references to WMB's initial memorandum of law in support of its Motion will be cited as "Def.'s Mem. at ____."

Third, *it is undisputed* that Plaintiff Machado's California state claims asserted in the Third, Fourth and Fifth Claims for Relief are time-barred. Plaintiff Machado also admits that she failed to exhaust her administrative remedies under the Private Attorneys General Act of 2004 ("PAGA"), rendering her private causes of action for civil penalties futile. Further, Plaintiff Machado's responses to WMB's other arguments for dismissal are unsupported by any persuasive or binding authorities. WMB's motion to dismiss the California state claims, both individually on behalf of Plaintiff Machado and on a class wide basis, should be granted.[2]

## II. PLAINTIFFS' RULE 23 STATE CLASS CLAIMS VIOLATE THE RULES ENABLING ACT BECAUSE THEY ABRIDGE THE SUBSTANTIVE RIGHTS CONFERRED UNDER SECTION 216(B).

### A. The FLSA Opt-In Mechanism Confers Substantive Rights That Cannot Be Abridged by Fed. R. Civ. P. 23.

With substantial support from recent federal district court decisions throughout the country, WMB moved to dismiss Plaintiffs' state law class claims because, *inter alia*, allowing Plaintiffs to pursue those claims as Rule 23 opt-out classes would violate the Rules Enabling Act ("REA"). *See* Def.'s Mem. at 16-22. As set forth in WMB's moving papers, the REA provides that rules of practice and procedure "shall not abridge, enlarge or modify a substantive right." 28 U.S.C. § 2072(b). Although the Federal Rules of Civil Procedure do not create substantive rights, § 216(b) confers on absent class members the right not to be bound by a judgment with respect to overtime claims if they do not opt-in as party plaintiffs. *See* 29 U.S.C. § 216(b). Likewise, § 216(b) also confers on WMB the substantive right to litigate FLSA claims for unpaid overtime only against individuals who affirmatively opt-into the action. *See id.* Accordingly,

---

[2]     Although not addressed in Plaintiffs' response, Plaintiffs' counsel – in a telephone conference with WMB's counsel – indicated that they agreed with WMB's argument, in footnote 5 of the Motion to Dismiss, that the class period for the New Jersey state class claim (should it survive dismissal) must be amended to two years instead of three.

Rule 23's opt-out procedure must give way to the opt-in mechanism set forth in § 216(b), and the state class claims must be dismissed.

Plaintiffs' response, premised largely on their contention that § 216(b) is simply a procedural device that creates no substantive rights, is unsupported by the cited authorities and directly contrary to recent guidance from the Secretary of Labor (the official entrusted with interpreting the requirements of the FLSA and promulgating regulations thereunder).  First, Plaintiffs contend that there is "clear Circuit authority" on the REA issue, and disingenuously cite to *O'Connell v. Hove*, 22 F.3d 463, 468 (2d Cir. 1994) – a factually inapposite case involving grievance procedures under the Civil Service Reform Act ("CSRA") – for the proposition that the FLSA "does not confer any substantive rights."  *See* Pls.' Resp. Mem. at 3-4. The *O'Connell* court, however, said nothing of the sort.  The Second Circuit actually reached the opposite conclusion, holding that while the FLSA did confer substantive rights upon both federal and private sector employees, "[n]othing *in the CSRA* affects the substantive rights [conferred by the FLSA]."  *O'Connell*, 22 F.3d at 468 (emphasis added).  This citation, therefore, provides no support for Plaintiffs' misguided argument.[3]

Tellingly, Plaintiffs do not address the fact that the Secretary of Labor, in her Amicus Letter Brief in *Long John Silver's Rests., Inc. v. Cole*, has confirmed that § 216(b) of the FLSA "grants employees a *distinct substantive right* to participate in collective adjudication of their

---

[3]     Likewise, nothing in the D.C. Circuit's non-binding decision in *Lindsay v. Gov't Employees Ins. Co.*, 448 F.3d 416 (D.C. Cir. 2006) – for which Plaintiffs have offered no pin cite – detracts from WMB's REA argument.  In that case, the Court addressed the viability of the plaintiffs' state law class claims solely under a 28 U.S.C. § 1367 jurisdictional analysis.  As explained further below, the REA is not jurisdictional in nature, rendering *Lindsay's* relevance to this analysis dubious, at best.

claims if, and only if, they provide a written consent that is filed in court."  No. 05-CV-3039

(Dec. 13, 2005) (emphasis added).[4]  The Secretary additionally explained:

> Section 16(b) of the FLSA unambiguously provides employees the right not to
> have their statutory claims litigated without their written consent.  The Secretary,
> as the official responsible for the administration of the FLSA (*see* 29 U.S.C. 204),
> has a significant interest in protecting this clearly delineated employee right. . . .
>
> The advance written consent requirement, as distinguished from procedural
> provisions in the FLSA, goes to an employee's fundamental right not to be
> included as a plaintiff in a lawsuit or arbitration.  **Thus, in the Secretary's view,
> the right to participate in a collective action only upon submission of one's
> written consent is a substantive right.**

*Id.* (emphasis added).  By ignoring this Department of Labor interpretation and the

Congressional intent behind the FLSA opt-in procedure, Plaintiffs have evaded the most

compelling authority on the issue directly before this Court – the incompatibility of the state

class opt-in process with the fundamental opt-in right under the FLSA.

