UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

WESTERFIELD, ET AL.,

                    Plaintiff,

    -against-

WASHINGTON MUTUAL BANK,

                    Defendant.
-----------------------------------------------------------------X

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**

06-CV-2817

(Amon, J.)

AMON, United States District Judge:

## I.    **Background**

In this case, plaintiffs seek to bring an opt-in nationwide collective action on behalf of all current and former loan consultants claiming that Washington Mutual Bank ("WMB") violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, by allegedly misclassifying these employees as exempt from the FLSA, failing to pay them overtime, and failing to pay them the statutory minimum wage.  The Court conditionally certified this class on December 13, 2006. Plaintiffs also seek to bring opt-out, Rule 23 class actions on behalf of all current and former New York, California, Illinois and New Jersey loan consultants under those states' labor and wage and hour laws.  WMB moved to dismiss all of the plaintiffs' state law class claims, arguing that bringing both the FLSA and state law claims together violates the Rules Enabling Act ("REA"), 28 U.S.C. § 2072(b).[1]  WMB also argues that the New York and California class

---

[1] Defendant has apparently abandoned its argument that the Court should not exercise subject matter jurisdiction in light of the fact that because Plaintiffs have pled original jurisdiction under the Class Action Fairness Act ("CAFA").

1

actions should be dismissed based on state law arguments addressed below.  For the reasons set out in this memorandum, WMB's motion is denied except as against the portion of the fifth cause of action brought under section 1174 of the California Labor Code.  Plaintiffs can seek to amend this cause of action to reinstate this claim after the Private Attorney General's Act of 2004 ("PAGA") requirements are satisfied.

**II.     The Rules Enabling Act Does Not Mandate Dismissal of the State Law Claims**

Defendant argues that § 216(b) of the FLSA, which expressly limits the scope of representative class actions for overtime pay by requiring putative class members to affirmatively opt-in to the action, is a substantive right granted by the FLSA.  Section 216(b) provides that "[n]o employee shall be a party plaintiff to any such action [under the FLSA] unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."  The REA provides that rules of practice and procedure "shall not abridge, enlarge or modify a substantive right." 28 U.S.C. § 2072(b).  Defendant claims that allowing plaintiffs to proceed with their class claims under state law which allow for opt-out classes conflicts with § 216(b) of the FLSA in violation of the REA.

Although the defendant argued in its reply brief that plaintiffs "ignor[ed] recent authority that § 216(b)...confers certain substantive rights that cannot be abridged or modified in any way by the Federal Rules of Civil Procedure," it fails to cite a single case in which a court has dismissed as violative of the REA, a Rule 23 state wage law class action brought in the same complaint with an FLSA opt-in class.  (Reply Br. at 1.)  Indeed, the only case that appears to have addressed that argument squarely rejected it.  Farhy v. Janney Montgomery Scott, LLC, No. Civ. 06-3202, 2007 WL 1455764, *1 (E.D. Pa. Apr. 26, 2007).

Section 216(b) by its terms governs procedural rights.  It establishes the procedure to be followed to establish party plaintiff status in an FLSA action.  The only support WMB provides for the proposition that § 216(b) conveys a substantive right is a Department of Labor letter.  Secretary of Labor Amicus Letter Br. in Long John Silver's Rests., Inc. v. Cole, No. 05-CV-3039 (Dec. 13, 2005), http://www.dol.gov/sol/media/briefs/LJSbrief-12-13-2005.htm.  That letter provides that "the right to participate in a collective action only upon submission of one's written consent is a substantive right, and therefore cannot be waived."  This statement, made in the context of a case in which "the arbitrator refused to apply the opt-in requirement" of § 216(b), does not persuade the Court that the right to opt-in is a substantive right within the meaning of the REA.

Even if the right to opt-in is a substantive right, the right is not modified or abridged in any way by permitting a state law opt-out class to proceed alongside the FLSA opt-in class in the same case.  The plaintiffs are not attempting to invoke the procedures of Rule 23 to pursue the FLSA claim as an opt-out class.  Moreover, WMB does not argue that these state law class actions cannot proceed in state court or, even, separately from an FLSA action, under the CAFA, in federal court.  The Court can perceive no injury to potential plaintiffs by having these actions proceed together rather than separately.

