Outten & Golden LLP
Adam T. Klein (AK 3293)
Jack A. Raisner (JR 6171)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000

Nichols Kaster & Anderson, PLLP
Donald H. Nichols, MN Bar No. 78918
(admitted *pro hac vice*)
Paul J. Lukas, MN Bar No. 22084X
(admitted *pro hac vice*)
Michele R. Fisher, MN Bar No. 303069
(admitted *pro hac vice*)
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEWONE WESTERFIELD, CHARLOTTE MACHADO, JOHN MCMACKIN, NICOLE MCMACKIN, TRIG MAGELSSEN, PATRICIA KEMESIES, SAMUEL SANCHEZ, STEPHEN CAGNACCI, DERRICK RUDOLPH, JOHN RA, MARK JOHNSON, LOUISE KAPLAN, RAFAEL GUTIERREZ, on behalf of themselves and classes of those similarly situated, | THIRD AMENDED CLASS ACTION AND COLLECTIVE ACTION COMPLAINT |
| Plaintiffs, | 06-CV-2817 (CBA)(JMA) |
| v. | Jury Trial Requested |
| WASHINGTON MUTUAL BANK, | |
| Defendant. | |

Plaintiffs Dewone Westerfield, Charlotte Machado, John McMackin, Nicole McMackin,

Trig Magelssen, Patricia Kemesies, Samuel Sanchez, Stephen Cagnacci, Derrick Rudolph, John

Ra, Mark Johnson, Louise Kaplan, and Rafael Gutierrez (collectively referred to as "the Named Plaintiffs") allege, on behalf of themselves and classes of those similarly situated as follows:

<u>PRELIMINARY STATEMENT</u>

1.      Plaintiffs bring this action for unpaid overtime wages on behalf of themselves and all other similarly situated current and former employees, nationwide, in the position of home loan consultant, who Washington Mutual Bank ("Defendant") failed to pay minimum wage and overtime compensation in accordance with the Fair Labor Standards Act ("FLSA") and state laws.

2.      Plaintiffs Dewone Westerfield, Charlotte Machado, John McMackin, Nicole McMackin, Trig Magelssen, Patricia Kemesies, Samuel Sanchez, Stephen Cagnacci, Derrick Rudolph, John Ra, Mark Johnson, Louise Kaplan, and Rafael Gutierrez bring this action on behalf of themselves and all other current and former employees, nationwide, who are similarly situated pursuant to the FLSA.  For at least three years prior to the filing of this Complaint, Defendant has willfully committed widespread violations of the FLSA by failing to pay these employees minimum wage, and for overtime hours worked in excess of forty hours per week at a rate of one and one half times their regular rate of pay.

3.      In addition to nationwide FLSA claims, Plaintiffs also bring claims under the laws of Illinois, California, Colorado, New York, New Jersey, Nevada, Oregon, Pennsylvania, and Washington on behalf of all similarly situated employees in those states.

4.      Plaintiff Dewone Westerfield ("the Illinois Named Plaintiff") brings this action on behalf of himself and all other similarly situated current or former loan consultants of Defendant who worked in the State of Illinois, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to remedy violations of the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. §§ 105/1, *et seq.*;

the  Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. §§ 115/1 *et seq.* and the regulations promulgated thereunder, 56 IL ADC §§ 210.100 *et seq.*

5.      Plaintiff Charlotte Machado (collectively with Plaintiffs John McMackin, Nicole McMackin and Trig Magelssen, "the California Named Plaintiffs") brings this action on behalf of herself and all other similarly situated, current or former loan consultants of Defendant who worked in the State of California, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to remedy violations of Cal. Wage Order No. 4; Cal. Labor Code § 1194; California Wage Payment Provisions, Cal. Labor Code §§ 201, 202 & 203; California Record Keeping Provisions, Cal. Wage Order No. 4; Cal. Labor Code §§ 226, 512, 1174, & 1174.5; and the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*

6.      Plaintiff John McMackin (collectively with Plaintiffs Charlotte Machado, Nicole McMackin and Trig Magelssen "the California Named Plaintiffs") brings this action on behalf of himself and all other similarly situated current or former loan consultants of Defendant who worked in the State of California, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to remedy violations of Cal. Wage Order No. 4; Cal. Labor Code § 1194; California Wage Payment Provisions, Cal. Labor Code §§ 201, 202 & 203; California Record Keeping Provisions, Cal. Wage Order No. 4; Cal. Labor Code §§ 226, 512, 1174, & 1174.5; and the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*

7.      Plaintiff Nicole McMackin (collectively with Plaintiffs Charlotte Machado, John McMackin ad Trig Magelssen "the California Named Plaintiffs") bring this action on behalf of herself and all similarly situated current or former loan consultants of Defendant who worked in the State of California, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to remedy violations of Cal. Wage Order No. 4; Cal. Labor Code § 1194; California Wage Payment

3

Provisions, Cal. Labor Code §§ 201, 202 & 203; California Record Keeping Provisions, Cal. Wage Order No. 4; Cal. Labor Code §§ 226, 512, 1174, & 1174.5; and the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*

8.      Plaintiff Trig Magelssen (collectively with Plaintiffs Charlotte Machado, John McMackin and Nicole McMackin "the California Named Plaintiffs") bring this action on behalf of himself and all similarly situated current or former loan consultants of Defendant who worked in the State of California, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to remedy violations of Cal. Wage Order No. 4; Cal. Labor Code § 1194; California Wage Payment Provisions, Cal. Labor Code §§ 201, 202 & 203; California Record Keeping Provisions, Cal. Wage Order No. 4; Cal. Labor Code §§ 226, 512, 1174, & 1174.5; and the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*

9.      Plaintiff Patricia Kemesies ("the New York Named Plaintiff") brings this action on behalf of herself and all other similarly situated current or former loan consultants of Defendant who worked in the State of New York, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to remedy violations of New York Labor Law, Article 19 §§ 650, *et seq.*, and the supporting New York State Department of Labor regulations (together, "NYLL").

10.      Plaintiff Stephen Cagnacci ("the New Jersey Named Plaintiff") brings this action on behalf of himself and all other similarly situated current or former loan consultants of Defendant who worked in the State of New Jersey, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to remedy violations of New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a *et seq.*, and supporting New Jersey State Department of Labor and Workforce Development regulations.

11.     Plaintiff Derrick Rudolph ("the Colorado Named Plaintiff") brings this action on behalf of himself and all other similarly situated current or former loan consultants of Defendant who worked in the State of Colorado, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to remedy violations of Colorado's Minimum Wage Law, C.R.S. §§ 8-6-101 *et seq.* and Colorado Wage Order No. 22, 7 C.C.R. 1103-1, C.C.H. 6-41,801 *et seq.*

12.     Plaintiff John Ra ("the Pennsylvania Named Plaintiff") brings this action on behalf of himself and all other similarly situated current or former loan consultants of Defendant who worked in the State of Pennsylvania, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to remedy violations of Pennsylvania Minimum Wage Act of 1968 43 P.S. §§ 333.101 *et seq.*, and the Pennsylvania Wage Payment and Collection Law, 43 P.S. §§ 260.1 *et seq.*

13.     Plaintiff Mark Johnson ("the Nevada Named Plaintiff") brings this action on behalf of himself and all other similarly situated current or former loan consultants of Defendant who worked in the State of Nevada, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to remedy violations of Nevada Compensation, Wages and Hours Laws, N.R.S. 608.005 *et seq.*, and supporting Nevada State Office of the Labor Commissioner regulations.

14.     Plaintiff Louise Kaplan ("the Oregon Named Plaintiff") brings this action on behalf of herself and all other similarly situated current or former loan consultants of Defendant who worked in the State of Oregon, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to remedy violations of Oregon Conditions of Employment Laws, O.R.S. 651.010 *et seq.*, and Oregon Administrative Rules, O.A.S. 839-020-0030, 0080 *et seq.*

15.     Plaintiff Rafael Gutierrez ("the Washington Named Plaintiff") brings this action on behalf of himself and all other similarly situated current or former loan consultants of

5

Defendant who worked in the State of Washington, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to remedy violations of Washington Minimum Wage Act, R.C.W. 49.46.005 *et seq.*, and supporting Washington State Department of Labor and Industries regulations.

16.     Defendant has willfully engaged in a pattern, practice, and policy of unlawful conduct by failing to pay Plaintiffs and similarly situated workers in New York, California, Illinois, New Jersey, Colorado, Pennsylvania, Nevada, Oregon, Washington, and across the United States at least minimum wage for all hours worked and overtime compensation for all hours worked beyond forty in a workweek, in violation of these employees' rights under the laws of New York, California, Illinois, New Jersey, Colorado, Pennsylvania, Nevada, Oregon, Washington, and the FLSA.

THE PARTIES

17.     Plaintiff Dewone Westerfield is a resident of Michigan.  Plaintiff Westerfield was employed by Defendant as a loan consultant at its offices in Chicago, IL, from approximately December 15, 2005 to April 1, 2006.  As a loan consultant, Plaintiff Westerfield regularly worked hours in excess of forty per week and did not receive minimum wage, and proper overtime compensation for all hours worked.

18.     Plaintiff Charlotte Machado is a resident of Alabama.  Plaintiff Machado was employed by Defendant as a loan consultant at its offices in Modesto, CA, from approximately September 15, 2002 to January 31, 2003.  As a loan consultant, Plaintiff Machado regularly worked hours in excess of forty per week and did not receive minimum wage, and proper overtime compensation for all hours worked.

19.     Plaintiff John McMackin is a resident of California.  Plaintiff John McMackin was employed by Defendant as a loan consultant at its offices in Palm Desert, CA, from approximately May 16, 1995 to May 15, 2006.  As a loan consultant, Plaintiff John McMackin regularly worked hours in excess of forty per week and did not receive minimum wage, and proper overtime compensation for all hours worked.

