IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEWONE WESTERFIELD, CHARLOTTE MACHADO, JOHN MCMACKIN, NICOLE MCMACKIN, TRIG MAGELSSEN, PATRICIA KEMESIES, SAMUEL SANCHEZ, STEPHEN CAGNACCI, DERRICK RUDOLPH, JOHN RA, MARK JOHNSON, LOUISE KAPLAN, RAFAEL GUTIERREZ, on behalf of themselves and classes of those similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>WASHINGTON MUTUAL BANK,<br><br>                    Defendant. | No. 06-CV-2817 (CBA)(JMA) |
| CESAR C. JORDAN, individually and on behalf of all other similarly situated employees,<br><br>                    Plaintiffs,<br><br>v.<br><br>WASHINGTON MUTUAL Bank,<br><br>                    Defendant. | No. 08 Civ. 00287 (CBA)(JMA) |

### ███████ ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, AND APPROVAL OF PLAINTIFFS' PROPOSED NOTICE OF SETTLEMENT AND CLASS ACTION SETTLEMENT PROCEDURE

The above-entitled matter came before the Court on the Plaintiffs' Motion for

1

Preliminary Approval of Settlement, Conditional Certification of the Settlement Class, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of Plaintiffs' Proposed Notice of Settlement and Class Action Settlement Procedure ("Motion for Preliminary Approval").

## I. Preliminary Approval of Settlement

1. Based upon the Court's review of the Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Approval, the Declaration of Adam T. Klein ("Klein Declaration"), and all other papers submitted in connection with Plaintiffs' Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Stipulation and Settlement Agreement ("Settlement Agreement"), attached to the Klein Declaration as Exhibit 1.

2. For settlement purposes only, the Court approves the FLSA Collective as including all individuals who were employed by Washington Mutual in the position of Loan Consultant and who filed consent to join forms in either the *Westerfield* action or the *Jordan* action as of May 1, 2009, or who fall within the FLSA class definition in those actions.

3. The Court concludes that the proposed Settlement Agreement is within the range of possible settlement approval, such that notice to the Class is appropriate. *See In re Traffic Exec. Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980).

4. The Court finds that the Settlement Agreement is the result of extensive, arm's length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions.

5. The assistance of an experienced mediator, Michael E. Dickstein, reinforces that the Settlement Agreement is non-collusive.

3

## II.    Conditional Certification of the Proposed Rule 23 Settlement Classes

6.    The Court provisionally certifies the following class under Fed. R. Civ. P. 23(e), for settlement purposes ("Settlement Classes"):

   a. The California Class. The California settlement class includes: all former Washington Mutual employees who were employed by Washington Mutual in the position of Loan Consultant in California at any time from June 5, 2002 to the Date of Preliminary Approval.

   b. The Colorado Class. The Colorado settlement class includes: all former Washington Mutual employees who were employed by Washington Mutual in the position of Loan Consultant in Colorado at any time from June 5, 2003 to the Date of Preliminary Approval.

   c. The Illinois Class. The Illinois settlement class includes: all former Washington Mutual employees who were employed by Washington Mutual in the position of Loan Consultant in Illinois at any time from June 5, 2003 to the Date of Preliminary Approval.

   d. The Nevada Class. The Nevada settlement class includes: all former Washington Mutual employees who were employed by Washington Mutual in the position of Loan Consultant in Nevada from June 5, 2004 to the Date of Preliminary Approval.

   e. The New Jersey Class. The New Jersey settlement class includes: all former Washington Mutual employees who were employed by Washington Mutual in the position of Loan Consultant in New Jersey at any time from June 5, 2004 to the Date of Preliminary Approval.

   f. The New York Class. The New York settlement class includes: all former Washington Mutual employees who were employed by Washington Mutual in the position of Loan Consultant in New York at any time from June 5, 2000 to the Date of Preliminary Approval.

   g. The Oregon Class. The Oregon settlement class includes: all former Washington Mutual employees who were employed by Washington Mutual in the position of Loan Consultant in Oregon at any time from June 5, 2004 to the Date of Preliminary Approval.

   h. The Pennsylvania Class. The Pennsylvania settlement class includes: all former Washington Mutual employees who were employed by Washington Mutual in the position of Loan Consultant in Pennsylvania at any time from June 5, 2003 to the

Date of Preliminary Approval.

i. <u>The Washington Class</u>. The Washington settlement class includes: all former Washington Mutual employees who were employed by Washington Mutual in the position of Loan Consultant in Washington at any time from June 5, 2003 to the Date of Preliminary Approval.

