FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ SEP 03 2009 ★
BROOKLYN OFFICE

**Laura B. Farber**
**3464 Turf Road**
**Oceanside, New York 11572**
516-763-1715

September 2, 2009

**VIA FEDERAL EXPRESS**
NICHOLS KASTER, PLLP
c/o Donald H. Nichols
Washington Mutual Objections
4600 IDS Center
80 South 8th Stret
Minneapolis, Minnesota 55402

**VIA FEDERAL EXPRESS**
MORGAN, LEWIS & BOCKIUS LLP
c/o Anne Marie Estevez
Washington Mutual Objections
200 South Biscayne Boulevard
5300 Wachovia Financial Center
Miami, Florida 33131-2339

**VIA U.S. MAIL**
Claims Administrator
Washington Mutual Overtime Settlement
P.O. Box 9388
Minneapolis, Minnesota 55440-9388

**VIA FEDERAL EXPRESS**
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Westerfield, et al. v. Washington Mutual Bank 06-cv-02817 (CBA)
    Objection to Class Settlement

Dear Sirs:

This letter is per the "NOTICE TO CLASS MEMBERS" I received in July, 2009 and shall serve as my formal objection to my portion of the settlement on the grounds that it is unfair and inadequate.

I have annexed my Consent to Join Settlement Class to this letter. I have two objections to the settlement. First, the amount incorrectly stated my salary; and second, the amount incorrectly states the number of years I worked for Defendant.

Initially, the Consent to Join Settlement Class (hereinafter "Consent Form") lists my total settlement as $10,793.07. After consulting with my counsel regarding the calculations, I received a letter from counsel indicating my portion of the settlement should be $19,980.30. A copy of this August 26, 2009 e-mail from my attorney is annexed hereto. I did not receive an amended Consent Form, so I executed the consent form I had prior to the change in my share of the proceeds, and drafted this objection to insure I would receive, at a minimum, the $19,980.30 promised to me by my counsel on August 26, 2009.

However, I believe the $19,980.30 is also inadequate. As is illustrated in the annexed letter from my attorney, Washington Mutual is utilizing a start date of November, 2002. All parties agree that my employment with Washington Mutual commenced when WAMU purchased Dime Bancorp, my prior employer. I was moved to WAMU no later than July 1, 2001. If necessary, I can provide 2001 tax documents to support my employment with Washington Mutual. In addition, a scheduled trip I had as an employee of Washington Mutual was scheduled a week after the September 11 terrorist attacks, so I am certain I was a full Washington Mutual employee for more than a year prior to the November 1, 2002 start date. As I am receiving $19,980.30 for two years of service at the maximum income, another year at the maximum income would increase my share of the settlement by $9,990.15, bringing the total settlement to $29,970.45.

In sum, my objections are as follows: (1) at a minimum, my settlement proceeds should reflect the $19,980.30 my attorney has promised me in his August 30, 2009 correspondence annexed hereto; and (2) over and above the $19,980.30, I should receive an additional years pay at $9,990.15 (totaling $29,970.45) which accurately reflects my true start date in July, 2001 as opposed to November, 2002.

Finally, this letter shall confirm that I (or my representative) will attend the Final Approval Hearing on October 2, 2009 at 10:00 a.m. in Courtroom N6E.

Thank you for your attention to this matter.

Very truly yours;

Laura Farber

Laura B. Farber

Subj: **Fwd: Laura Farber Wamu overtime settlement case**
Date: 8/30/2009 11:55:38 A.M. Eastern Daylight Time
From: LauraBeth0904
To: JAbelove

---

From: selander@nka.com
To: LauraBeth0904@aol.com
CC: selander@nka.com
Sent: 8/26/2009 11:09:16 A.M. Eastern Daylight Time
Subj: RE: Laura Farber Wamu overtime settlement case

Laura and Jason,

As outlined in my 7/21/09 email, and in our phone conversation on 8/21/09, there are a few problems with your calculation:

1. You assume we recovered the actual amount of unpaid overtime that you are owed. We did not. This was a settlement, and there has to be a discount for that. I will explain how this works below.
2. The overtime rate on commission earnings is not 1.5 the regular rate, it is .5. So, if your hourly rate was $48.08 per hour, your rate on overtime would be $24.04. It doesn't make a lot of sense, but that is the law.
3. You do not take into account attorneys' fees or costs.

The primary issue with your settlement is the start date of eligibility. I have been going back and forth with WaMu's attorneys over this issue for several weeks. Apparently WaMu's personnel files can only be accessed by someone in India, and that as a result communications are taking a very long time. As you know, WaMu initially stated that your start date was 12/16/2003. When I challenged that date, they came back with November 1, 2002. It appears as though the Dime Bancorp employees were changed into WaMu employees in waves over the course of that year. If you have a document like an offer letter showing an earlier date we could go with the earlier date. Without that information I am limited to this date. We have recalculated your settlement using this date.