Plaintiffs also confuse the issues before the Court by attacking legal theories that were

not raised as a basis for WMB's Motion.  For instance, Plaintiffs spend several pages of their

response memorandum opposing a preemption argument that WMB never made, and addressing

jurisdictional matters that bear no relation whatsoever to the REA argument.  *See* Pls.' Resp.

Mem. at 4, 7-8.  The REA is not jurisdictional in nature.  The only relevant analysis is whether

the Rule 23 opt-out procedure abridges the substantive rights conferred under § 216(b).  *See* 28

U.S.C. § 2072(b).  If the Court agrees (as it should) with the Secretary of Labor and answers that

question in the affirmative, then dismissal of the state class claims is warranted, irrespective of

whether this Court may otherwise have jurisdiction – either original or supplemental – over

---

[4]     The Amicus Brief is available at http://www.dol.gov/sol/media/briefs/LJSbrief-12-13-2005.htm.
It is also attached to WMB's Memorandum of Law In Support of Its Motion to Dismiss and to
Strike Fed. R. Civ. P. 23 Class Allegations as Exhibit A.

those claims.  Further, contrary to Plaintiffs' repeated assertions that WMB's Motion is premised on theories of issue or claim preclusion (*see* Pls.' Resp. Mem. at 4, 8, 25), WMB has not raised any argument that state wage and hour claims are preempted by the FLSA.  The Court should, therefore, disregard these irrelevant issues that Plaintiffs have asserted in response to arguments that WMB never raised.

Ultimately, the REA issue comes down to a determination of whether the opt-in and opt-out procedures are incompatible, and whether adjudicating the overtime state class claims of absent class members would necessarily adjudicate with finality such individuals' own FLSA rights under principles of *res judicata* or collateral estoppel.  In their response memorandum, Plaintiffs assert that their federal and state claims in this action are virtually identical in that the state wage and hour laws on which their Rule 23 class actions are premised "parallel the FLSA." *See* Pls.' Resp. Mem. at 11.  Thus, even if the right of plaintiffs and their counsel to accumulate similarly-situated claims of others under § 216(b) is procedural only, the disposition of a party's claim through *res judicata* or collateral estoppel clearly affects the parties' substantive rights. *See, e.g., Baris v. Sulpico Lines, Inc.*, 74 F.3d 567, 570 (5th Cir. 1996) ("[R]es judicata acts as a bar to a subsequent suit when the resolution of the initial proceedings has been on the merits; which suggests that the substantive claims have been addressed by the court."); *Hartke v. Chi. Bd. of Election Comm'rs*, 651 F. Supp. 86, 88 (N.D. Ill. 1986) (holding that the "merits" of an adjudication for purposes of res judicata pertains to the substantive rights of the parties).  In short, binding two parties to a decision on the merits of the claim undeniably impacts the substantive rights of the parties.

Because Plaintiffs' response memorandum fails to support their contention that the §216(b) mechanism confers no substantive rights, misrepresents to the Court that this issue has

been addressed in binding Second Circuit decisions, overlooks the most compelling authority on the subject, and fails to adequately address WMB's argument that the adjudication of absent class members' state claims would necessarily result in the adjudication (without their consent) of their FLSA rights, WMB's motion to dismiss Plaintiffs' Rule 23 state class claims under the REA must be granted.

### B.   Recent Court Decisions Support Denying the Simultaneous Pursuit of an FLSA Collective Action and a Rule 23 Class Action.

There are numerous recent cases, including several in 2006, that refuse to allow plaintiffs to proceed with Rule 23 opt-out class actions during the pendency of a § 216(b) collective action. This trend is not surprising in light of the new wave of wage and hour cases being filed nationwide.  Defendants are more frequently raising, and courts are almost uniformly recognizing, that § 216(b) and Rule 23 are in an "irreconcilable" conflict such that Rule 23 is required to yield under the REA.

However, this concept of incompatibility is not new.  *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975) (under § 216(b), "no person can become a party plaintiff . . . be bound by . . . or may benefit from judgment unless he had affirmatively 'opted into' the class").  Indeed, even the authors of Rule 23 noted the conflict between Rule 23 and § 216(b) and recognized that Rule 23 must give way.  *See, e.g.*, Fed R. Civ. P. 23 Adv. Comm. Notes ("The present provisions of 29 U.S.C. § 216(b) are not intended to be affected by Rule 23 as amended.").  Recognizing this long-standing principle, <u>in 2006 alone</u>, courts – including those in New York and New Jersey, two of the states in which Plaintiffs are seeking to pursue Rule 23 class actions – have dismissed at least eight state class claims because of incompatibility concerns.  *See Herring v. Hewitt Assoc., Inc.*, No. 06-267 (GEB), 2006 WL 2347875, at *2 (D.N.J. August 11, 2006) (granting motion to dismiss because state law class action allegations