To the extent that WMB relies on cases which dismiss state law claims based upon the inherent incompatibility between the opt-in and opt-out classes, the reasoning of these cases is not persuasive.  See, e.g. Otto v. Pocono Health System, No. 06-cv-1186, slip op. (M.D. Pa. Oct. 27, 2006) (discussing the inherent incompatibility of the opt-in and opt-out schemes); Herring v. Hewitt Assoc., Inc., No. 06-267 (GEB), 2006 WL 2347875, at *2 (D.N.J. August 11, 2006)

(granting motion to dismiss because state law class action allegations legally incompatible with FLSA Section 216(b)); Himmelman v. Cont'l Cas. Co., No. 06-166 (GEB), 2006 WL 2347873, at *2 (D.N.J. August 11, 2006) (same); and Aquilino v. Home Depot U.S.A., Inc., No. 04-4100 (PGS), 2006 WL 2023539, at *3 (D.N.J. July 18, 2006) ("The Congressional intent for an opt-in procedure pursuant to FLSA . . . 'would largely be thwarted if a plaintiff were permitted to back door the shoe horning in of unnamed parties.'"); Moeck v. Gray Supply Corp., No. 03-1950 (WGB), 2006 WL 42368, at *5 (D.N.J. Jan. 6, 2006) ("Allowing Plaintiff . . . to circumvent the opt-in requirement . . . would undermine Congress's intent to limit these types of claims to collective actions.").  There is no legal doctrine, of which the Court is aware, that permits the Court to dismiss a cause of action solely on the grounds that it is "inherently incompatible" with another action before it.  WMB does not argue that the state claims are preempted.  (Reply Br. at 1.)  The cases which cite to the inherent incompatibility of the opt-in and opt-out schemes as a reason to decline to exercise supplemental jurisdiction are inapposite since plaintiffs have alleged, and defendant seems not to be disputing, original jurisdiction for their state law claims under the CAFA.  The remaining cases which cite only to the theory of inherent incompatibility are simply wrongly decided under an imaginary legal doctrine.

Defendant also relies on three Western District of New York cases.  The courts in these cases allowed a FLSA claim to proceed and dismissed the state class claims but not for the reason that defendant argues the class claims should be dismissed here.  In all three cases, the state law claims were dismissed because plaintiffs failed to satisfy the requirements for a class action lawsuit pursuant to Rule 23, specifically lack of commonality of factual and legal issues. Glewwe v. Eastman Kodak Co., No. 05-6462T, 2006 WL 1455476, at *4 (W.D.N.Y. May 25,

2006) (dismissing state class claims); Letouzel v. Eastman Kodak Co., No. 05-6464T, 2006 WL 1455478, at *4 (W.D.N.Y. May 25, 2006) (same); Luciano v. Eastman Kodak Co., No. 05-6463T, 2006 WL 1455477, at *5 (W.D.N.Y. May 25, 2006) (same).

In contrast, plaintiffs cite to a number of cases in which opt-in FLSA collective claims were allowed to proceed together with opt-out state labor law Rule 23 class actions, including several in New York.  See, e.g.,  Torres v. Gristede's Operating Corp., No. 04 Civ. 3316 (S.D.N.Y. Sept. 28, 2006); Lindsay v. Gov't Employees Ins. Co., 448 F.3d 416, 423-25 (D.C. Cir. 2006) (reversing denial of Rule 23 certification of NYLL claims in a FLSA/NYLL case and rejecting argument that Rule 23 and § 216(b) are in conflict); see also Scott v. Aetna Servs., Inc., 210 F.R.D. 261, 264-68 (D. Conn. 2002) (certifying Rule 23 class where FLSA class was previously certified); Brzychnalski, v. UNESCO, Inc., 35 F. Supp. 2d 351 (S.D.N.Y. 1999) (certifying a collective action for FLSA claim and a Rule 23 class for state law claims that would include class members who were not part of the FLSA action); Goldman v. RadioShack Corp., No. Civ. A. 2:03-CV-0032, 2003 WL 21250571 (E.D. Pa. 2003) (conditionally certifying a FLSA collective action and "exercising . . .discretion to assume supplemental jurisdiction [over] the proposed opt-out class" that included class members who did not opt-in to the FLSA action); Scott v. Aetna Servs., 210 F.R.D. 261 (D. Conn. 2002) (allowing state law claims of potential class members who were not included in the FLSA action); Belbis v. County of Cook, No. 01C 6119, 2002 WL 31600048 (N.D. Ill. Nov. 18, 2002) (certifying Rule 23 class action for state law claims that included class members who had not filed consents to join the FLSA action); Trotter v. Perdue Farms, Inc., No. Civ. A.99-893-RRM, 2001 WL 1002448 (D. Del. Aug. 16, 2001) (certifying a FLSA collective action and a Rule 23 action, where the broader definition of the