20.     Plaintiff Nichole McMackin is a resident of California.  Plaintiff McMackin was employed by Defendant as a loan consultant at its offices in Palm Desert, CA, from approximately October 22, 1986 to April 17, 2006.   As a loan consultant, Plaintiff Nicole McMackin regularly worked hours in excess of forty per week and did not receive minimum wage, and proper overtime compensation for all hours worked.

21.     Plaintiff Trig Magelssen is a resident of California.  Plaintiff Magelssen was employed by Defendant as a loan consultant at its offices in Palm Desert, CA, from approximately March 1, 2005 to August 8, 2006.  As a loan consultant, Plaintiff Magelssen regularly worked hours in excess of forty per week and did not receive minimum wage, and proper overtime compensation for all hours worked.

22.     Plaintiff Patricia Kemesies is a resident of New York.  Plaintiff Kemesies was employed by Defendant as a loan consultant at its offices in Hauppauge, NY, from approximately September 1, 2003 to March 1, 2005.  As a loan consultant, Plaintiff Kemesies regularly worked hours in excess of forty per week and did not receive minimum wage, and proper overtime compensation for all hours worked.

23.     Plaintiff Samuel Sanchez is a resident of Maryland.  Plaintiff Sanchez was employed by Defendant as a loan consultant at its offices in Largo, MD, from approximately September 1, 2003 to November 23, 2004.  As a loan consultant, Plaintiff Sanchez regularly

worked hours in excess of forty per week and did not receive minimum wage, and proper overtime compensation for all hours worked.

24.     Plaintiff Stephen Cagnacci is a resident of New Jersey.  Plaintiff Cagnacci was employed by Defendant as a loan consultant at its offices in Union, NJ, and then Manasquan, NJ, from approximately March 1, 2005 through April 28, 2006.  As a loan consultant, Plaintiff Cagnacci regularly worked hours in excess of forty per week and did not receive minimum wage, and proper overtime compensation for all hours worked.

25.     Plaintiff Derrick Rudolph is a resident of Colorado.  Plaintiff Rudolph was employed by Defendant as a loan consultant at its offices in Greenwood Village, CO, from approximately November 4, 2004 through May 12, 2006.  As a loan consultant, Plaintiff Rudolph regularly worked hours in excess of forty per week and did not receive minimum wage, and proper overtime compensation for all hours worked.

26.     Plaintiff John Ra is a resident of Pennsylvania.  Plaintiff Ra was employed by Defendant as a loan consultant at its offices in North Wales, PA. from approximately March 2005 through May 2006.  As a loan consultant, Plaintiff Ra regularly worked hours in excess of forty per week and did not receive minimum wage, and proper overtime compensation for all hours worked.

27.     Plaintiff Mark Johnson is a resident of Nevada.  Plaintiff Johnson was employed by Defendant as a loan consultant at its offices in Las Vegas, NV, from approximately July 1, 2003 through June 23, 2005.  As a loan consultant, Plaintiff Johnson regularly worked hours in excess of forty per week and did not receive minimum wage, and proper overtime compensation for all hours worked.

28.     Plaintiff Louise Kaplan is a resident of Oregon.  Plaintiff Kaplan was employed by Defendant as a loan consultant at its offices in Lake Oswego, OR, from approximately November 1, 2001 through April 15, 2006.  As a loan consultant, Plaintiff Kaplan regularly worked hours in excess of forty per week and did not receive minimum wage, and proper overtime compensation for all hours worked.

29.     Plaintiff Rafael Gutierrez is a resident of Washington.  Plaintiff Gutierrez was employed by Defendant as a loan consultant at its offices in Puyallup, WA, from approximately October 1, 2004 through December 1, 2006.  As a loan consultant, Plaintiff Gutierrez regularly worked hours in excess of forty per week and did not receive minimum wage, and proper overtime compensation for all hours worked.

30.     Upon information and belief, Defendant is a corporation doing business in, and maintaining branch offices in, several states across the United States, and within the State of New York.

31.     Defendant maintains control, oversight, and direction over the operation of its branches, including its employment practices and engaged in the employment of loan consultants, including the Named Plaintiffs, members of the prospective New York, California, Illinois, Colorado, Pennsylvania, Nevada, Oregon, Washington, and New Jersey Rule 23 Classes, and the Nationwide FLSA Collective Action, to perform work in the States of New York, California, Illinois, Maryland, New Jersey, Colorado, Pennsylvania, Nevada, Oregon, Washington, and other states across the United States, and is a covered employer within the meaning of the FLSA, and New York, California, Illinois, Colorado, Pennsylvania, Nevada, Oregon, Washington, and New Jersey law.

JURISDICTION AND VENUE

32.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332 and supplemental jurisdiction over the Named Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the action involves a federal statute, 29 U.S.C. § 216(b).

33.     This Court has original jurisdiction over all claims in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d).  This is a putative class action in which: (1) there are 100 or more members in the Named Plaintiffs' proposed class; (2) at least some members of the proposed class have a different citizenship from Defendant; and (3) the claims of the proposed class members exceed $5,000,000.00 in the aggregate.

34.     In addition, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state law wage and hour law claims, because those claims derive from a common nucleus of operative fact.

35.     The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

36.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, because Defendant resides in this district and because a substantial part of the events giving rise to the claims occurred in this district.

37.     Defendant operates home loan centers in many counties, including Kings County (894 Fulton Street, Brooklyn, NY 11238) and Queens County (21814 Northern Blvd. Bayside, NY 11361).  Events giving rise to claims presented in this Complaint took place in Brooklyn, NY; Queens, NY and other locations in New York and other states.

<u>COLLECTIVE ACTION ALLEGATIONS</u>

38.     Plaintiffs Westerfield, Kemesies, Sanchez, John McMackin, Nicole McMackin, Cagnacci, Rudolph, Ra, Johnson, Kaplan, and Gutierrez bring the First Claim for Relief on behalf of all persons who worked for Defendant as home loan consultants (also referred to as loan originators or loan officers) at any time three years prior to the filing of this Complaint, to the entry of judgment in this case ("Nationwide FLSA Collective").   Upon information and belief, Defendant paid the Named Plaintiffs and the Nationwide FLSA Collective strictly on a commission basis, and suffered and permitted them to work more than forty hours per week. Defendant did not pay them proper overtime compensation for all hours worked beyond forty per week, and at times, failed to pay them the federal minimum wage of $5.15 per hour worked.

39.     Defendant's unlawful conduct has been widespread, repeated and consistent.

40.     Upon information and belief, Defendant knew that Plaintiffs Westerfield, Kemesies, Sanchez, Cagnacci, Rudolph, Ra, Johnson, Kaplan, and Gutierrez and the Nationwide FLSA Collective, performed work that required minimum wage and overtime pay.   Defendant has operated under a scheme to deprive these employees of minimum wage and overtime compensation by failing to properly compensate them for all hours worked.

41.     Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to the Plaintiffs Westerfield, Kemesies, Sanchez, Cagnacci, Rudolph, Ra, Johnson, Kaplan, Gutierrez, and the Nationwide FLSA Collective.

42.     Defendant is liable under the FLSA for failing to properly compensate Plaintiffs Westerfield, Kemesies, Sanchez, John McMackin, Nicole McMacin, Magelssen, Cagnacci, Rudolph, Ra, Johnson, Kaplan, and Gutierrez, and the Nationwide FLSA Collective, and as such, notice should be sent to the Nationwide FLSA Collective.   There are numerous similarly

11

situated, current and former employees of Defendant who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

<u>NEW YORK CLASS ALLEGATIONS</u>

43.     The New York Named Plaintiff brings the Second Claim for Relief on her own behalf and as a class action pursuant to Rule 23 (a) and (b) of the Federal Rules of Civil Procedure. The New York Rule 23 Class is defined as "all persons who worked for Defendant as home loan consultants (also referred to as loan originators or loan officers) in the state of New York at any time from six years prior to the filing of this Complaint to the entry of judgment in the case" (the "New York Rule 23 Class" and "New York Class Period," respectively).

44.     The persons in the New York Rule 23 Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, upon information and belief, Defendant has employed at least one hundred persons who satisfy the definition of the New York Class.

45.     There are questions of law and fact common to this New York Rule 23 Class that predominate over any questions solely affecting individual members of the New York Rule 23 Class, including but not limited to:

> a) Whether Defendant unlawfully failed to pay minimum wage and/or overtime compensation in violation of and within the meaning of New York Labor Law, New York Labor Law Article 6, §§ 190 *et seq.*, the New York Minimum Wage Act, New York Labor Law §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142;

b)   Whether the New York Named Plaintiff and the New York Rule 23 Class are non-exempt employees entitled to minimum wage and overtime compensation for hours worked under the pay requirements of New York Law;

c)   Whether Defendant employed the New York Named Plaintiff and the New York Rule 23 Class within the meaning of the New York Labor Law;

d)   Whether Defendant failed to keep accurate time records for all hours worked by the New York Named Plaintiff and the New York Rule 23 Class;

e)   The proper measure of damages sustained by the New York Rule 23 Class; and

f)   Whether Defendant should be enjoined from such violations in the future.

46.     The New York Named Plaintiff's claims are typical of those of the New York Rule 23 Class.  The New York Named Plaintiff, like other members of the New York Rule 23 Class, was subjected to Defendant's policy and practice of refusing to pay proper minimum wage and overtime compensation in violation of New York law.  The New York Named Plaintiff's job duties as a loan consultant were typical of those other New York Rule 23 Class members.

47.     The New York Named Plaintiff will fairly and adequately protect the interests of the New York Rule 23 Class, and has retained counsel experienced in complex wage and hour class and collective action litigation.

48.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large corporate defendant.

49.     Class certification of the Second Claim for Relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the New York Rule 23 Class, thereby making appropriate declaratory and injunctive relief.   The New York Rule 23 Class is also entitled to injunctive relief to end Defendant's common and uniform practice of failing to compensate its employees for all work performed for the benefit of Defendant.