7. Plaintiffs meet all of the requirements for settlement class certification under Fed. R. Civ. P. 23(a) and (b)(3).

8. Plaintiffs satisfy Fed. R. Civ. P. 23(a)(1), for purposes of certification of a settlement class only, because there are approximately 4,000 Class Members and, thus, joinder is impracticable. *See Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a level of 40 members.")

9. Plaintiffs satisfy Fed. R. Civ. P. 23(a)(2), for purposes of certification of a settlement class only, because Plaintiffs and the class members share common issues of fact and law, including whether Defendants failed to pay Plaintiffs at the proper overtime and minimum wage rates. *See Torres v. Gristede's Operating Corp.*, No. 04 Civ. 3316 (PAC), 2006 U.S. Dist. LEXIS 74039, at **39-40 (S.D.N.Y. Sept. 29, 2006); *Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 156 (S.D.N.Y. 2008).

10. Plaintiffs satisfy Fed. R. Civ. P. 23(a)(3), for purposes of certification of a settlement class only, because Plaintiffs' claims arise from the same factual and legal circumstances that form the bases of the class members' claims. *See Damassia*, 250 F.R.D. at 158; *Lenahan v. Sears, Roebuck & Co.*, No. 02-CV-0045, 2006 U.S. Dist. LEXIS 60307, at **25-26 (D.N.J. July 10, 2006).

11. Plaintiffs satisfy Fed. R. Civ. P. 23(a)(4), for purposes of certification of a settlement class only, because Plaintiffs' interests are not antagonistic or at odds with class members, *see Toure v. Cent. Parking Sys.*, No. 05 Civ. 5237, 2007 U.S. Dist. LEXIS 74056, at

5

\*\*18-19 (S.D.N.Y. Sept. 28, 2007), and because Plaintiffs' counsel "have an established record of competent and successful prosecution of large wage and hour class actions, and the attorneys working on the case are likewise competent and experienced in the area." *See Damassia*, 250 F.R.D. at 158.

12. Plaintiffs also satisfy Rule 23(b)(3), for purposes of certification of a settlement class only. Common factual allegations and a common legal theory predominate over any factual or legal variations among class members. *See Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 373 (S.D.N.Y. 2007) (the issue of whether employees were supposed to be paid overtime was "about the most perfect question[] for class treatment"); *Lenahan*, 2006 U.S. Dist. LEXIS 60307, at \*23 ("a similar legal question: whether the alleged failure to pay [plaintiffs] for all hours worked . . . violated the applicable state wage and hour laws . . . . predominate[s] over any factual variations . . . , such as the length of [plaintiffs'] commute or hourly wage. These individual issues affect only [plaintiffs'] potential damages, but not the nature or legal basis of class claims"). Class adjudication of this case is superior to individual adjudication because it will conserve judicial resources and is more efficient for class members, particularly those who lack the resources to bring their claims individually. *See Damassia*, 250 F.R.D. at 161, 164.

### III. Appointment of Plaintiffs' Counsel as Co-Lead Class Counsel

13. The Court appoints Nichols Kaster, PLLP ("Nichols Kaster") and Outten & Golden LLP ("O&G") as Co-Lead Class Counsel because they meet all of the requirements of Fed. R. Civ. P. 23(g). *See Damassia*, 250 F.R.D. at 165 (Rule 23(g) requires the court to consider "the work counsel has done in identifying or investigating potential claims in the action, . . . counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, . . . counsel's knowledge of the applicable law, and . . . the resources

counsel will commit to representing the class") (internal quotation marks omitted).