The second issue with your settlement is the amount of your earnings. WaMu originally told us that you earned $112,584.78 during the period of 12/22/2003 – 5/31/2005. I challenged this amount and WaMu provided new data that significantly raised your income so that now you are at the $100,000 per year threshold. This change resulted in a revised settlement amount of **$19,980.30**.

Your damages have two components: the FLSA federal overtime claim and the New York overtime claim. I'll go through the calculation for each. Note that the exact calculations might be a few cents or even a few dollars off because our spreadsheet that is actually doing the calculations is using more than two decimal places. So these are approximate figures, but they are very close to the actual calculation. According to WaMu, your earnings are as follows:

2002: $105,082.50
2003: $331,405.08
2004: $108,489.03

2005: $5,094.50

As mentioned above, your earnings reach the $100,000 cap, and so your regular hourly rate is $48.08/hr, and your overtime rate is $24.04.

**FLSA**
Dates: 12/22/2003 – 5/31/2005
The earlier date is three years before the date you signed up for the case – 12/22/2006. The last date is your termination or resignation date.

Your damages are then calculated as follows:

- 2003: $24.04 *1.29 weeks * 10 hrs = $310.16
- 2004: $24.04 *52.14 weeks * 10 hrs = $12,534.46
- 2005: $24.04 *21.43 weeks * 10 hrs = $5,151.77
- Total unpaid overtime: $17,996.39
- Liquidated (double damages): $17,996.39
- Total FLSA Damages: $35,992.78

**New York**
Dates: 11/1/2002 – 12/21/2003.
The earlier date is your first date of employment as a WaMu RLC, according to WaMu. The second date is the day just prior to your FLSA eligibility. We used the same pay data that we used in the FLSA time period, so your pay rates are the same ($48.08 and $24.04).

Your damages are then calculated as follows:
- 2002: $24.04 * 8.57 weeks * 10 hrs = $2,060.23
- 2003: $24.04 * 50.57 weeks * 10 hrs = $12,157.03
- Total unpaid overtime: $14,217.26
- We do not have a claim for liquidated damages, but we do have a claim for prejudgment interest ("PJI"), which in your case amounted to an additional $9,937.36
- Total New York claim: $24,154.62

The next step in the calculation is to take into account the various weights that were applied to the claims. This was done to make sure that the settlement was fairly allocated. The weighting scheme was as follows: FLSA damages were weighted at 100% - i.e., they were not discounted at all. The New York overtime claims, along with all other state law overtime claims (except California – these claims were weighted at 25%) were weighted at 50%. This took into account the fact that these claims, compared to the FLSA claims, were not as strong because we would have had to win class certification. California's overtime claims were weighted differently because there were additional legal issues under California state law that made it less likely for us to prevail, meaning they were less valuable. The New York prejudgment interest claim, like all other prejudgment interest or secondary claims from the various states, was weighted at 10%. Again, this had to do with the value, or likelihood of success, of the claim.

- Weighted FLSA Damages = $35,992.78 ($35,992.78 * 1)
- Weighted NY OT Damages = $7,108.63 ($14,217.26 *.5)
- Weighted NY PJI = $993.74 ($9,937.36 * .10)
- Total Weighted Damages: $44,095.15

Next, we take that amount and calculate an allocation. We do this using a simple equation – your total weighted damages / all class members total damages = your allocation / total amount allocated to all class members.

The total amount being allocated to the class members in this case is $24,446,000. The remaining funds from the $38 million settlement go to attorneys' fees ($11.4 million), costs ($500,000), settlement administration fee ($150,000), contingency fund ($200,000), agency costs ($30,000), Opt-In service payments ($1,064,000), Named Plaintiff service payments ($150,000), Deponents service payments ($57,000), and Misc. Service payments ($3,000). These are all outlined in the notice materials.

So, your settlement allocation is $44,095.15/$56,786,314.32 = X/$24,446,000, or .0007765 * $24,446,000 = $18,982.32. Then, you received the $1,000 opt-in service payment, for a total of **$19,982.32**. (Note that the actual amount in our spreadsheet is **$19,980.30** due to the fact that the spreadsheet uses more than two decimal places).

I hope this helps you to understand how we reached your calculation. If you have any information showing that you were a Retail Loan Consultant for WaMu on a date prior to 11/1/2002, we could use that information to support an earlier date. I am happy to discuss this with you further – please do not hesitate to call me at 612-256-3281.

Sincerely,

Tim Selander

---

**Nichols Kaster**, PLLP
the **Voice** for employees
Attorneys at Law

**Tim C. Selander**
Attorney

612.256.3281 direct
612.215.6870 fax
877.448.0492 main

4600 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
**selander@nka.com | bio**
**nka.com**
**overtimecases.com**