legally incompatible with FLSA Section 216(b)); *Himmelman v. Cont'l Cas. Co.*, No. 06-166 (GEB), 2006 WL 2347873, at *2 (D.N.J. August 11, 2006) (same); *Aquilino v. Home Depot U.S.A., Inc.*, No. 04-4100 (PGS), 2006 WL 2023539, at *3 (D.N.J. July 18, 2006) ("The Congressional intent for an opt-in procedure pursuant to FLSA . . . 'would largely be thwarted if a plaintiff were permitted to back door the shoe horning in of unnamed parties.'"); *Trezvant v. Fid. Employer Servs. Corp.*, 434 F. Supp. 2d 40, 57-58 (D. Mass. 2006) ("[U]nder the provisions of the Fair Labor Act [*sic*], even if [state claim was viable], this claim could not be brought as a Rule 23 class action."); *Glewwe v. Eastman Kodak Co.*, No. 05-6462T, 2006 WL 1455476, at *4 (W.D.N.Y. May 25, 2006) (dismissing state class claims); *Letouzel v. Eastman Kodak Co.*, No. 05-6464T, 2006 WL 1455478, at *4 (W.D.N.Y. May 25, 2006) (same; *Luciano v. Eastman Kodak Co.*, No. 05-6463T, 2006 WL 1455477, at *5 (W.D.N.Y. May 25, 2006) (same); *Moeck v. Gray Supply Corp.*, No. 03-1950 (WGB), 2006 WL 42368, at *5 (D.N.J. Jan. 6, 2006) ("Allowing Plaintiff . . . to circumvent the opt-in requirement . . . would undermine Congress's intent to limit these types of claims to collective actions."); *see also King v. West Corp.*, No. 8:04CV318, 2006 WL 118577, at *12 (D. Neb. Jan. 13, 2006) (recognizing that "[t]here is a fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FLSA § 16(b)").[5]

---

[5]       Of the nine cases that Plaintiffs cite in support of their statement that "the weight of authority allow[s] opt-in FLSA collective claims to proceed alongside opt-out state labor law Rule 23 class claims," eight of them contain no discussion of the issues raised in WMB's motion to dismiss, apparently because the defendants in those cases did not assert them. *See Torres v. Gristede's Operating Corp.*, No 04CV3316 (PAC), 2006 WL 2819730 (S.D.N.Y. Sept. 28, 2006); *Scott v. Aetna Servs., Inc.*, 210 F.R.D. 261 (D. Conn. 2002); *Goldman v. RadioShack Corp.*, No. Civ. A. 2:03-CV-0032, 2003 WL 21250571 (E.D. Pa. 2003); *Belbis v. County of Cook*, No. 01C-6119, 2002 WL 31600048 (N.D. Ill. Nov. 18, 2002); *Trotter v. Perdue Farms, Inc.*, No. Civ. A. 99-893-RRM, 2001 WL 1002448 (D.Del. Aug. 16, 2001); *O'Brien v. Encotech Constr. Servs., Inc.*, 203 F.R.D. 346 (N.D. Ill. 2001); *Leyva v. Buley*, 125 F.R.D. 512 (E.D. Wash. 1989).  Because the arguments asserted by WMB were never even considered by these courts, therefore, these cases are of no value to the Court in deciding the pending motion.  Further, all but one of these cases –
(continued).

To the extent that there is any disagreement among the district court as to whether the incompatibility between the Rule 23 and § 216(b) mechanisms mandates dismissal of the state class claims, the most recent, and correct, legal trend holds that § 216(b) collective actions and Rule 23 class actions are inherently inconsistent and mutually exclusive.  Because allowing Plaintiffs to maintain their state law claims as opt-out classes under Rule 23 would abridge the substantive rights conferred by § 216(b) of the FLSA of both parties, Plaintiffs' state law class claims must be dismissed under the REA.

## III.   PLAINTIFF KEMESIES' NEW YORK CLASS CLAIMS MUST BE DISMISSED.

As WMB argued in its opening memorandum, Plaintiff Kemesies cannot waive the remedy of liquidated damages (which are mandatory upon a finding of willfulness) on behalf of the entire purported New York state class.  Not a single case cited by Plaintiff Kemesies on this issue (*see* Pls.' Resp. Mem. at 14-18), considered, let alone rejected, WMB's arguments that: (1) the mandatory liquidated damages provision of §198 cannot be waived; and (2) there can be no valid waiver under §901(b) where, as here, Plaintiff Kemesies continues to seek liquidated damages under the FLSA.  Instead, Plaintiff Kemesies relies on a host of inapposite cases finding that different Labor Law provisions – notably, ones that provide for a discretionary, but not mandatory, award of liquidated damages – may proceed as class actions.  Because §198 uses the word "shall," a mandatory term, the Court is obligated to make a finding of willfulness to serve the deterrent purpose of the liquidated damages penalty.  Plaintiff Kemesies has also failed to respond in any way to WMB's argument that her failure to waive liquidated damages for

---

as well as others that Plaintiffs cite in support of their jurisdictional argument – involve simultaneous prosecution of claims under the FLSA and *a single state law class claim* arising under the law of the state *in which the Court resides*.  That is starkly different from the present case, where Plaintiffs assert four state law classes, three of which are not within the state of this Court's jurisdiction and which would require the Court to interpret other state's statutes and regulations.

purposes of her other claims, such as under the FLSA, precludes class proceedings under § 901 (b). Given what can only be considered a silent concession that her pursuit of liquidated damages under the FLSA defeats her attempted "waiver" of such damages, Plaintiff Kemesies' New York class claims must be dismissed.