Rule 23 class would necessarily include plaintiffs who were not included in the FLSA action);

O'Brien v. Encotech Constr. Servs., Inc., 203 F.R.D. 346 (N.D. Ill. 2001) (certifying a Rule 23

class action that included more plaintiffs than those who had already opted into the FLSA

action); Leyva v. Buley, 125 F.R.D. 512 (E.D. Wash. 1989) (certifying a Rule 23 class that

would include members who had not opted into the FLSA action).  In Lindsay, the D.C. Circuit

held that the district court improperly denied certification of the Rule 23 class, finding that the

"mere procedural difference" between the opt-in and opt-out classes does not prevent the court

from exercising supplemental jurisdiction.  Id. at 424.  This Court agrees with the Lindsay court

and declines to dismiss the state law class actions.

### III.     Individual State Law Arguments

Defendant argues further that the New York and California class actions should be

dismissed on additional grounds.  These arguments are meritless.

#### A.      New York

Under New York law, a class action based upon a cause of action that calls for a penalty

cannot proceed unless a statute specifically authorizes the class.  CPLR § 901(b).  Defendant

argues that the language of § 198 makes clear that it provides for a mandatory penalty.  N.Y.

Labor Law § 198 (the Court "shall allow" the damages indicated).  In support of this argument,

defendant relies on cases which hold that mandatory penalties cannot be waived but which were

decided under a different statute, the Donnelly Act.  Asher v. Abbott Labs., 737 N.Y.S.2d 4, 4

(N.Y. App. Div. 2002) (action under the Donnelly Act could not be maintained as a class action

because the statute provided for a penalty, "the recovery of which in a class action is not

specifically authorized and the imposition of which cannot be waived."); Cox v. Microsoft

6

Corp., 737 N.Y.S.2d 1, 2 (N.Y. App. Div. 2002) (finding that treble damages are penal in nature and mandatory, and thus refusing to allow a class action under CPLR §901(b)).  This argument as advanced against§ 198 was rejected in Pesantez v. Boyle Envtl. Servs., Inc., 673 N.Y.S.2d 659 (N.Y. App. Div. 1998) ("To the extent certain individuals may wish to pursue punitive claims pursuant to Labor Law § 198 (1-a), which cannot be maintained in a class action (CPLR 901 [b]), they may opt out of the class action").  This holding was recently affirmed in Jacobs v. Macy's East, Inc., 792 N.Y.S.2d 574, 576 (N.Y. App. Div. 2005), which ruled that the "contention that CPLR 901(b) bars certification of a class in [a Labor Law wage] case is … without merit."

Defendant also argues that because New York plaintiff Kemesies has not waived liquidated damages under the FLSA, § 901(b) prevents the New York plaintiffs from proceeding on the FLSA claim.  The New York state case cited by defendant, Rudgayzer & Gratt v. Cape Canaveral Tour & Travel, Inc., 799 N.Y.S.2d 795, 798 (N.Y. App. Div. 2005), does not stand for this proposition.  Rather, the court in Rudgayzer affirmed the dismissal of a class action brought in state court under a federal statute, the Telephone Consumer Protection Act ("TCPA"), where the plaintiffs sought a penalty for each member of the class.  The court found that under § 901(b) the TCPA class action could not go forward in New York state court because the TCPA did not specifically authorize recovery through a class action, as required under § 901(b) to seek a penalty as a class, and because the purpose of the TCPA "was to provide for such private rights of action only if, and then only to the extent, permitted by state law."  Id. at 800.  Here, by contrast, the New York plaintiffs are in federal court on both a New York labor law claim and on a separate federal claim under the FLSA.  As discussed above, the New York plaintiffs can

7

proceed on their state labor law claim as a class.  WMB's argument that § 901(b) bars the New York plaintiffs from participating in the separate opt-in class under the FLSA is completely unpersuasive.

       B.      **California**

          1.     *Proposed Amendment*

Defendant next argues that the California state law class action claims should be dismissed for a variety of reasons.  Allowing plaintiffs to amend the complaint to add additional California plaintiffs with indisputably timely claims under FLSA and California's wage and hour laws eliminates many of defendant's complaints about the California claims.  Accordingly, the proposed amendment is granted.  As discussed at oral argument, plaintiff Machado should be removed from the third, fourth and fifth cause of action in the complaint as her claim is time-barred.