50.     Class certification of the Second Claim for Relief is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New York Rule 23 Class predominate over any questions affecting only individual members of the New York Rule 23 Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.   Defendant's common and uniform policies and practices denied the New York Rule 23 Class the minimum wage and overtime pay to which they are entitled. The damages suffered by the individual New York Rule 23 Class members are small compared to the expense and burden of individual prosecution of this litigation.    In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

51.     The New York Named Plaintiff intends to send notice to all members of the New York Rule 23 Class to the extent required by Rule 23.

CALIFORNIA CLASS ALLEGATIONS

52.     The California Named Plaintiffs bring the Third, Fourth, Fifth, Sixth and Seventh Claims for Relief on their own behalf and as a class action pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure.   The California Rule 23 Class is defined as "all persons who worked for Defendant as home loan consultants (also referred to as loan originators or loan

14

officers) in the state of California at any time from four years prior to the filing of this Complaint to the entry of judgment in the case" (the "California Rule 23 Class" and "California Class Period," respectively).

53.     The persons in the California Rule 23 Class identified above are so numerous that joinder of all members is impracticable.   Although the precise number of such persons is unknown, upon information and belief, Defendant has employed at least one hundred persons who satisfy the definition of the California Class.

54.     There are questions of law and fact common to this California Rule 23 Class that predominate over any questions solely affecting individual members of the California Rule 23 Class, including but not limited to:

>     a)     Whether Defendant unlawfully failed to pay minimum wage and overtime compensation in violation of the California Unfair Competition Law, Cal Bus. & Prof. Code §§ 17200 *et seq.*, and the California Labor Code and related regulations, Cal. Labor Code §§ 201, 202, 203, 226, 512, 1174, 1174.5, 1194, and Cal. Wage Order No. 4.

>     b)     Whether the California Named Plaintiffs and the California Rule 23 Class are non-exempt employees entitled to minimum wage and overtime compensation for overtime hours worked under the overtime pay requirements of California law;

>     c)     Whether Defendant employed the California Named Plaintiffs and the California Rule 23 Class within the meaning of the California law;

d)      Whether Defendant failed to keep accurate time records for all hours worked by the California Named Plaintiffs and the California Rule 23 Class in violation of Labor Code §§ 226 and 1174;

e)      Whether Defendant's policy and practice of failing to pay its employees all wages due within the time required by law after their employment ended violate California law;

f)      The proper measure of damages sustained by the California Rule 23 Class;

g)      Whether Defendants' violations of law constituted oppressive, fraudulent, and/or malicious conduct sufficient to support an award of punitive damages; and

h)      Whether Defendant's actions were "willful."

55.     The California Named Plaintiffs' claims are typical of those of the California Rule 23 Class.  The California Named Plaintiffs, like other members of the California Rule 23 Class, were subjected to Defendant's policy and practice of refusing to pay minimum wage and overtime in violation of California law.  The California Named Plaintiffs' job duties were typical of those other California Rule 23 Class members.

56.     The California Named Plaintiffs will fairly and adequately protect the interests of the California Rule 23 Class, and have retained counsel experienced in complex wage and hour class and collective action litigation.

57.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where

individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large corporate defendant.

58.     Class certification of the Third, Fourth, Fifth, Sixth, and Seventh Claims for Relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the California Rule 23 Class, thereby making appropriate declaratory and injunctive relief.  The California Rule 23 Class is also entitled to injunctive relief to end Defendant's common and uniform practice of failing to properly compensate its employees for all work performed for the benefit of Defendant.

59.     Class certification of the Third, Fourth, Fifth, Sixth, and Seventh Claims for Relief is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the California Rule 23 Class predominate over any questions affecting only individual members of the California Rule 23 Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  Defendant's common and uniform policies and practices denied the California Rule 23 Class the minimum wage and overtime pay to which they are entitled.  The damages suffered by the individual California Rule 23 Class members are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

60.     The California Named Plaintiffs intend to send notice to all members of the California Rule 23 Class to the extent required by Rule 23.

ILLINOIS CLASS ALLEGATIONS

61.     The Illinois Named Plaintiff brings the Eighth Claim for Relief on his own behalf and as a class action pursuant to Rule 23 (a) and (b) of the Federal Rules of Civil Procedure.  The Illinois 23 Class is defined as "all persons who worked for Defendant as home loan consultants (also referred to as loan originators or loan officers) in the state of New York at any time from three years prior to the filing of this Complaint to the entry of judgment in the case" (the "Illinois Rule 23 Class" and "Illinois Class Period," respectively).

62.     The persons in the Illinois Rule 23 Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, upon information and belief, Defendant has employed at least one hundred persons who satisfy the definition of the Illinois Class.

63.     There are questions of law and fact common to this Illinois Rule 23 Class that predominate over any questions solely affecting individual members of the Illinois Rule 23 Class, including but not limited to:

> a)  Whether Defendant unlawfully failed to pay minimum wage and/or overtime compensation in violation of the within the meaning of Illinois Minimum Wage Law, 820 Ill. Comp. Stat. §§ 105/1, *et seq.*; the  Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. §§ 115/1 *et seq.* and the regulations promulgated thereunder, 56 IL ADC §§ 210.100, *et seq.*

> b)  Whether the Illinois Named Plaintiff and the Illinois Rule 23 Class are non-exempt employees entitled to minimum wage and overtime compensation for hours worked under the pay requirements of Illinois law;

18

c)  Whether Defendant employed the Illinois Named Plaintiff and the Illinois 23 Class within the meaning of the Illinois law;

d)  Whether Defendant failed to keep accurate time records for all hours worked by the Illinois Named Plaintiff and the Illinois Rule 23 Class;

e)  the proper measure of damages sustained by the Illinois Rule 23 Class; and

f)  Whether Defendant should be enjoined from such violations in the future.

64.   The Illinois Named Plaintiff's claims are typical of those of the Illinois Rule 23 Class.  The Illinois Named Plaintiff, like other members of the Illinois Rule 23 Class, was subjected to Defendant's policy and practice of refusing to pay proper minimum wage and overtime compensation in violation of Illinois law.  The Illinois Named Plaintiff's job duties as loan consultants were typical of those other Illinois Rule 23 Class members.

65.   The Illinois Named Plaintiff will fairly and adequately protect the interests of the Illinois Rule 23 Class, and has retained counsel experienced in complex wage and hour class and collective action litigation.

66.   A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large corporate defendant.

67.   Class certification of the Eighth Claim for Relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Illinois Rule 23 Class, thereby making appropriate declaratory and injunctive relief.  The Illinois Rule 23 Class is also entitled to injunctive relief to end Defendant's common

and uniform practice of failing to compensate its employees for all work performed for the benefit of Defendant.

68.     Class certification of the Eighth Claim for Relief is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Illinois Rule 23 Class predominate over any questions affecting only individual members of the Illinois Rule 23 Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  Defendant's common and uniform policies and practices denied the Illinois Rule 23 Class the minimum wage and overtime pay to which they are entitled.  The damages suffered by the individual Illinois Rule 23 Class members are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

69.     The Named Plaintiffs intend to send notice to all members of the Illinois Rule 23 Class to the extent required by Rule 23.

## NEW JERSEY CLASS ALLEGATIONS

70.     The New Jersey Named Plaintiff brings the Ninth Claim for Relief on his own behalf and as a class action pursuant to Rule 23 (a) and (b) of the Federal Rules of Civil Procedure.  The New Jersey Rule 23 Class is defined as "all persons who worked for Defendant as home loan consultants (also referred to as loan originators or loan officers) in the state of New Jersey at any time from three years prior to the filing of this Complaint to the entry of judgment in the case" (the "New Jersey Rule 23 Class" and "New Jersey Class Period," respectively).

71.     The persons in the New Jersey Rule 23 Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is

unknown, upon information and belief, Defendant has employed at least one hundred persons who satisfy the definition of the New Jersey Class.

72.     There are questions of law and fact common to this New Jersey Rule 23 Class that predominate over any questions solely affecting individual members of the New Jersey Rule 23 Class, including but not limited to:

a) Whether Defendant unlawfully failed to pay minimum wage and/or overtime compensation in violation of and within the meaning of the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a *et seq*., and supporting New Jersey State Department of Labor and Workforce Development regulations, including N.J.S.A. 34:11-56a4 and N.J.A.C. 12:56-3.1;

b) Whether the New Jersey Named Plaintiff and the New Jersey Rule 23 Class are non-exempt employees entitled to minimum wage and overtime compensation for hours worked under the pay requirements of New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a *et seq*., and supporting New Jersey State Department of Labor and Workforce Development regulations, including N.J.S.A. 34:11-56a4 and N.J.A.C. 12:56-3.1 *et seq*.;

c) Whether Defendant employed the New Jersey Named Plaintiff and the New Jersey Rule 23 Class within the meaning of the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a *et seq*., and supporting New Jersey State Department of Labor and Workforce Development regulations, including N.J.S.A. 34:11-56a1. and N.J.A.C. 12:56-2.1;

d) Whether Defendant failed to keep accurate time records for all hours worked by the New Jersey Named Plaintiff and the New Jersey Rule 23

21

Class as required by the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a *et seq*., and supporting New Jersey State Department of Labor and Workforce Development regulations, including N.J.A.C. 12:56-4.1;

e)   The proper measure of damages sustained by the New Jersey Rule 23 Class; and

f)   Whether Defendant should be enjoined from such violations in the future.

73.   The New Jersey Named Plaintiff's claims are typical of those of the New Jersey Rule 23 Class. The New Jersey Named Plaintiff, like other members of the New Jersey Rule 23 Class, was subjected to Defendant's policy and practice of refusing to pay proper minimum wage and overtime compensation in violation of New Jersey law. The New Jersey Named Plaintiff's job duties as a loan consultant were typical of those other New Jersey Rule 23 Class members.

74.   The New Jersey Named Plaintiff will fairly and adequately protect the interests of the New Jersey Rule 23 Class, and has retained counsel experienced in complex wage and hour class and collective action litigation.

75.   A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large corporate defendant.

76.   Class certification of the Ninth Claim for Relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the New Jersey Rule 23 Class, thereby making appropriate declaratory and injunctive relief. The New Jersey Rule 23 Class is also entitled to injunctive relief to end Defendant's common and

uniform practice of failing to compensate its employees for all work performed for the benefit of Defendant.