14.  Nichols Kaster and O&G did substantial work identifying, investigating, prosecuting, and settling Plaintiffs' and the class members' claims.

15.  Nichols Kaster and O&G's lawyers have substantial experience prosecuting and settling employment class actions, including wage and hour class actions and are well-versed in wage and hour law and in class action law. *See, e.g., Damassia*, 250 F.R.D. at 165 (appointing O&G as class counsel on the basis of its "experience[] in handing wage and hour class actions and . . . knowledge of the applicable law"); *Kasten v. Saint-Gobain Performance Plastics Corp.*, 556 F.Supp.2d 941, 960 (W.D. Wis. 2008) ("Under [the Rule 23(g)] factors, plaintiffs' lawyers [Nichols Kaster] are clearly adequate."). Courts have repeatedly found Nichols Kaster and O&G to be adequate class counsel in employment law class actions.[1]

---

[1] *See e.g., Gilliam v. Addicts Rehab. Ctr. Fund*, No. 05 Civ. 3452, 2008 U.S. Dist. LEXIS 23016, at *6 (S.D.N.Y. Mar. 24, 2008) ("[O&G] ha[s] substantial experience prosecuting class action cases involving wage and hour claims"); *Stefaniak v. HSBC Bank USA, N.A.*, No.1:05-CV-720 S, 2008 U.S. Dist. LEXIS 53872, at *8 (W.D.N.Y. June 28, 2008) (O&G "are experienced in prosecuting and settling employment-based class and collective actions, including wage and hour matters," "possess the experience and ability to represent effectively the class's interests," and "[have] adequately represented the class in this action.") (internal brackets and citation omitted); *Torres*, 2006 U.S. Dist. LEXIS 74039, at *49 ("[O&G] is qualified, experienced, and generally able to conduct the [class wage and hour] litigation.") (internal quotations omitted); *Rosenburg v. I.B.M.*, No. CV 06-00430, 2007 U.S. Dist. LEXIS 53138, at **5-6 (N.D. Cal. July 12, 2007) (appointing O&G as class counsel in wage-and-hour class action); *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 87 (S.D.N.Y. 2001) (O&G is "experienced and well-qualified in the fields of labor law and class litigation and, in particular, wage-and-hour class litigation"); and in other employment law class actions, *see, e.g., Jaffe v. Morgan Stanley & Co.*, No. C 06-3903, 2008 U.S. Dist. LEXIS 12208, at *23 (N.D. Cal. Feb. 7, 2008) (O&G has "extensive experience and expertise in prosecuting employment discrimination class action cases"); *Amochaev v. Citigroup Global Markets, Inc.*, No. C-05-1298, 2007 U.S. Dist. LEXIS 13154, at *6 (N.D. Cal. May 1, 2008) (N.D. Cal. May 1, 2008) ("Plaintiffs' counsel are a group of experienced litigators, several of whom specialize in employment discrimination matters."); *Harlow v. Sprint Nextel Corp.*, 254 F.R.D. 418, 425 (D. Kan. 2008) ("After reviewing the record, the court is satisfied that . . . Nichols Kaster, PLLP . . . satisfy[ies] these criteria and will adequately represent the interests of the class as counsel."); *Sibley v. Sprint Nextel Corp.*, 254 F.R.D. 662, 677 (D. Kan. 2008) (same); *Carter v. Anderson Merchandisers,*

16. The work that Nichols Kaster and O&G have performed both in litigating and settling this case demonstrates their commitment to the class and to representing the class's interests.

**IV.   Class Notice**

17. The Court approves the Proposed Notice of Settlement of Class Action Lawsuit and Fairness Hearing ("Notice"), which is attached as Exhibit 2 to Plaintiffs' Motion for Preliminary Approval, and directs its distribution to the Class.