The cases relied on by Plaintiff in her response memorandum, such as *Brzychnalski* and *Noble*, must give way to *Asher v. Abbott Labs.*, 737 N.Y.S.2d 4 (1st Dep't 2002) and *Cox v. Microsoft Corp.*, 737 N.Y.S.2d 1 (1st Dep't 2002), both cited in WMB's motion to dismiss. *Brzychnalski* was decided well before *Asher* and *Cox*, and *Noble* does not even mention *Asher* or *Cox*. Instead, the decisions cited by Plaintiff Kemesies include, and expressly rely upon *Pesantez v. Boyle Envtl. Servs., Inc.*, 673 N.Y.S.2d 659 (App. Div. 1st Dep't 1998). *Pesantez* did not consider, much less reject, the arguments made by WMB that: (1) the mandatory liquidated damages provision of §198 cannot be waived; or (2) plaintiffs who expressly seek a finding of, and additional damages for, willfulness cannot simultaneously waive the mandatory damages that automatically flow from a finding of willfulness under §198. Far from it, *Pesantez* expressly relies on *Super Glue Corp. v. Avis Rent a Car Sys. Inc.*, 517 N.Y.S.2d 764 (2d Dep't 1987), a case that indisputably concerns a <u>discretionary</u> remedy rather than a <u>mandatory</u> penalty. *Rubin v. Nine West Group*, No. 0763/99, 1999 WL 1425364, at *4 (N.Y. Sup. Ct. Nov. 3, 1999) ("[T]he court may, <u>in its discretion</u>, increase the award of damages to an amount not to exceed three times the actual damages.") (emphasis added). Further, *Pesantez* also predates the First Department's rulings in *Asher* and *Cox*. Consequently, insofar as *Pesantez* reaches a different result than the court did in its well-reasoned decisions in both *Asher* and *Cox* concerning the §901(b) waiver issue, *Pesantez* should not be followed.

Even if Plaintiff Kemesies could waive liquidated damages, which she cannot, Plaintiff Kemesies and her counsel cannot waive such damages on behalf of absent class members and still serve as adequate representatives of a class. Many courts have held – including in the specific context of purported class claims for overtime like those brought by Plaintiff Kemesies here – that plaintiffs may not serve as adequate class representatives where plaintiffs and their counsel are willing to waive class members' statutory right to liquidated damages or other mandatory penalties. *See, e.g., Foster v. The Food Emporium*, No. 99 CIV 3860, 2000 WL 1737858, at *3 n.3 (S.D.N.Y. Apr. 26, 2000) ("[A]ttempts by plaintiffs to get around CPLR § 901(b) by waiving the liquidated damages remedy have been rejected by courts as undermining putative lead plaintiffs' ability to represent others who have a statutory right to the remedy."); *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 209 F.R.D. 323, 339-40 (S.D.N.Y. 2002) (finding that class members seeking only injunctive relief could not be adequate class representatives for absent class members with other claims for damages); *Feinstein v. Firestone Tire & Rubber Co.*, 535 F. Supp. 595, 606 (S.D.N.Y. 1982) (holding that plaintiffs who pursue only some of the claims available to the class to obtain class certification are not adequate representatives); *Parker v. Equity Adver. Agency, Inc.*, Mar. 10, 1982 N.Y.L.J. at 11 (Sup. Ct. N.Y. County 1982) (dismissing class action seeking liquidated damages under §198 after holding that "any attempt to waive the right to a statutory penalty to avoid CPLR § 901(b) is impermissible since by demanding that the members of the class waive their right to the penalty, plaintiff cannot adequately protect the interests of the class"); *Woods*, Oct. 9, 1998 N.Y.L.J. 25, col. 1 (citing *Bradford v. Olympic Courier Sys., Inc.*, slip. op. at 5 (Sup. Ct. Kings County, March 26, 1997)); *Rubin*, 1999 WL 1425364, at *5 n.4.

Simply encouraging putative class members to opt-out of the litigation if they wish to pursue the full remedies available to them – as Plaintiff Kemesies suggests at page 17 of her response – will not render class representatives adequate where those representatives seek less than a full complement of remedies.  While Plaintiff Kemesies cites *Brzychnalski*, *Noble* and *Torres* for the proposition that a plaintiff can waive rights to recover liquidated damages on the theory that individuals are free to opt-out of the class, those cases again rely on *Pesantez*.  But *Pesantez* provides no rationale for its ruling, and authority from the First Department <u>following</u> *Pesantez* unequivocally holds that "[t]he ability to opt out of the class is insufficient to protect the rights of putative class members who would want to seek remedies other than those chosen by the representatives."  *Small v. Lorillard Tobacco Co.*, 679 N.Y.S.2d 593, 601-02 (App. Div. 1st Dep't 1998); *Clark v. Experian Info. Solutions, Inc.*, Nos. Civ. A.8:00-1217-24, 2001 WL 1946329, at *4 (S.D.C. Mar. 19, 2001) (citing *Small*, 679 N.Y.S.2d at 601-02).

Accordingly, because Plaintiff Kemesies cannot waive liquidated damages in that they are a mandatory penalty, because she has not chosen to waive a finding of willfulness, and because a waiver would render her and her counsel inadequate class representatives, Plaintiff Kemesies' state law class claims should be dismissed.