Plaintiffs brought their fifth cause of action, in part, under § 1174 and § 1174.5 of the California Labor Code, which requires employers to retain certain records.  In order to bring a private action under those sections, plaintiffs must satisfy the requirements of the PAGA. Plaintiffs concede that they must satisfy these requirements and that they cannot at this time. Therefore, the section of the fifth cause of action brought under §§ 1174 and 1174.5 are dismissed.  However, they can seek to amend this cause of action to reinstate this claim after the PAGA requirements are satisfied.

          2.     *Other Arguments*

Plaintiffs bring the sixth cause of action pursuant to the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL").  The UCL permits a plaintiff to seek

injunctive and restitutionary relief for any "unlawful, unfair or fraudulent business act or practice..." Cal. Bus. & Prof. Code §§ 17200, 17203, and 17204.  Thus, "section 17200 'borrows' violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable."  Benson v. Kwikset Corp., No. G030956, 2007 WL 1866454, *5 (Cal. Ct. App. June 29, 2007) (citations omitted).

The plaintiffs bring the sixth claim of action under the UCL based on violations of a number of sections of the California Labor Code, including § 1194 and § 1182.11.  California Labor Code § 1194 provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."  In contrast, California Labor Code § 1182.11 provides that "on and after March 1, 1998, the minimum wage for all industries shall not be less than five dollars and seventy-five cents ($5.75) per hour."  WMB argues that the UCL claim based on Cal. Lab. Code § 1182.11 cannot succeed because that section does not impose any wage payment obligations on employers.  However, under California case law a claim under the UCL is not "prohibit[ed] ... merely because some other statute on the subject does not, itself, provide for the action or prohibit the challenged conduct. To forestall an action under the unfair competition law, another provision must actually 'bar' the action or clearly permit the conduct."  Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 182 -183 (Cal. 1999).  Though the Court notes that the actions under sections 1194 and 1182.11 appear to be redundant, there is nothing that requires the Court to dismiss the claim under 1182.11.

9

Defendant also argues that plaintiffs impermissibly bring UCL claims under sections which provide for penalties, Cal. Lab. Code §§ 201, 202, 203, 204, 226, and 1174, which cannot be recovered under the UCL.  Plaintiff argue that they are seeking only back wages, or restitution, and thus the claims under the UCL are proper.[2]  Under the California Labor Code, the remedy for violation of §§ 201 and 202 is contained in § 203.  Plaintiffs are seeking "unpaid wages for hours actually worked" for the violation of these sections, not the penalty available under § 203.  (Pls.' Mem. of Law in Opp'n to WMB's Mot. to Dismiss, at 27.)  To the extent that plaintiffs only seek back wages, there is no obstacle to proceeding under these sections.

Section 226 requires employers to provide employees with itemized wage statements. Section 226(g) provides for injunctive relief which is appropriate under the UCL.  Section 1174 requires employers to maintain certain records and does not explicitly provide for any relief. Section 204 requires employers to pay non-exempt employees twice monthly and also does not specifically provide for a remedy.  As noted above, the UCL defines "unfair competition" to include "any unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.  The Supreme Court of California has noted that "[i]Its coverage is sweeping, embracing anything that can properly be called a business practice and that at the same time is forbidden by law."  Cel-Tech, 20 Cal. 4th at 180.  All these sections proscribe certain business practices and are therefore proper bases for a UCL claim.

IV.   **Conclusion**

For the reasons set forth above, WMB's motion is denied except the portion of the fifth

---

[2]Plaintiff concedes that Cal. Lab. Code § 203 contains an impermissible penalty.  (Pls.' Mem. of Law in Opp'n to WMB's Mot. to Dismiss, at 27.)  Accordingly, the reference to § 203 is dismissed from the complaint.

cause of action brought under section 1174 and 1174.5 of the California Labor Code is

dismissed.  Plaintiffs can seek to amend this cause of action to reinstate this claim after the

PAGA requirements are satisfied.  The plaintiffs' motion to amend the complaint to add

additional California plaintiffs with timely claims is granted.  Finally, plaintiff Matchado should

be removed from the third, fourth and fifth cause of action in the complaint

      SO ORDERED.

Dated:  Brooklyn, New York
       July 26, 2007

               Carol Bagley Amon
               United States District Judge