77.     Class certification of the Ninth Claim for Relief is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New Jersey Rule 23 Class predominate over any questions affecting only individual members of the New Jersey Rule 23 Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.   Defendant's common and uniform policies and practices denied the New Jersey Rule 23 Class the minimum wage and overtime pay to which they are entitled. The damages suffered by the individual New Jersey Rule 23 Class members are small compared to the expense and burden of individual prosecution of this litigation.   In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

78.     The Named Plaintiffs intend to send notice to all members of the New Jersey Rule 23 Class to the extent required by Rule 23.

<u>COLORADO CLASS ALLEGATIONS</u>

79.     The Colorado Named Plaintiff brings the Tenth Claim for Relief on his own behalf and as a class action pursuant to Rule 23 (a) and (b) of the Federal Rules of Civil Procedure.   The Colorado Rule 23 Class is defined as "all persons who worked for Defendant as home loan consultants (also referred to as loan originators or loan officers) in the state of Colorado at any time from two years prior to the filing of this Complaint to the entry of judgment in the case" (the "Colorado Rule 23 Class" and "Colorado Class Period," respectively).

80.     The persons in the Colorado Rule 23 Class identified above are so numerous that joinder of all members is impracticable.   Although the precise number of such persons is

unknown, upon information and belief, Defendant has employed at least one hundred persons who satisfy the definition of the Colorado Class.

81. There are questions of law and fact common to this Colorado Rule 23 Class that predominate over any questions solely affecting individual members of the Colorado Rule 23 Class, including but not limited to:

a) Whether Defendant unlawfully failed to pay minimum wage and/or overtime compensation in violation of and within the meaning of the Colorado Minimum Wage Act, C.R.S. §§ 8-6-101 *et seq.*;

b) Whether the Colorado Named Plaintiff and the Colorado Rule 23 Class are non-exempt employees entitled to minimum wage and overtime compensation for hours worked under the pay requirements of the Colorado Minimum Wage Act, C.R.S. §§ 8-6-101 *et seq.*;

c) Whether Defendant employed the Colorado Named Plaintiff and the Colorado Rule 23 Class within the meaning of the Colorado Minimum Wage Act, C.R.S. §§ 8-6-101 *et seq.*;

d) Whether Defendant failed to keep accurate time records for all hours worked by the Colorado Named Plaintiff and the Colorado Rule 23 Class as required by the Colorado Minimum Wage Act, C.R.S. §§ 8-6-101 *et seq.*;

e) The proper measure of damages sustained by the Colorado Rule 23 Class; and

f)  Whether Defendant should be enjoined from such violations in the future.

82.    The Colorado Named Plaintiff's claims are typical of those of the Colorado Rule 23 Class.  The Colorado Named Plaintiff, like other members of the Colorado Rule 23 Class, was subjected to Defendant's policy and practice of refusing to pay proper minimum wage and overtime compensation in violation of Colorado law.  The Colorado Named Plaintiff's job duties as a loan consultant were typical of those other Colorado Rule 23 Class members.

83.    The Colorado Named Plaintiff will fairly and adequately protect the interests of the Colorado Rule 23 Class, and has retained counsel experienced in complex wage and hour class and collective action litigation.

84.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy stated in the Ninth Claim for Relief, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large corporate defendant.

85.    Class certification of the Tenth Claim for Relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Colorado Rule 23 Class, thereby making appropriate declaratory and injunctive relief.  The Colorado Rule 23 Class is also entitled to injunctive relief to end Defendant's common and uniform practice of failing to compensate its employees for all work performed for the benefit of Defendant.

86.    Class certification of the Tenth Claim for Relief is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Colorado Rule 23 Class predominate over any questions affecting only individual members of the Colorado Rule 23 Class, and because a class action is superior to other available methods for the fair and efficient

adjudication of this litigation.  Defendant's common and uniform policies and practices denied the Colorado Rule 23 Class the minimum wage and overtime pay to which they are entitled.  The damages suffered by the individual Colorado Rule 23 Class members are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

87.     The Named Plaintiffs intend to send notice to all members of the Colorado Rule 23 Class to the extent required by Rule 23.

<u>PENNSYLVANIA CLASS ALLEGATIONS</u>

88.     The Pennsylvania Named Plaintiff brings the Eleventh Claim for Relief on his own behalf and as a class action pursuant to Rule 23 (a) and (b) of the Federal Rules of Civil Procedure.  The Pennsylvania Rule 23 Class is defined as "all persons who worked for Defendant as home loan consultants (also referred to as loan originators or loan officers) in the state of Pennsylvania at any time from three years prior to the filing of this Complaint to the entry of judgment in the case" (the "Pennsylvania Rule 23 Class" and "Pennsylvania Class Period," respectively).

89.     The persons in the Pennsylvania Rule 23 Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, upon information and belief, Defendant has employed at least one hundred persons who satisfy the definition of the Pennsylvania Class.

90.     There are questions of law and fact common to this Pennsylvania Rule 23 Class that predominate over any questions solely affecting individual members of the Pennsylvania Rule 23 Class, including but not limited to:

a) Whether Defendant unlawfully failed to pay minimum wage and/or overtime compensation in violation of and within the meaning of 43 Pa. Stat. §§ 333.103 *et seq.*;

b) Whether the Pennsylvania Named Plaintiff and the Pennsylvania Rule 23 Class are non-exempt employees entitled to minimum wage and overtime compensation for hours worked under the pay requirements of 43 Pa. Stat. §§ 333.103 *et seq.*;

c) Whether Defendant employed the Pennsylvania Named Plaintiff and the Pennsylvania Rule 23 Class within the meaning of 43 Pa. Stat. §§ 333.103 *et seq.*;

d) Whether Defendant failed to keep accurate time records for all hours worked by the Pennsylvania Named Plaintiff and the Pennsylvania Rule 23 Class as required by Pennsylvania wage and hour law, including 43 Pa. Stat. § 333.108.;

e) The proper measure of damages sustained by the Pennsylvania Rule 23 Class; and

f) Whether Defendant should be enjoined from such violations in the future.

91.     The Pennsylvania Named Plaintiff's claims are typical of those of the Pennsylvania Rule 23 Class.  The Pennsylvania Named Plaintiff, like other members of the Pennsylvania Rule 23 Class, was subjected to Defendant's policy and practice of refusing to pay proper minimum wage and overtime compensation in violation of Pennsylvania law.  The Pennsylvania Named Plaintiff's job duties as a loan consultant were typical of those other Pennsylvania Rule 23 Class members.

92.     The Pennsylvania Named Plaintiff will fairly and adequately protect the interests of the Pennsylvania Rule 23 Class, and has retained counsel experienced in complex wage and hour class and collective action litigation.

93.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy stated in the Tenth Claim for Relief, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large corporate defendant.

94.     Class certification of the Eleventh Claim for Relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Pennsylvania Rule 23 Class, thereby making appropriate declaratory and injunctive relief.  The  Pennsylvania Rule 23 Class is also entitled to injunctive relief to end Defendant's common and uniform practice of failing to compensate its employees for all work performed for the benefit of Defendant.

95.     Class certification of the Eleventh Claim for Relief is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Pennsylvania Rule 23 Class predominate over any questions affecting only individual members of the Pennsylvania Rule 23 Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  Defendant's common and uniform policies and practices denied the Pennsylvania Rule 23 Class the minimum wage and overtime pay to which they are entitled. The damages suffered by the individual Pennsylvania Rule 23 Class members are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

96.     The Named Plaintiffs intend to send notice to all members of the Pennsylvania Rule 23 Class to the extent required by Rule 23.

NEVADA CLASS ALLEGATIONS

97.     The Nevada Named Plaintiff brings the Twelfth Claim for Relief on his own behalf and as a class action pursuant to Rule 23 (a) and (b) of the Federal Rules of Civil Procedure.  The Nevada Rule 23 Class is defined as "all persons who worked for Defendant as home loan consultants (also referred to as loan originators or loan officers) in the state of Nevada at any time from two years prior to the filing of this Complaint to the entry of judgment in the case" (the "Nevada Rule 23 Class" and "Nevada Class Period," respectively).

98.     The persons in the Nevada Rule 23 Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, upon information and belief, Defendant has employed at least one hundred persons who satisfy the definition of the Nevada Class.

99.     There are questions of law and fact common to this Nevada Rule 23 Class that predominate over any questions solely affecting individual members of the Nevada Rule 23 Class, including but not limited to:

> a)  Whether Defendant unlawfully failed to pay minimum wage and/or overtime compensation in violation of and within the meaning of Nevada Compensation, Wages and Hours Laws, N.R.S. 608.005 *et seq.*,
>
> b)  Whether the Nevada Named Plaintiff and the Nevada Rule 23 Class are non-exempt employees entitled to minimum wage and overtime compensation for hours worked under the pay requirements of Nevada

Compensation, Wages and Hours Laws, N.R.S. 608.005 *et seq.*, including N.R.S. 608.100, 608.016, 608.018 and 608.030;

c)  Whether Defendant employed the Nevada Named Plaintiff and the Nevada Rule 23 Class within the meaning of Nevada Compensation, Wages and Hours Laws, N.R.S. 608.005 *et seq.*;

d)  Whether Defendant failed to keep accurate time records for all hours worked by the Nevada Named Plaintiff and the Nevada Rule 23 Class as required by Nevada wage and hour law, including N.R. S. 608.115;

e)  The proper measure of damages sustained by the Nevada Rule 23 Class; and

f)  Whether Defendant should be enjoined from such violations in the future.

100.    The Nevada Named Plaintiff's claims are typical of those of the Nevada Rule 23 Class.  The Nevada Named Plaintiff, like other members of the Nevada Rule 23 Class, was subjected to Defendant's policy and practice of refusing to pay proper minimum wage and overtime compensation in violation of Nevada law.  The Nevada Named Plaintiff's job duties as a loan consultant were typical of those other Nevada Rule 23 Class members.