18. The content of the Notice fully complies with due process and Fed. R. Civ. P. 23.

19. Pursuant to Fed. R. Civ. P. 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

20. The Notice satisfies each of these requirements and adequately puts class

---

*LP*, 2008 WL 4948489 at *8 (C.D. Nov. 18, 2008) ("Plaintiff has demonstrated sufficiently that his counsel [Nichols Kaster] will represent the proposed classes adequately. Counsel has identified and investigated the claims in this action, has extensive experience handling class actions similar to this one, has demonstrated knowledge of the applicable law, and has adequate resources to represent the proposed classes."); *Cervantez v. Celestica Corp.*, 253 F.R.D. 562, 574 (C.D. Cal. 2008) (Nichols Kaster "has identified and investigated the claims in this action, has extensive experience handling class actions similar to this one, has demonstrated knowledge of the applicable law, and has adequate resources to represent the proposed classes."); *Kasten*, 556 F.Supp.2d at 960; *Alberts v. Nash Finch Co.*, 245 F.R.D. 399, 411 (D. Minn. 2007) ("The Court has examined [Nichols Kaster's] background and qualifications and is fully satisfied that he will prosecute this action competently and vigorously."); *Stewart v. CenterPoint Energy Resources Corp.*, 2006 WL 839509, at *1 (D.Minn. March 28, 2006) ("Plaintiffs' Lead Counsel [Nichols Kaster] are qualified to represent the Class").

members on notice of the proposed settlement. *See, e.g., In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally").

21.   The Notice describes the terms of the settlement, informs the class about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing.

## V.   Class Action Settlement Procedure

22.   The Court hereby sets the following settlement procedure:

a.   Within ten (10) business days following the filing of the Settlement Agreement with the Court, Defendant shall serve notices of the proposed Settlement upon the appropriate officials in compliance with the requirements of the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1715.

b.   The Settlement Notice will be mailed to class members of each settlement class within 10 business days after the Court grants Plaintiffs' Motion for Preliminary Approval of Settlement.

c.   Class members will have 60 days after the date the Settlement Notice is mailed to opt out of the settlement or object to it ("Notice Period").

d.   Plaintiffs will file a Motion for Final Approval of Settlement within 14 days after the end of the Notice Period together with a motion seeking the payment of attorneys' fees, costs and Enhancement Payments.

e.   A final fairness hearing will be held at least fourteen (14) days after the Notice Response Deadline for the purpose of (i) determining the fairness, adequacy, and reasonableness of the Stipulation terms and associated settlement pursuant to class action procedures and requirements; (ii) determining the good faith of the Stipulation and associated settlement; and (iii) determining Class Counsel's attorneys' fees and costs; (iv) approving the payment of enhancements to the Class Representatives and key Class Members; and (v) entering Judgment.

f.   After the final fairness hearing, if the Court grants Plaintiffs' Motion for Final Approval of the Settlement, the Court will issue a Final Order and Judgment. If no party appeals the Court's Final Order and Judgment, the "Effective Date" of the settlement will be the latest of: (i) the date of final affirmance on an appeal of the Judgment; (ii) the date of final dismissal with prejudice of the last pending appeal from the Judgment; or (iii) if no appeal is

filed, the expiration date of the time for the filing or noticing of any form of valid appeal from the Judgment. Notwithstanding the foregoing, any proceeding or order, or any appeal or petition for a writ pertaining solely to the award of attorneys' fees or attorneys' costs shall not, by itself, in any way delay or preclude the Judgment from becoming a Final Judgment.

        g.        The Settlement Claims Administrator will disburse settlement checks to the class members, Co-Lead Class Counsel's attorneys' fees and costs, and the Enhancement Payments (in the amounts approved by the Court) within 20 days after the Effective Date.

## VI.   Dismissal of *Jumapao* Action

23.    Pursuant to the stipulation of the Parties and the Court's Orders of December 21, 2007 (Dkt. 218) and September 19, 2008 (Dkt. 325), the Court hereby dismisses with prejudice the action, *Jumapao v. Washington Mutual Bank*, 07-cv-5095 (CBA)(JMA).

It is so ORDERED this 24 day of June, 2009.

                                          s/Hon. Joan M. Azrack

                                          Honorable Joan M. Azrack
                                          United States Magistrate Judge