## IV.    PLAINTIFF MACHADO'S CALIFORNIA CLAIMS MUST BE DISMISSED.[6]

### A.    <u>Plaintiff Machado's Third and Fourth Claims for Relief Are Time-Barred, Mandating Dismissal of Both the Individual and the Class Claims.</u>

Plaintiff Machado's claims under California Labor Code §§ 1182.11, 1194, and 201-203 are subject to, at most, a three-year limitations period.  *See* Cal. Code Civ. Proc. § 338(a); *Montecino v. Spherion Corp.*, 427 F. Supp. 2d 965, 968 (C.D. Cal. 2006).  Because Machado's

---

[6]    Plaintiffs do not address the fact that by proceeding under the laws of four different states, they are asking the Court to make complex legal determinations regarding the application of various legal principles and provisions, a fact that this section makes abundantly clear.

employment with WMB ended on January 31, 2003 – more than three years before this action was filed – her claims are time-barred.  And because she is the only representative for this purported class, the Third and Fourth claims must be dismissed as to the entire purported class. *See Gen. Tel. Co. of the S.W. v. Falcon,* 457 U.S. 147, 156 (1982).

Plaintiff does not argue otherwise.  Her lone response is that there is a pending request for leave to substitute new California class representatives, whose claims (purportedly) are not time-barred.  The Court has not yet ruled on Plaintiffs' motion and WMB vigorously opposes any substitution of class representatives.  In any event, because WMB's motion relates to the operative pleading – the Corrected Amended Complaint – and Plaintiffs have not yet been granted leave to file their proposed amendment, this Court must rule on the pleadings as they are, not as Machado wishes them to be.[7]  As Plaintiff Machado apparently concedes, through her silence as to WMB's statute of limitations arguments, the Third and Fourth claims – as currently pled – must be dismissed both as to Machado and as to the purported California class.

### B.   The Claims Asserted in the Fifth Claim for Relief Are Time-Barred and Plaintiff Machado Lacks Standing to Assert Them.

### 1.   Plaintiff Machado's Claim Under Cal. Lab. Code § 226 is Barred by the One Year Statute of Limitations

Also time-barred is Plaintiff Machado's Fifth claim under Cal. Lab. Code § 226, which allows prevailing plaintiffs to recover $50 or $100 for each violation, up to "an aggregate *penalty* of … $4,000." Lab. Code § 226(d).  The operative complaint expressly seeks to recover these penalties, *see* Compl. ¶97, and her claim is therefore governed by a one-year statute of

---

[7]      Additionally, as WMB points out in its letter response [DE-59] to Plaintiffs' request for leave to file a Third Amended Complaint, Plaintiff Machado remains as a named plaintiff in the proposed amended pleading.  Therefore, whether the three opt-ins become named plaintiffs or not, the Court still has to rule on the applicable statute of limitations, and there is no possible conclusion that can be reached other than a finding that Plaintiff Machado's claims are time-barred.

limitations. *See* Cal. Code Civ. Proc. § 340(a).  Because Plaintiff Machado's employment ended

well after this one-year period expired, this claim also must be dismissed.

In response, Plaintiff Machado argues that a three-year limitations period applies to her

§ 226 claim because the statute allows recovery of the greater of actual damages or statutory

penalties.  Because she seeks, in part, "actual damages," Plaintiff Machado argues, her claim is

subject to the longer three-year period under Cal. Code Civ. Proc. § 338(a).  This argument

misses the mark for three reasons.  First, even with a three-year limitations period, Plaintiff

Machado's claim is still time-barred, as she left employment with WMB more than three years

before filing suit.  Second, at a minimum, Plaintiff Machado's claim for *penalties* must be

dismissed, even if a claim for actual damages remains.[8]  Third, to the extent Plaintiff Machado

seeks actual damages, her § 226 claim requires a case-by-case analysis for each putative class

member, rendering class treatment inappropriate.  Thus, whether Plaintiff Machado seeks

penalties or actual damages, or both, the Fifth claim must be dismissed as to her and the putative

class.

> ### 2. Plaintiff Machado Does Not Have Standing to Seek Civil Penalties for Violations of Cal. Lab. Code §§ 1174 and 1174.5 Because PAGA Became Effective in January 2004 and Is Not Retroactive, and Any Such Claims are Time-Barred

As WMB explained in its moving papers, Plaintiff Machado's claim for penalties under

PAGA based on alleged violations of Labor Code §§ 1174 and 1174.5 fails as a matter of law.

---

[8]   Plaintiff Machado erroneously argues that, because there is no "definitive" case analyzing whether § 226 recovery is a penalty, the Court should defer ruling on this issue until summary judgment.  This makes no sense.  Plaintiff Machado cannot run from her own pleading, which expressly seeks penalties of $50 or $100 per violation.  Plaintiff Machado does not even attempt to argue that these amounts are anything but a penalty.  In addition, whether these potential recoveries are penalties or wages (to the extent there can be any dispute at all) is a pure question of law.  Contrary to her suggestion, the Court will not be in any better position to rule on this issue at the summary judgment stage.

First, Plaintiff Machado lacks standing to assert this claim because her employment with WMB ended on January 21, 2003, and private PAGA penalties did not become available until nearly a year later.  Plaintiff Machado cannot recover Labor Code penalties that did not even exist until after the alleged violations occurred.  Plaintiff Machado would have standing only if PAGA applied retroactively, which it does not.  Second, even if she could recover PAGA penalties for pre-2004 Labor Code violations, Plaintiff Machado's claim is now time-barred because she failed to bring this action within a year after her employment with WMB ended.  Finally, even without these hurdles, Plaintiff Machado's claim fails because she failed to exhaust PAGA's mandatory pre-filing requirements.  In her opposition, Plaintiff Machado fails to respond to WMB's argument that her PAGA claim is time-barred – an implicit concession that her claim should be dismissed.[9]

Rather than address the statute of limitations bar, Plaintiff Machado maintains that she has standing because PAGA did not create any new substantive rights and the underlying Labor Code violations occurred when she was still employed.  This is a classic "straw man" argument.  WMB is not arguing that PAGA created any new Labor Code violations.  The issue is whether Machado, as a private plaintiff, has standing to recover *penalties* under PAGA that only became recoverable by private plaintiffs *after* January 1, 2004 – *i.e.,* after her employment with WMB ended.  Plaintiff Machado concedes that, "[b]efore PAGA these penalties were assessable only by California's Labor and Workforce Development Agency ('LWDA')."  *See* Pls.' Resp. Mem.