101.    The Nevada Named Plaintiff will fairly and adequately protect the interests of the Nevada Rule 23 Class, and has retained counsel experienced in complex wage and hour class and collective action litigation.

102.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy stated in the Twelfth Claim for Relief, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large corporate defendant.

103.    Class certification of the Twelfth Claim for Relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Nevada Rule 23 Class, thereby making appropriate declaratory and injunctive relief.   The   Nevada Rule 23 Class is also entitled to injunctive relief to end Defendant's common and uniform practice of failing to compensate its employees for all work performed for the benefit of Defendant.

104.    Class certification of the Twelfth Claim for Relief is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Nevada Rule 23 Class predominate over any questions affecting only individual members of the Nevada Rule 23 Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.   Defendant's common and uniform policies and practices denied the Nevada Rule 23 Class the minimum wage and overtime pay to which they are entitled.   The damages suffered by the individual Nevada Rule 23 Class members are small compared to the expense and burden of individual prosecution of this litigation.   In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

105.    The Named Plaintiffs intend to send notice to all members of the Nevada Rule 23 Class to the extent required by Rule 23.

OREGON CLASS ALLEGATIONS

106.    The Oregon Named Plaintiff brings the Thirteenth Claim for Relief on her own behalf and as a class action pursuant to Rule 23 (a) and (b) of the Federal Rules of Civil Procedure.   The Oregon Rule 23 Class is defined as "all persons who worked for Defendant as home loan consultants (also referred to as loan originators or loan officers) in the state of Oregon

at any time from three years prior to the filing of this Complaint to the entry of judgment in the case" (the "Oregon Rule 23 Class" and "Oregon Class Period," respectively).

107.    The persons in the Oregon Rule 23 Class identified above are so numerous that joinder of all members is impracticable.   Although the precise number of such persons is unknown, upon information and belief, Defendant has employed at least one hundred persons who satisfy the definition of the Oregon Class.

108.    There are questions of law and fact common to this Oregon Rule 23 Class that predominate over any questions solely affecting individual members of the Oregon Rule 23 Class, including but not limited to:

a)    Whether Defendant unlawfully failed to pay minimum wage and/or overtime compensation in violation of and within the meaning of Oregon Conditions of Employment Laws, O.R.S. 651.010 *et seq.*, and Oregon Administrative Rules, O.A.S. 839-020-0030, 0080 *et seq.*;

b)    Whether the Oregon Named Plaintiff and the Oregon Rule 23 Class are non-exempt employees entitled to minimum wage and overtime compensation for hours worked under the pay requirements of Oregon Conditions of Employment Laws, O.R.S. 651.010 *et seq.*, and Oregon Administrative Rules, O.A.S. 839-020-0030, 0080 *et seq.*, including O.R.S. 653.261 and O.A.S. 839-020-0030(1);

c)    Whether Defendant employed the Oregon Named Plaintiff and the Oregon Rule 23 Class within the meaning of Oregon Conditions of Employment Laws, O.R.S. 651.010 *et seq.*, and Oregon Administrative Rules, O.A.S. 839-020-0030, 0080 *et seq.*, including O.R.S. 652.210(2);

d) Whether Defendant failed to keep accurate time records for all hours worked by the Oregon Named Plaintiff and the Oregon Rule 23 Class as required by Oregon Conditions of Employment Laws, O.R.S. 651.010 *et seq.*, and Oregon Administrative Rules, O.A.S. 839-020-0030, 0080 *et seq.*, including O.R.S. 653.045 and O.A.S. 839-020-0080;

e) The proper measure of damages sustained by the Oregon Rule 23 Class; and

f) Whether Defendant should be enjoined from such violations in the future.

109.    The Oregon Named Plaintiff's claims are typical of those of the Oregon Rule 23 Class.  The Oregon Named Plaintiff, like other members of the Oregon Rule 23 Class, was subjected to Defendant's policy and practice of refusing to pay proper minimum wage and overtime compensation in violation of Oregon law.  The Oregon Named Plaintiff's job duties as a loan consultant were typical of those other Oregon Rule 23 Class members.

110.    The Oregon Named Plaintiff will fairly and adequately protect the interests of the Oregon Rule 23 Class, and has retained counsel experienced in complex wage and hour class and collective action litigation.

111.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy stated in the Thirteenth Claim for Relief, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large corporate defendant.

112.    Class certification of the Thirteenth Claim for Relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Oregon Rule 23 Class, thereby making appropriate declaratory and injunctive

relief.  The  Oregon Rule 23 Class is also entitled to injunctive relief to end Defendant's common and uniform practice of failing to compensate its employees for all work performed for the benefit of Defendant.

113.    Class certification of the Thirteenth Claim for Relief is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Oregon Rule 23 Class predominate over any questions affecting only individual members of the Oregon Rule 23 Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  Defendant's common and uniform policies and practices denied the Oregon Rule 23 Class the minimum wage and overtime pay to which they are entitled.  The damages suffered by the individual Oregon Rule 23 Class members are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

114.    The Named Plaintiffs intend to send notice to all members of the Oregon Rule 23 Class to the extent required by Rule 23.

<u>WASHINGTON CLASS ALLEGATIONS</u>

115.    The Washington Named Plaintiff brings the Fourteenth Claim for Relief on his own behalf and as a class action pursuant to Rule 23 (a) and (b) of the Federal Rules of Civil Procedure.  The Washington Rule 23 Class is defined as "all persons who worked for Defendant as home loan consultants (also referred to as loan originators or loan officers) in the state of Washington at any time from three years prior to the filing of this Complaint to the entry of judgment in the case" (the "Washington Rule 23 Class" and "Washington Class Period," respectively).

116.    The persons in the Washington Rule 23 Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, upon information and belief, Defendant has employed at least one hundred persons who satisfy the definition of the Washington Class.

117.    There are questions of law and fact common to this Washington Rule 23 Class that predominate over any questions solely affecting individual members of the Washington Rule 23 Class, including but not limited to:

a)  Whether Defendant unlawfully failed to pay minimum wage and/or overtime compensation in violation of and within the meaning of the Washington Minimum Wage Act, R.C.W. 49.46.005 *et seq.*;

b)  Whether the Washington Named Plaintiff and the Washington Rule 23 Class are non-exempt employees entitled to minimum wage and overtime compensation for hours worked under the pay requirements of the Washington Minimum Wage Act, R.C.W. 49.46.005 *et seq.*, including R.C.W 49.46.130;

c)  Whether Defendant employed the Washington Named Plaintiff and the Washington Rule 23 Class within the meaning of the Washington Minimum Wage Act, R.C.W. 49.46.005 *et seq.*, including R.C.W. 49.46.010;

d)  Whether Defendant failed to keep accurate time records for all hours worked by the Washington Named Plaintiff and the Washington Rule 23 Class as required by the Washington Minimum Wage Act, R.C.W. 49.46.005 *et seq.*, including R.C.W. 49.46.070;

e) The proper measure of damages sustained by the Washington Rule 23 Class; and

f) Whether Defendant should be enjoined from such violations in the future.

118. The Washington Named Plaintiff's claims are typical of those of the Washington Rule 23 Class. The Washington Named Plaintiff, like other members of the Washington Rule 23 Class, was subjected to Defendant's policy and practice of refusing to pay proper minimum wage and overtime compensation in violation of Washington law. The Washington Named Plaintiff's job duties as a loan consultant were typical of those other Washington Rule 23 Class members.

119. The Washington Named Plaintiff will fairly and adequately protect the interests of the Washington Rule 23 Class, and has retained counsel experienced in complex wage and hour class and collective action litigation.

120. A class action is superior to other available methods for the fair and efficient adjudication of the controversy stated in the Fourteenth Claim for Relief, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large corporate defendant.

121. Class certification of the Fourteenth Claim for Relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Washington Rule 23 Class, thereby making appropriate declaratory and injunctive relief. The Washington Rule 23 Class is also entitled to injunctive relief to end Defendant's common and uniform practice of failing to compensate its employees for all work performed for the benefit of Defendant.

122. Class certification of the Fourteenth Claim for Relief is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Washington Rule 23

Class predominate over any questions affecting only individual members of the Washington Rule 23 Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  Defendant's common and uniform policies and practices denied the Washington Rule 23 Class the minimum wage and overtime pay to which they are entitled.  The damages suffered by the individual Washington Rule 23 Class members are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

123.    The Named Plaintiffs intend to send notice to all members of the Washington Rule 23 Class to the extent required by Rule 23.

### FIRST CLAIM FOR RELIEF
### FAIR LABOR STANDARDS ACT
On Behalf of the Nationwide FLSA Collective

124.    Plaintiffs Westerfield, Kemesies, Sanchez, John McMackin, Nicole McMackin, Magelssen, Cagnacci, Rudolph, Ra, Johnson, Kaplan, Gutierrez and the Nationwide FLSA Collective allege and incorporate by reference the allegations in the preceding paragraphs.

125.    At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 20 U.S.C. § 203.  At all relevant times, Defendant has employed and continues to employ, employees, including Plaintiffs Westerfield, Kemesies, Sanchez, John McMackin, Nicole McMackin, Magelssen, Cagnacci, Rudolph, Ra, Johnson, Kaplan, Gutierrez, and each of the Nationwide FLSA Collective Plaintiffs.  At all relevant times, upon information and belief Defendant has had gross operating revenues in excess of $500,000.00.

126.    Plaintiffs Westerfield, Kemesies, Sanchez, John McMackin, Nicole McMackin, Magelssen, Cagnacci, Rudolph, Ra, Johnson, Kaplan, Gutierrez  consent in writing to be a part of this action, pursuant to 29 U.S.C. § 216(b). Plaintiffs Westerfield, Kemesies, Sanchez, John McMackin, Nicole McMackin, Magelssen, Cagnacci, Rudolph, Ra, Johnson, Kaplan, Gutierrez, and additional similarly situated individuals who are interested in joining this case as opt-in plaintiffs have filed written consent forms.   As this case proceeds, it is likely that other individuals will sign consent forms and join as plaintiffs.