---

[9]     Nor does Plaintiff Machado seriously contend that PAGA has retroactive effect.  She argues in a footnote that "the California Supreme Court has rejected analogous retroactivity arguments," relying on *Woodland Hills Residents Assn., Inc. v. City Council of Los Angeles,* 23 Cal. 3d 917, 593 P.2d 200 (Cal. 1979).  *Woodland Hills* is completely inapposite.  In that case, the court held that a new attorneys fees statute applied *prospectively* to cases then on appeal.  *Woodland Hills* sheds no light on the very different question of whether a private plaintiff may recover for PAGA penalties that did not exist until after her employment ended.

at 21.  Thus, *Machado* cannot recover PAGA penalties for Labor Code violations that occurred

prior to January 1, 2004.  Because Plaintiff Machado can recover PAGA penalties only for Labor

Code violations after January 2004, and there are no such violations because her employment

ended before that date, Plaintiff Machado unquestionably lacks standing to bring a PAGA

claim.[10]

Next, Plaintiff Machado argues that, despite failing to exhaust her administrative

remedies under PAGA, the Court should not dismiss her claims because she "will comply" with

those requirements at some point in the future.  *See* Pls.' Resp. Mem. at 22.  PAGA states

unequivocally that "a civil action by an aggrieved employee … alleging a violation of any

provision listed in Section 2699.5 shall commence *only after*" the employee meets the listed

procedural requirements, including providing notice to the employer and the LWDA. Cal. Lab.

Code § 2699.3(a) (emphasis added).  Plaintiff Machado concedes that she has not satisfied these

requirements.  Accordingly, her claims under Cal. Lab. Code §§ 1174 and 1174.5, which seek

private penalties under PAGA, must be dismissed.[11]

---

[10]   Plaintiff Machado's reliance on *Savaglio v. Wal-Mart Stores, Inc.,* No. C-835687, 2004 WL
2034092 (Cal. Super. Ct. Jul. 20, 2004), for the proposition that she can recover PAGA penalties
for pre-2004 Labor Code violations, is sorely misplaced.  First, this is an unpublished trial court
opinion that cannot be relied on or even cited in California courts. *See* Cal. Rules of Court, Rule
977(a).  Yet even if it were entitled to any weight, *Savaglio* does not support Plaintiff's position.
The issue in that case was whether the plaintiff could recover for a violation of Labor Code
§ 226.7 prior to January 1, 2004.  Section 226.7, unlike PAGA, states that employees may sue for
"one additional hour of pay" for missing a required meal or rest period.  The trial court held that
the plaintiff had a private right of action to sue directly for § 226.7 violations under Labor Code
§ 218, even before PAGA was enacted.  The court *did not* hold that a plaintiff can recover PAGA
penalties for pre-2004 Labor Code violations.  The *Savaglio* court did not even address the issue
presented by WMB's motion – whether a plaintiff can recover private PAGA penalties where
PAGA did not even exist until after the underlying Labor Code violations had occurred.  As
already explained, the answer to that question is "no."

[11]   Plaintiff Machado erroneously suggests that the Court must grant leave to amend her complaint
under Lab. Code § 2699.3(a)(2)(C).  This is a state rule of procedure that has no application to a
motion for leave to amend in federal court.

**C.   Plaintiff Machado's UCL Claims in the Sixth Claim for Relief Also Fail as a Matter of Law.**

    **1.   Plaintiff Machado's FLSA-Based UCL Claim Must Be Dismissed Because it is Contrary to Public Policy and Thwarts Congressional Intent**

WMB's argument is simple.  In enacting the Portal-to-Portal Act, Congress clearly intended to curtail employers' liability for unpaid wages by restricting FLSA recovery to two years (three years for "willful" violations).  Through the UCL, Plaintiff Machado now seeks to resurrect an FLSA claim that has long since expired.  Machado stopped working for WMB in January 2003, more than three years before she filed this action.  It is difficult to conceive of a more blatant circumvention of a federal statute of limitations.  Because Plaintiff Machado cannot recover under the FLSA, she cannot recover on a UCL claim that depends on an FLSA violation.

In stating that "the FLSA does not preempt California from applying its own labor laws," *see* Pls.' Resp. Mem. at 25, Plaintiff Machado again incorrectly attributes a federal preemption argument to WMB.  There is no dispute that the FLSA permits states to enact *independent* labor laws.  But by the same token, there can be no real dispute that a UCL claim *based solely on the FLSA* is, by definition, not "independent" of the FLSA.  Plaintiff Machado is trying to use the UCL not to vindicate state law rights, but to recover for alleged FLSA violations.  A plaintiff cannot have it both ways – here, Machado cannot seek relief under the FLSA while ignoring the statute's unambiguous limitations on recovery.