127.    The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

128.    The FLSA also requires each covered employer to pay the minimum wage for all hours worked of $5.15 per hour.

129.    Plaintiffs Westerfield, Kemesies, Sanchez, John McMackin, Nicole McMackin, Magelssen, Cagnacci, Rudolph, Ra, Johnson, Kaplan, Gutierrez, and the Nationwide FLSA Collective are entitled to be paid the minimum wage, and overtime compensation for all hours worked.

130.    Defendant, pursuant to its policies and practices, failed and refused to pay minimum wage and overtime premiums to Plaintiffs Westerfield, Kemesies, Sanchez, John McMackin, Nicole McMackin, Magelssen, Cagnacci, Rudolph, Ra, Johnson, Kaplan, Gutierrez, and the Nationwide FLSA Collective for all their hours worked.

131.    By failing to compensate Plaintiffs Westerfield, Kemesies, Sanchez, John McMackin, Nicole McMackin, Magelssen, Cagnacci, Rudolph, Ra, Johnson, Kaplan, Gutierrez,

and the Nationwide FLSA Collective minimum wage and overtime compensation, Defendant has violated, and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*

132.    By failing to record, report, and/or preserve records of hours worked by Plaintiffs Westerfield, Kemesies, Sanchez, John McMackin, Nicole McMackin, Magelssen, Cagnacci, Rudolph, Ra, Johnson, Kaplan, Gutierrez, and the Nationwide FLSA Collective, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201 *et seq.*

133.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

134.    Plaintiffs Westerfield, Kemesies, Sanchez, John McMackin, Nicole McMackin, Magelssen, Cagnacci, Rudolph, Ra, Johnson, Kaplan, Gutierrez, on behalf of themselves and the Nationwide FLSA Collective, seek damages in the amount of their respective unpaid overtime compensation, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

135.    Plaintiffs Westerfield, Kemesies, Sanchez, John McMackin, Nicole McMackin, Magelssen, Cagnacci, Rudolph, Ra, Johnson, Kaplan, Gutierrez, on behalf of themselves and the Nationwide FLSA Collective, seek recovery of their attorneys' fees and costs to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

SECOND CLAIM FOR RELIEF
NEW YORK STATE LABOR LAWS
New York Labor Law Article 19, §§ 650 *et seq.*; 12 N.Y.C.R.R. Part 142
On Behalf of the New York Named Plaintiff and New York Rule 23 Class

136.    The New York Named Plaintiff and the New York Rule 23 Class allege and incorporate by reference the allegations in the preceding paragraphs.

137.    At all times relevant to this action, the New York Named Plaintiff and the New York Rule 23 Class were employed by Defendant within the meaning of New York Labor Law, Article 19.

138.    By the course of conduct set forth above, Defendant has violated the New York Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 (collectively, "New York Labor Laws").

139.    New York Labor Law requires an employer, such as Defendant to pay the minimum wage, and overtime compensation to all non-exempt employees.   The New York Labor Law also requires an employer to pay employees for all hours worked at the agreed upon rate of pay.

140.    Defendant has had a policy and practice of failing and refusing to pay minimum wages and proper overtime pay to the New York Named Plaintiff and to the New York Rule 23 Class for their hours worked.

141.    As a result of Defendant's failure to pay wages earned and due, and its decision to withhold wages earned and due to the New York Named Plaintiff and the New York Rule 23 Class, Defendant has violated and continues to violate the New York Labor Law.

142.    The New York Named Plaintiff, on behalf of themselves and the New York Rule 23 Class, seek the amount of their underpayments based on Defendant's failure to pay wages of at least the minimum wage for all hours worked, and one and one half times the regular rate of pay for work performed in excess of forty per week, as provided by the New York Labor Law, and such other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems just and proper.  The New York Named Plaintiff does not seek liquidated damages on behalf of the New York Rule 23 Class.

143.    The New York Named Plaintiff, on behalf of herself and the New York Rule 23 Class, seeks recovery of attorneys' fess and costs to be paid by Defendant as provided by the New York Labor Law.

THIRD CLAIM FOR RELIEF
CALIFORNIA STATE LABOR CODE
Cal. Wage Order No. 4; Cal. Labor Code §§, 1182.11, 1194
On Behalf of the California Named Plaintiffs and California Rule 23 Class

144.    The California Named Plaintiffs and the California Rule 23 Class allege and incorporate by reference the allegations in the preceding paragraphs.

145.    Cal. Labor Code §§ 1182.11 and 1194, relevant California Wage Orders, and other provisions of California law require an employer, such as Defendant, to pay the minimum wage for all hours worked.

146.    The California Named Plaintiffs and the California Rule 23 Class are non-exempt employees entitled to be paid minimum wage and proper overtime compensation for all hours worked.

147.    Throughout the California Class Period, and continuing through the present, the California Named Plaintiffs and the California Rule 23 Class worked in excess of eight hours in a work day and/or forty hours in a work week.

148.    During the California Class Period, Defendant failed and refused to pay the California Named Plaintiffs and the California Rule 23 Class the state minimum wage for hours worked.

149.    During the California Class Period, Defendant failed and refused to pay the California Named Plaintiffs and the California Rule 23 Class proper overtime compensation for overtime hours worked.

150.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, the California Named Plaintiffs and the California Rule 23 Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendant in an amount to be established at trial, payment for minimum wages, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

FOURTH CLAIM FOR RELIEF
CALIFORNIA WAGE PAYMENT PROVISIONS OF LABOR CODE
Cal. Labor Code §§ 201, 202 & 203
On Behalf of the California Named Plaintiffs and California Rule 23 Class

151.    The California Named Plaintiffs and the California Rule 23 Class allege and incorporate by reference the allegations in the preceding paragraphs.

152.    California Labor Code §§ 201 and 202 require Defendant to pay its employees all wages due within the time specified by law.  California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

153.    The California Named Plaintiffs and the California Rule 23 Class who ceased employment with Defendant are entitled to unpaid compensation, but to date have not received such compensation.

154.    More than thirty days have passed since certain California Rule 23 Class Members left Defendant's employ.

155.    As a consequence of Defendant's willful conduct in not paying proper compensation for all hours worked, the California Named Plaintiffs and the California Rule 23 Class whose employment ended during the California Class Period are entitled to thirty days' wages under Labor Code § 203, together with interest thereon, and attorneys' fees and costs.

<u>FIFTH CLAIM FOR RELIEF</u>
<u>CALIFORNIA RECORD KEEPING PROVISIONS OF LABOR CODE</u>
<u>Cal. Wage Order No. 4; Cal. Labor Code §§ 226, 1174, 1174.5</u>
<u>On Behalf of the California Named Plaintiffs and California Rule 23 Class</u>

156.    The California Named Plaintiffs and the California Rule 23 Class allege and incorporate by reference the allegations in the preceding paragraphs.

157.    Defendant knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, hours worked, to the California Named Plaintiffs and California Rule 23 Class in accordance with Labor Code § 226(a) and the IWC Wage Orders.   Such failure caused injury to the California Named Plaintiff and California Class members, by, among other things, impeding them from knowing the amount of wages to which they are and were entitled.  At all times relevant herein, Defendant has failed to maintain records of hours worked by the California Named Plaintiffs and the California Rule 23 Class as required under Labor Code § 1174(d).

158.    The California Named Plaintiffs and California Rule 23 Class are entitled to and seek injunctive relief requiring Defendant to comply with Labor Code 226(a) and 1174(d), and further seek the amount provided under Labor Code 226(e) and 1174.5, including the greater of all actual damages or fifty dollars for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period.

<u>SIXTH CLAIM FOR RELIEF</u>
<u>CALIFORNIA REST BREAK AND MEAL PERIOD PROVISIONS</u>
<u>Cal. Wage Order No. 4; Cal. Labor Code §§ 226 *et seq.*, 512,</u>
<u>On Behalf of the California Named Plaintiffs and California Rule 23 Class</u>

159.    The California Named Plaintiffs and the Rule 23 California Class allege and incorporate by reference the allegations in the proceeding paragraphs.

160.   California Labor Code section 512 prohibits an employer from employing an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, or for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes.

161.   Section 11 of Wage Order No. 4 provides (and at all times relevant hereto provided) in relevant part that:

> No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.  If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

162.   Section 12 of Wage Order No. 4 provides (and at all times relevant hereto provided) in relevant part that:

> Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages.  If an employer fails to provide an employee a rest period in accordance with the applicable

provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

163.    California Labor Code section 226.7 prohibits any employer from requiring any employee to work during any meal or rest period mandated by an applicable IWC wage order, and provides that an employer that fails to provide an employee with a required rest break or meal period shall pay that employee one additional hour of pay at the employee's regular rate of compensation for each work day that the employer does not provide a compliant meal or rest period.

164.    Defendant knowingly failed to provide Plaintiffs and Class Members with meal periods as required by law, and knowingly failed to authorize and permit Plaintiffs and Class Members to take rest periods as required by law.  The California Named Plaintiffs and the Class Members are therefore entitled to payment of the meal and rest period premiums as provided by law, as of October 11, 2006.  Further, Defendant's failure to pay employees for all hours worked constitutes oppressive, fraudulent, and/or malicious conduct, supporting an award of punitive damages.

<u>SEVENTH CLAIM FOR RELIEF</u>
<u>CALIFORNIA UNFAIR COMPETITION LAW</u>
<u>Cal. Bus. & Prof. Code §§ 17200 *et seq.*</u>
<u>On Behalf of the California Named Plaintiffs and California Rule 23 Class</u>

165.    The California Named Plaintiffs and the California Rule 23 Class allege and incorporate by reference the allegations in the preceding paragraphs.

166.    The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.* of the Cal. Bus. & Prof. Code prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.

167.    Beginning at a date unknown to the California Named Plaintiffs, but at least as long ago as the year 2000, Defendant committed, and continues to commit, acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein.   Defendant's conduct as herein alleged has injured the California Named Plaintiffs and the California Rule 23 Class by wrongfully denying them earned wages, and therefore was substantially injurious to the California Named Plaintiff and to the California Rule 23 Class.