Plaintiff Machado relies primarily on two non-binding district court opinions, *Tomlinson v. Indymac Bank, F.S.B.,* 359 F. Supp. 2d 898 (C.D. Cal. 2005), and *Bahramipour v. Citigroup Global Markets, Inc.,* No. C04-4440-CW, 2006 WL 449132 (N.D. Cal. Feb. 22, 2006), to support her argument that a plaintiff whose FLSA claims are completely time-barred may turn around and sue for precisely the same relief under the UCL.  First, this Court is not bound by

either decision.  This Court should feel particularly fee to undertake its own analysis because this area of law continues to develop and this issue has not been decided by the California Supreme Court, the Ninth Circuit, the Second Circuit, or the U.S. Supreme Court.

Second, even if the UCL could operate to increase a plaintiff's recovery by extending the statute of limitations, neither *Tomlinson* nor *Bahramipour* applies to this case.  Neither decision specifically addressed Plaintiff Machado's problem – she can recover absolutely *nothing* under the FLSA because, even with a three-year limitations period, her claims are time-barred.  Thus, this is not a garden-variety case in which a plaintiff with a valid claim simply uses the UCL to increase the limitations period.  Nothing in *Tomlinson* or *Bahramipour* compels a court to resurrect an FLSA claim that is completely time-barred, and for the reasons expressed in WMB's moving brief, this Court should not stretch to reach such an absurd result.

Third, even if *Tomlinson* and *Bahramipour* stood for the proposition that a plaintiff with long-expired FLSA claims can pursue an FLSA-based UCL claim, in all due respect, their holdings are flawed.  Both decisions improperly give short shrift to the important congressional objectives behind the Portal-to-Portal Act and the resulting limitations period for FLSA claims. There is no indication in the text of the UCL, the legislative history of the UCL, or in any binding decision anywhere, that a plaintiff may rely on the FLSA's provisions to establish liability, and at the same time completely flout the statute's limitations.  Accordingly, because Plaintiff Machado cannot recover under the FLSA, her FLSA-based UCL claim necessarily fails.

> **2.      Plaintiff Machado's UCL Claim Premised on Cal. Lab. Code § 1182.1 Must Be Dismissed Because It is Based on a Code Provision That Cannot Be Violated**

Plaintiff Machado cannot base her UCL claim on Labor Code § 1182.1 because the statute merely establishes the minimum wage increase; it does not impose any wage payment obligations on employers.  In her opposition, Plaintiff concedes that, to prevail, she must

establish that WMB took some action "forbidden by law." *See* Pls.' Resp. Mem. at 26. Because employers cannot violate § 1182.1, it follows irrefutably that the statute cannot serve as the basis for a UCL claim.

In opposition, Plaintiff Machado offers the uncontroversial proposition that "a UCL plaintiff may base his or her claim on the violation of a statute that provides no private right of action." *Id.* This misconstrues WMB's argument. Plaintiff Machado's claim fails not because § 1182.1 contains no private right of action, but because the statute simply imposes no requirements at all on employers. Plaintiff Machado confuses these concepts. Although a UCL claim can, under certain circumstances, be based on a statute with no independent right of action, it may not be based on a statute, like § 1182.1, that cannot be violated at all. Thus, to the extent Plaintiff Machado's UCL claim is based on Labor Code § 1182.1, it fails as a matter of law.

### 3. Plaintiff Machado's UCL Claims Premised on Cal. Lab. Code §§ 201-204, 226 and 1174 Must Be Dismissed Because Penalties Are Not Recoverable Under the UCL

The UCL allows plaintiffs to recover only restitution and injunctive relief. Plaintiff Machado concedes that "a penalty … is not assessable under the UCL." *See* Pls.' Resp. Mem. at 27. Labor Code §§ 201-203, for example, require employers to pay terminated employees at the time of termination or within 72 hours afterward. But the remedy for a violation of §§ 201 or 202 is a *penalty* under § 203. Similarly, the remedy for a violation of § 1174 is a *penalty* under § 1174.5. Likewise, § 226(e) provides for a *penalty* of $50 or $100 per violation. Accordingly, none of these statutory provisions can support a UCL claim.

Despite the clear statutory language, Plaintiff Machado argues that Labor Code §§ 201, 202, 204, and 1174 provide a restitutionary remedy for "unpaid wages." This is incorrect. Labor Code §§ 201 and 202 do not purport to set the amount that an employer must pay its employees; these statutes merely state *when* wages must be paid to a departing employee (and as noted, the only remedy for late payment is a penalty under § 203). Similarly, § 204 states *when* employers must pay current employees; at most, it provides a remedy for *untimely* paid wages (in the form

of a penalty under §210), but it clearly does not provide a remedy for *unpaid* wages, contrary to Plaintiff Machado's suggestion. And Labor Code § 1174 simply imposes various record-keeping and inspection requirements on California employers; it does not come anywhere close to establishing the amount of wages due or a remedy for *unpaid wages* (and in any event, the only remedy is a penalty under § 1174.5). Accordingly, Labor Code §§ 201-204, 226, and 1174 provide no basis for Plaintiff Machado to recover restitution under the UCL, and to the extent her UCL claim is based on these statutes, it necessarily fails.