168.    Defendant engaged in unfair competition in violation of the UCL by violating, *inter alia*, each of the following laws.   Each of these violations constitutes an independent and separate violation of the UCL:

      a)      Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.;*

      b)      California Labor Code § 1194;

      c)      California Labor Code § 1182.11 and relevant Wage Orders;

      d)      California Labor Code §§ 201, 202, 203, 204, 226, and 512; and

      e)      California Labor Code § 1174.

169.    Defendant's course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL.   Defendant's conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

170.    The harm to the California Named Plaintiffs and the California Rule 23 Class in being wrongfully denied lawfully earned wages outweighs the utility, if any, of Defendant's policies or practices and therefore, Defendant's actions described herein constitute an unfair business practice or act within the meaning of the UCL.

EIGHTH CLAIM FOR RELIEF
ILLINOIS MINIMUM WAGE LAW
820 Ill. Comp. Stat. §§ 115/1, *et seq*
On Behalf of the Illinois Named Plaintiff and Illinois Rule 23 Class

171.    The Illinois Named Plaintiff and the Illinois Rule 23 Class allege and incorporate by reference the allegations in the preceding paragraphs.

172.    The foregoing conduct, as alleged, violates Illinois Minimum Wage Law, 820 Ill. Comp. Stat. §§ 115/1 *et seq*., and the regulations promulgated thereunder, Illinois Administrative Code §§ 210.100 *et seq.* (collectively, "Illinois Wage Laws").

173.    At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the Illinois Wage Laws.  At all relevant times, Defendant has employed, and/or continues to employ, "employee[s]," including the Illinois Named Plaintiff, and each of the members of the prospective Illinois Class, within the meaning of the Illinois Wage Laws.

174.    Illinois Wage Laws require employers, such as Defendant, to pay minimum wage and overtime compensation to all non-exempt employees.  The Illinois Named Plaintiff and the Illinois Class members are non-exempt employees entitled to be paid at least at the minimum wage for all hours worked and overtime compensation for all hours worked in excess of 40 hours in a workweek.

175.    At all relevant times, Defendant had a policy and practice of failing and refusing to pay the Illinois Named Plaintiff and the Illinois Class members at least the minimum wage for all hours worked and overtime pay for all hours worked in excess of forty hours per week.

176.    As a result of Defendant's failure to pay wages earned and due, and its decision to withhold wages earned and due, to the Illinois Named Plaintiff and the Illinois Class Members Defendant has violated, and continues to violate, the Illinois Wage Laws.

177.    As a result of Defendant's failure to record, report, credit, and furnish to each of the Illinois Named Plaintiff and the Illinois Class Members their respective wage and hour records showing all wages earned and due for all work performed, Defendant has failed to make, keep, preserve, and furnish such records in violation of Illinois Administrative Code § 210.770.

178.    The Illinois Named Plaintiff, on behalf of himself and members of the prospective Illinois Class, seek recovery of attorneys' fees, costs, and expenses of this action to be paid by Defendant, as provided by 820 Ill. Comp. State § 105/12a.

179.    The Illinois Named Plaintiffs, on behalf of themselves and members of the prospective Illinois Class, seek the amount of their underpayments based on Defendant's failure to pay lawfully due wages, as provided by 820 Ill. Comp. State § 105/4a; punitive damages as provided for by 820 Ill. Comp. Stat. § 105/12a; and such other legal and equitable relief as the Court deems just and proper.

NINTH CLAIM FOR RELIEF
NEW JERSEY WAGE AND HOUR LAW
N.J.S.A. 34:11-56a *et seq.*
On Behalf of the New Jersey Named Plaintiff and New Jersey Rule 23 Class

180.    The New Jersey Named Plaintiff and the New Jersey Rule 23 Class allege and incorporate by reference the allegations in the preceding paragraphs.

181.    The foregoing conduct, as alleged, violates New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a *et seq.*, and supporting New Jersey State Department of Labor and Workforce Development regulations (collectively, "New Jersey Wage Laws").

182.    At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the New Jersey Wage Laws. At all relevant times, Defendant has employed, and/or continues to employ, "employee[s]," including the New Jersey Named

Plaintiff, and each of the members of the prospective New Jersey Class, within the meaning of the New Jersey Wage Laws.

183.    New Jersey Wage Laws require employers, such as Defendant, to pay minimum wage and overtime compensation to all non-exempt employees. The New Jersey Named Plaintiff and the New Jersey Class members are non-exempt employees entitled to be paid at least at the minimum wage for all hours worked and overtime compensation for all hours worked in excess of 40 hours in a workweek.

184.    At all relevant times, Defendant had a policy and practice of failing and refusing to pay the New Jersey Named Plaintiff and the New Jersey Class members at least the minimum wage for all hours worked and overtime pay for all hours worked in excess of forty hours per week.

185.    As a result of Defendant's failure to pay wages earned and due, and its decision to withhold wages earned and due, to the New Jersey Named Plaintiff and the New Jersey Class Members Defendant has violated, and continues to violate, the New Jersey Wage Laws.

186.    As a result of Defendant's failure to keep a true and accurate record of the hours worked by the New Jersey Named Plaintiff and the New Jersey Class Members, Defendant has violated, and continues to violate, the New Jersey Wage Laws.

187.    The New Jersey Named Plaintiff, on behalf of himself and members of the prospective New Jersey Class, seek recovery of attorneys' fees, costs, and expenses of this action to be paid by Defendant, as provided by N.J.S.A. 34:11-56a25.

188.    The New Jersey Named Plaintiffs, on behalf of themselves and members of the prospective New Jersey Class, seek the amount of their underpayments based on Defendant's

failure to pay lawfully due wages, as provided by  N.J.S.A. 34:11-56a4 and N.J.A.C. 12:56-3.1;

punitive damages; and such other legal and equitable relief as the Court deems just and proper.

TENTH CLAIM FOR RELIEF
COLORADO WAGE LAWS
Minimum Wage Law, C.R.S. §§ 8-6-101 *et seq.*;
Colorado Wage Order No. 22, 7 C.C.R. 1103-1,  C.C.H. 6-41,801 *et seq.*
On Behalf of the Colorado Named Plaintiff and Colorado Rule 23 Class

189.   The Colorado Named Plaintiff and the Colorado Rule 23 Class allege and incorporate by reference the allegations in the preceding paragraphs.

190.   The foregoing conduct, as alleged, violates Colorado Minimum Wage Act, C.R.S. §§ 8-6-101 *et seq.* and Colorado Wage Order No. 22, 7 C.C.R. 110301, C.C.H. 6041,801 *et seq.* (collectively, "Colorado Wage Laws").

191.   At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the Colorado Wage Laws.  At all relevant times, Defendant has employed, and/or continues to employ, "employee[s]," including the Colorado Named Plaintiff, and each of the members of the prospective Colorado Class, within the meaning of the Colorado Wage Laws.

192.   Colorado Wage Laws require employers, such as Defendant, to pay minimum wage and overtime compensation to all non-exempt employees.  The Colorado Named Plaintiff and the Colorado Class members are non-exempt employees entitled to be paid at least at the minimum wage for all hours worked and overtime compensation for all hours worked in excess of 40 hours in a workweek.

193.   At all relevant times, Defendant had a policy and practice of failing and refusing to pay the Colorado Named Plaintiff and the Colorado Class members at least the minimum wage for all hours worked and overtime pay for all hours worked in excess of forty hours per week.

194.    As a result of Defendant's failure to pay wages earned and due, and its decision to withhold wages earned and due, to the Colorado Named Plaintiff and the Colorado Class Members Defendant has violated, and continues to violate, the Colorado Wage Laws.

195.    As a result of Defendant's failure to keep a true and accurate record of the hours worked by the Colorado Named Plaintiff and the Colorado Class Members, Defendant has violated, and continues to violate, the Colorado Wage Laws.

196.    The Colorado Named Plaintiff, on behalf of himself and members of the prospective Colorado Class, seek damages in the amount of the respective unpaid wages earned and due at the regular hourly wage rate, and at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek or twelve (12) hours in a day, plus costs of action, as provided by the Wage Order, C.C.H. 6-41, 804 and 818 and C.R.S. § 8-6-118, along with any other such other legal and equitable relief as the Court deems just and proper.

ELEVENTH CLAIM FOR RELIEF
PENNSYLVANIA WAGE LAWS
Minimum Wage Act, 43 P.S. §§ 333.101 *et seq*.;
Wage Payment and Collection Law, 43 P.S. §§ 260.1 *et seq.*
On Behalf of the Pennsylvania Named Plaintiff and Pennsylvania Rule 23 Class

197.    The Pennsylvania Named Plaintiff and the Pennsylvania Rule 23 Class allege and incorporate by reference the allegations in the preceding paragraphs.

198.    The foregoing conduct, as alleged, violates the Pennsylvania Minimum Wage Act of 1968 43 P.S. §§ 333.101 *et seq.*, and the Pennsylvania Wage Payment and Collection Law, 43 P.S. §§ 260.1 *et seq.* (collectively, "Pennsylvania Wage Laws").

199.    At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the Pennsylvania Wage Laws.   At all relevant times, Defendant has

employed, and/or continues to employ, "employee[s]," including the Pennsylvania Named Plaintiff, and each of the members of the prospective Pennsylvania Class, within the meaning of the Pennsylvania Wage Laws.

200.    Pennsylvania Wage Laws require employers, such as Defendant, to pay minimum wage and overtime compensation to all non-exempt employees.  The Pennsylvania Named Plaintiff and the Pennsylvania Class members are non-exempt employees entitled to be paid at least at the minimum wage for all hours worked and overtime compensation for all hours worked in excess of 40 hours in a workweek.

201.    At all relevant times, Defendant had a policy and practice of failing and refusing to pay the Pennsylvania Named Plaintiff and the Pennsylvania Class members at least the minimum wage for all hours worked and overtime pay for all hours worked in excess of forty hours per week.