**4.** **Plaintiff Machado's Demand for Jury Trial, As It Relates to Her UCL Claims, Must be Stricken, or the UCL Claims Must Be Dismissed Because of the Seventh Amendment Implications**

Plaintiff Machado's demand for a jury trial as to her UCL claims must be stricken. It is well-settled that the UCL provides for only equitable relief, and therefore a UCL plaintiff has no right to a jury. *See Beasley v. Wells Fargo Bank,* 235 Cal. App. 3d 1383, 1392 (Cal. Ct. App. 1991); *Okura & Co. (Am.), Inc. v. Careau Group,* 783 F. Supp. 482, 490 (C.D. Cal. 1991). And because Plaintiff's UCL claims must be tried separately to the Court, more than one trier of fact (the jury and the Court) would examine the same facts. This is prohibited by the Seventh Amendment. Plaintiff Machado's UCL claims must therefore be dismissed. *See Costano v. Am. Tobacco Co.,* 84 F.3d 734, 750 (5th Cir. 1996) (holding that Seventh Amendment precludes court from bifurcating fact issues common to both equitable and legal claims).

Plaintiff Machado concedes that she has no right to a jury on her UCL claim, going so far as to say that "[t]his issue is beyond dispute." *See* Pls.' Resp. Mem. at n.10. But in the same paragraph, she argues that striking the jury demand would be "premature" and "unworthy of the Court's attention." This is non-sensical. Everyone agrees that Plaintiff Machado has no right to a jury on her UCL claim. Her jury demand as to that claim therefore should be stricken.

Plaintiff Machado's argument that that the Seventh Amendment presents no obstacle to trying her Labor Code and UCL claims simultaneously also fails. None of the cases Plaintiff Machado cites confronted a situation analogous to that presented here. The Seventh Amendment

clearly states that "no fact tried by a jury, shall be otherwise re-examined in any Court of the United States." Plaintiff Machado does not dispute that her Labor Code and UCL claims are based on precisely the same set of facts. Thus, whether the Court bifurcates the legal and equitable claims or tries the legal claims first, a UCL claim necessarily requires this Court to re-examine the jury's findings. This violates the Seventh Amendment. Accordingly, for this additional reason, Plaintiff Machado's UCL claims must be dismissed.

## V.    CONCLUSION

For all of the above reasons, the Court should grant WMB's Motion and dismiss Plaintiffs' class claims under New York, California, Illinois and New Jersey state law – as stated in the Second through Eighth Claims for Relief of the Complaint – because the Rule 23 opt-out procedure applicable to such claims is inherently incompatible with the FLSA's opt-in mechanism, and such claims are therefore barred under the REA. In the alternative, if the Court does not dismiss the various state class claims based on the REA, it should dismiss Plaintiff Kemesies' New York class claims, set forth in the Second Claim for Relief, because they violate CPLR § 901(b); because Plaintiff Kemesies cannot waive the mandatory penalty of liquidated damages, and has not chosen to waive a finding of willfulness as to her FLSA claims; and because a waiver would render her and her counsel inadequate class representatives. Further, WMB respectfully requests that the Court dismiss Plaintiff Machado's claims under Cal. Lab. Code §§ 201-03, 1174, 1174.5, 1182.11 and 1194, as stated in the Third, Fourth and Fifth Claims for Relief; dismiss Plaintiff Machado's FLSA-based UCL claim as against public policy; dismiss Plaintiff Machado's UCL claims premised on alleged violations of Cal. Lab. Code §§ 201-04, 226, 1174 and 1182.1 from the Sixth Claim for Relief; strike Plaintiff Machado's claim for restitution under Cal. Lab. Code. § 204 in the Sixth Claim for Relief; and strike Plaintiff

Machado's request for a jury trial, as it relates to her UCL claims.  Finally, WMB requests that the Court strike all remaining Rule 23 class allegations from the Complaint.

Dated this <u>20th</u> day of October, 2006.

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: <u>/s/ Anne Marie Estevez</u>
   Anne Marie Estevez (*admitted pro hac vice*)
   Sharon A. Lisitzky (*admitted pro hac vice*)
   200 South Biscayne Boulevard
   5300 Wachovia Financial Center
   Miami, FL  33131-2339
   Tel.  (305) 415-3330

   Sarah Bouchard (*admitted pro hac vice*)
   1701 Market Street
   Philadelphia, PA  19103
   Tel. (215) 963-5077

   Samuel S. Shaulson (SS-0460)
   101 Park Avenue
   New York, NY 10178
   Tel. (212) 309-6000

   Counsel for Defendant Washington Mutual Bank

## AFFIRMATION OF SERVICE

I HEREBY AFFIRM that on this 20th day of October 2006, I electronically filed this

Reply Memorandum of Law in Support of Defendant Washington Mutual Bank's Motion to

Dismiss and to Strike Fed. R. Civ. P. 23 Class Allegations with the Clerk of the Court using the

CM/ECF system.  Notice will automatically be electronically mailed to the following individuals

who are registered with the U.S. District Court CM/ECF System:

> Adam T. Klein, Jack A. Raisner, Justin M. Swartz, and Cara E. Greene
> Outten & Golden LLP
> 3 Park Avenue, 29th Floor
> New York, NY  10016

> Donald H. Nichols, Paul J. Lukas, and Michele R. Fisher
> Nichols Kaster & Anderson, PLLP
> 4600 IDS Center, 80 South 8th Street
> Minneapolis, MN  55402

Counsel for Plaintiffs

> /s Anne Marie Estevez
> Anne Marie Estevez, Esq.