202.    As a result of Defendant's failure to pay wages earned and due, and its decision to withhold wages earned and due, to the Pennsylvania Named Plaintiff and the Pennsylvania Class Members Defendant has violated, and continues to violate, the Pennsylvania Wage Laws.

203.    As a result of Defendant's failure to keep a true and accurate record of the hours worked by the Pennsylvania Named Plaintiff and the Pennsylvania Class Members, Defendant has violated, and continues to violate, the Pennsylvania Wage Laws.

204.    The Pennsylvania Named Plaintiff, on behalf of himself and members of the prospective Pennsylvania Class, seek damages in the amount of the respective unpaid wages earned and due at the regular hourly wage rate, and at a rate at not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a work week, plus liquidated damages and attorneys' fees and costs of action to be paid by Defendant, as

provided by 43 P.S. §§ 260.9a, 260.10 and 333.113 respectively, and such other legal and equitable relief as the Court deems just and proper.

TWELFTH CLAIM FOR RELIEF
NEVADA COMPENSATION, WAGES AND HOURS LAWS
N.R.S. 608.005 *et seq.*
On Behalf of the Nevada Named Plaintiff and Nevada Rule 23 Class

205.    The Nevada Named Plaintiff and the Nevada Rule 23 Class allege and incorporate by reference the allegations in the preceding paragraphs.

206.    The foregoing conduct, as alleged, violates the Nevada Compensation, Wages and Hours Laws, N.R.S. 608.005 *et seq.* (collectively, "Nevada Wage Laws").

207.    At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the Nevada Wage Laws. At all relevant times, Defendant has employed, and/or continues to employ, "employee[s]," including the Nevada Named Plaintiff, and each of the members of the prospective Nevada Class, within the meaning of the Nevada Wage Laws.

208.    Nevada Wage Laws require employers, such as Defendant, to pay minimum wage and overtime compensation to all non-exempt employees. The Nevada Named Plaintiff and the Nevada Class members are non-exempt employees entitled to be paid at least at the minimum wage for all hours worked and overtime compensation for all hours worked in excess of 40 hours in a workweek.

209.    At all relevant times, Defendant had a policy and practice of failing and refusing to pay the Nevada Named Plaintiff and the Nevada Class members at least the minimum wage for all hours worked and overtime pay for all hours worked in excess of forty hours per week.

210.    As a result of Defendant's failure to pay wages earned and due, and its decision to withhold wages earned and due, to the Nevada Named Plaintiff and the Nevada Class Members Defendant has violated, and continues to violate, the Nevada Wage Laws.

211.    As a result of Defendant's failure to keep a true and accurate record of the hours worked by the Nevada Named Plaintiff and the Nevada Class Members, Defendant has violated, and continues to violate, the Nevada Wage Laws.

212.    The Nevada Named Plaintiff, on behalf of himself and members of the prospective Nevada Class, seek damages in the amount of the respective unpaid wages earned and due at the regular hourly wage rate, and at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek or eight (8) hours in a day, plus attorney's fees and costs of action to be paid by Defendant, as provided by N.R.S. 608.140, along with other such legal and equitable relief as the Court deems just and proper.

THIRTEENTH CLAIM FOR RELIEF
OREGON LABOR AND EMPLOYMENT LAWS
O.R.S. 651.010 et seq.;
Oregon Administrative Rules, O.A.S. 839-020-0030, 0080 et seq.
On Behalf of the Oregon Named Plaintiff and Oregon Rule 23 Class

213.    The Oregon Named Plaintiff and the Oregon Rule 23 Class allege and incorporate by reference the allegations in the preceding paragraphs.

214.    The foregoing conduct, as alleged, violates Oregon Conditions of Employment Laws, O.R.S. 651.010 et seq. and Oregon Administrative Rules, O.A.S. 839-020-0030, 0080 et seq. (collectively, "Oregon Wage Laws").

215.    At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the Oregon Wage Laws.  At all relevant times, Defendant has employed, and/or continues to employ, "employee[s]," including the Oregon Named Plaintiff, and each of the members of the prospective Oregon Class, within the meaning of the Oregon Wage Laws.

216.    Oregon Wage Laws require employers, such as Defendant, to pay minimum wage and overtime compensation to all non-exempt employees. The Oregon Named Plaintiff and the Oregon Class members are non-exempt employees entitled to be paid at least at the minimum wage for all hours worked and overtime compensation for all hours worked in excess of 40 hours in a workweek.

217.    At all relevant times, Defendant had a policy and practice of failing and refusing to pay the Oregon Named Plaintiff and the Oregon Class members at least the minimum wage for all hours worked and overtime pay for all hours worked in excess of forty hours per week.

218.    As a result of Defendant's failure to pay wages earned and due, and its decision to withhold wages earned and due, to the Oregon Named Plaintiff and the Oregon Class Members Defendant has violated, and continues to violate, the Oregon Wage Laws.

219.    As a result of Defendant's failure to keep a true and accurate record of the hours worked by the Oregon Named Plaintiff and the Oregon Class Members, Defendant has violated, and continues to violate, the Oregon Wage Laws.

220.    The Oregon Named Plaintiff, on behalf of himself and members of the prospective Oregon Class, seek damages in the amount of the respective unpaid wages earned and due at the regular hourly wage rate, and at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, plus penalties and attorney's fees and costs of action to be paid by Defendant, as provided by O.R.S. 653.055 and 652.150, along with other such legal and equitable relief as the Court deems just and proper.

FOURTEENTH CLAIM FOR RELIEF<br>
WASHINGTON MINIMUM WAGE ACT<br>
R.C.W. 49.46.005 <i>et seq.</i><br>
On Behalf of the Washington Named Plaintiff and Washington Rule 23 Class

221.    The Washington Named Plaintiff and the Washington Rule 23 Class allege and incorporate by reference the allegations in the preceding paragraphs.

222.    The foregoing conduct, as alleged, violates the Washington Minimum Wage Act, R.C.W. 49.46.005 *et seq.* (collectively, "Washington Wage Laws").

223.    At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the Washington Wage Laws.   At all relevant times, Defendant has employed, and/or continues to employ, "employee[s]," including the Washington Named Plaintiff, and each of the members of the prospective Washington Class, within the meaning of the Washington Wage Laws.

224.    Washington Wage Laws require employers, such as Defendant, to pay minimum wage and overtime compensation to all non-exempt employees.   The Washington Named Plaintiff and the Washington Class members are non-exempt employees entitled to be paid at least at the minimum wage for all hours worked and overtime compensation for all hours worked in excess of 40 hours in a workweek.

225.    At all relevant times, Defendant had a policy and practice of failing and refusing to pay the Washington Named Plaintiff and the Washington Class members at least the minimum wage for all hours worked and overtime pay for all hours worked in excess of forty hours per week.

226.    As a result of Defendant's failure to pay wages earned and due, and its decision to withhold wages earned and due, to the Washington Named Plaintiff and the Washington Class Members Defendant has violated, and continues to violate, the Washington Wage Laws.

227.   As a result of Defendant's failure to keep a true and accurate record of the hours worked by the Washington Named Plaintiff and the Washington Class Members, Defendant has violated, and continues to violate, the Washington Wage Laws.

The Washington Named Plaintiff, on behalf of himself and members of the prospective Washington Class, seek damages in the amount of the respective unpaid wages earned and due at the regular hourly wage rate, and at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, plus attorney's fees and costs of action to be paid by Defendant, as provided by R.C.W. 49.46.090, along with other such legal and equitable relief as the Court deems just and proper.

PRAYER FOR RELIEF

WHEREFORE, Named Plaintiffs on behalf of themselves and all members of the Nationwide FLSA Collective, pray for relief as follows:

A.   Designation of this action as a collective action on behalf of the Nationwide FLSA Collective Plaintiffs (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Opt-In Class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.   Designation of Named Plaintiffs as Representatives of the Nationwide FLSA Collective Plaintiffs;

C.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

D.   An injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

E.   An award of damages, according to proof, including liquidated damages, to be paid by Defendant;

F.   Costs of action incurred herein, including expert fees;

G.   Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

H.   Pre-Judgment and Post-Judgment interest, as provided by law; and

I.   Such other legal equitable relief as this Court deems necessary, just, and proper.

WHEREFORE, each Named Plaintiff on behalf of him- or herself and all members of the Class he or she represents, prays for relief as follows:

J.   Certification of this action as a class action on behalf of each proposed Class;

K.   Designation of each Named Plaintiff as a Representative of the Class he or she seeks to represent;

L.   A declaratory judgment that the practices complained of herein are unlawful under appropriate state law;

M.   Appropriate equitable and injunctive relief to remedy Defendant's violations of state law, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

N.   Appropriate statutory penalties;

O.   An award of damages, liquidated damages,[1] and restitution to be paid by Defendant according to proof;

P.   Restitution;

Q.   Pre-Judgment and Post-Judgment interest, as provided by law;

---

[1] However, the New York Named Plaintiff does not seek liquidated damages under the New York Labor Law or the New York MWA.

R.    Such other injunctive and equitable relief as the Court may deem just and proper; and

S.    Attorneys' fees and costs of suit, including expert fees and fees.

<u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Named Plaintiffs individually and on behalf of all others similarly situated, demand a trial by jury.


Dated: January 2, 2008

OUTTEN & GOLDEN LLP


_____/s/    Jack A. Raisner_____


OUTTEN & GOLDEN LLP
Adam T. Klein (AK 3293)
Jack A. Raisner (JR 6171)
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone (212) 245-1000

NICHOLS KASTER & ANDERSON, PLLP
Donald H. Nichols, MN Bar No. 78918
*(admitted pro hac vice)*
Paul J. Lukas, MN Bar No. 22084X
*(admitted pro hac vice)*
Michele R. Fisher, MN Bar No. 303069
*(admitted pro hac vice)*
4600 IDS Center
80 South 8th Street
Minneapolis, MN  55402
Telephone (612) 256-3200

ATTORNEYS FOR PLAINTIFFS AND THE
PUTATIVE CLASSES