Docket & File

OUTTEN & GOLDEN LLP
Adam T. Klein (AK 3293)
Jack A. Raisner (JR 6171)
Carmelyn P. Malalis (CM 3350)
Lauren E. Schwartzreich (LS 8260)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

NICHOLS KASTER, PLLP
Donald H. Nichols, MN Bar No. 78918
(admitted *pro hac vice*)
Paul J. Lukas, MN Bar No. 22084X
(admitted *pro hac vice*)
Tim C. Selander, MN Bar No. 0387016
(*admitted pro hac vice*)
4600 IDS Center, 80 South 8th Street
Minneapolis, Minnesota 55402
Telephone: (612) 256-3200

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 08 2009 ★
BROOKLYN OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEWONE WESTERFIELD, CHARLOTTE MACHADO, JOHN MCMACKIN, NICOLE MCMACKIN, TRIG MAGELSSEN, PATRICIA KEMESIES, SAMUEL SANCHEZ, STEPHEN CAGNACCI, DERRICK RUDOLPH, JOHN RA, MARK JOHNSON, LOUISE KAPLAN, RAFAEL GUTIERREZ, on behalf of themselves and classes of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON MUTUAL BANK,<br><br>Defendant. | (JMA)<br><br>No. 06-CV-2817 <s>(CBA)(JMA)</s> |

CESAR C. JORDAN, individually and on behalf of all other similarly situated employees,

                Plaintiffs,

v.

WASHINGTON MUTUAL BANK,

                Defendant.

No. 08 Civ. 00287 (CBA)(JMA)

**[~~PROPOSED~~] FINAL ORDER AND JUDGMENT GRANTING PLAINTIFFS' MOTION FOR CERTIFICATION OF SETTLEMENT CLASSES, FINAL APPROVAL OF A CLASS ACTION SETTLEMENT, AND AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARDS**

On June 6, 2006, Named Plaintiffs Dewone Westerfield, Charlotte Machado and Patricia Kemesies commenced the *Westerfield* action in the Eastern District of New York *Westerfield v. Washington Mutual Bank*, 06 Civ. 2817 (CBA)(JMA) ("*Westerfield*"). On July 20, 2006, Plaintiffs filed the Corrected Amended Class Action and Collective Action Complaint, adding Stephen Cagnacci and Samuel Sanchez as Named Plaintiffs. Plaintiffs filed the Second Amended Class Action and Collective Action Complaint on November 5, 2007, adding three new named Plaintiffs for the California Rule 23 class – John McMackin, Nicole McMackin and Trig Magelssen. On January 2, 2008, Plaintiffs filed the Third Amended Class Action and Collective Action Complaint, adding meal and rest break claims under California state law,[1] and adding Named Plaintiffs Derrick Rudolph, John Ra, Mark Johnson, Louise Kaplan, and Rafael Gutierrez. On January 18, 2008, Cesar Jordan filed *Jordan v. Washington Mutual Bank*, 08 Civ. 00287 (CBA)(JMA) ("*Jordan*"). On July 28, 2008, the Court granted Washington Mutual's request to stay discovery in *Jordan* pending the outcome of motion practice in *Westerfield*.

In these actions, Plaintiffs allege that Defendant violated the Fair Labor Standards Act ("FLSA") and labor laws of California, Colorado, Illinois, Nevada, New Jersey, New York, Oregon, Pennsylvania and Washington by failing to properly compensate mortgage loan consultants for all hours they worked beyond 40 hours each week. Plaintiffs brought their FLSA claims as collective actions under 29 U.S.C. § 216(b) and their state labor law claims as class actions under Fed. R. Civ. P. 23. Defendants denied the allegations.

On January 1, 2007, the Court approved notice pursuant to § 216 of the FLSA. A total of

---

[1] On October 11, 2006, Mickey Jumapao filed *Jumapao v. Washington Mutual Bank*, 07-cv-5095 (CBA)(JMA) ("*Jumapao*") in the Southern District of California. In July 2007, Plaintiffs reached an agreement with the *Jumapao* attorneys to transfer the case to the Eastern District of New York and to consolidate it with *Westerfield*, which the Court ultimately approved. The Court dismissed the *Jumapao* action on June 24, 2009.

1

approximately 1,067 participated in the actions as Named Plaintiffs or Opt-in Plaintiffs – in *Westerfield* (851) and *Jordan* (216).

On September 26, 2008, the Court granted Washington Mutual's emergency application seeking a stay in the *Westerfield* action after the Federal Deposit Insurance Corporation seized Washington Mutual. On October 8, 2008, the Court extended the stay in proceedings and on January 23, 2009, the Court officially lifted the stay.

After participating in four (4) mediation sessions with three (3) experienced mediators over the course of almost two (2) years, on March 26, 2009 the parties reached an agreement to resolve these cases. The terms of that agreement are memorialized in the Stipulation and Settlement Agreement ("Settlement Agreement"). Without conceding the validity of Plaintiffs' claims and without admitting liability, Defendants agreed to create a Settlement Fund of $38,000,000 to resolve the claims.

On June 24, 2009, this Court granted Plaintiffs' Motion for Preliminary Approval of Settlement, Conditional Certification of the Settlement Class, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of Plaintiffs' Proposed Notice of Settlement and Class Action Settlement Procedure ("Preliminary Approval Order"). The Preliminary Approval Order (1) granted preliminary approval of the parties' Stipulation and Settlement Agreement ("Settlement Agreement"); (2) provisionally certified the proposed settlement classes under Rule 23(e) of the Federal Rules of Civil Procedure in connection with the settlement process; (3) appointed Nichols Kaster, PLLP and Outten & Golden LLP as Co-Lead Class Counsel; (4) approved the Proposed Notice of Settlement of Class Action Lawsuit and Fairness Hearing and directed its distribution; (5) approved the proposed class action settlement procedure; (6) approved the Fair Labor Standards Act collective and (7) dismissed with prejudice *Jumapao v. Washington Mutual*

*Bank*, 07-cv-5095 (CBA)(JMA) pursuant to the stipulation of the Parties and the Court's Orders of December 21, 2007 (Docket Entry 218) and September 19, 2008 (Docket Entry 325).

In its Order, dated June 26, 2009, the Court approved the FLSA Collective as including all individuals who were employed by Washington Mutual in the position of Loan Consultant and who filed consent to join forms in either the *Westerfield* action or the *Jordan* action as of May 1, 2009, or who fall within the FLSA class definition in those actions. The Court also provisionally certified the proposed Settlement Classes under Fed. R. Civ. P. 23(e), for settlement purposes as follows:

    a. The California Class. The California settlement class includes: all former Washington Mutual employees who were employed by Washington Mutual in the position of Loan Consultant in California at any time from June 5, 2002 to the Date of Preliminary Approval.

    b. The Colorado Class. The Colorado settlement class includes: all former Washington Mutual employees who were employed by Washington Mutual in the position of Loan Consultant in Colorado at any time from June 5, 2003 to the Date of Preliminary Approval.

    c. The Illinois Class. The Illinois settlement class includes: all former Washington Mutual employees who were employed by Washington Mutual in the position of Loan Consultant in Illinois at any time from June 5, 2003 to the Date of Preliminary Approval.

    d. The Nevada Class. The Nevada settlement class includes: all former Washington Mutual employees who were employed by Washington Mutual in the position of Loan Consultant in Nevada from June 5, 2004 to the Date of Preliminary Approval.

    e. The New Jersey Class. The New Jersey settlement class includes: all former Washington Mutual employees who were employed by Washington Mutual in the position of Loan Consultant in New Jersey at any time from June 5, 2004 to the Date of Preliminary Approval.

    f. The New York Class. The New York settlement class includes: all former Washington Mutual employees who were employed by Washington Mutual in the position of Loan Consultant in New York at any time from June 5, 2000 to the Date of Preliminary Approval.

      g. <u>The Oregon Class</u>. The Oregon settlement class includes: all former Washington Mutual employees who were employed by Washington Mutual in the position of Loan Consultant in Oregon at any time from June 5, 2004 to the Date of Preliminary Approval.

      h. <u>The Pennsylvania Class</u>. The Pennsylvania settlement class includes: all former Washington Mutual employees who were employed by Washington Mutual in the position of Loan Consultant in Pennsylvania at any time from June 5, 2003 to the Date of Preliminary Approval.

      i. <u>The Washington Class</u>. The Washington settlement class includes: all former Washington Mutual employees who were employed by Washington Mutual in the position of Loan Consultant in Washington at any time from June 5, 2003 to the Date of Preliminary Approval.

(Docket Entry 354.)

On July 9, 2009, Rust Consulting, Inc. (the "Claims Administrator") sent a Court-approved Notice to all 4,974 Class Members informing them of the amount of the settlement, $38,000,000 ("Settlement Amount"), their right to request exclusion from or object to the settlement and setting forth Class Counsel's intention to seek from the Settlement Amount enhanced awards for the fifteen (15) Named Plaintiffs, Class Members deposed in the *Westerfield* action, and key Class Members and Class Members who joined the Westerfield or Jordan action as an FLSA opt-in prior to May 5, 2009. The Notice informed Class Members that Class Counsel will seek an award of costs and attorneys fees in an amount not to exceed $11,400,00 (i.e., 30% of the Settlement Amount). Only one Class Member objected to the settlement. The objection relates to the proper calculation of her entitlement to payment based on dates of employment as a loan consultant for Defendant and Plaintiffs' counsel are directed to verify the accuracy of the dates of employment for this particular settlement class member and modify the calculation in the event of an error. The objection is otherwise overruled. No Class Members have objected to Class Counsel's requests for attorneys' fees, costs, or service payments. Only twelve (12) Class Members requested to be excluded from the settlement.

On September 21, 2009, Plaintiffs filed their Motion for Certification of Settlement Classes and Final Approval of a Class Action Settlement ("Motion for Final Approval"). That same day, Plaintiffs also filed an Unopposed Motion for Approval of Attorneys' Fees, Enhancement Awards and Reimbursement of Expenses ("Motion for Attorneys' Fees"). Defendants took no position with respect to either of these motions and did not object to the requests for attorneys' fees, costs, or service payments.

The Court held a fairness hearing on October 2, 2009.

Having considered the Motion for Final Approval, the Motion for Attorneys' Fees, the supporting memoranda, the oral argument presented at the October 2, 2009 fairness hearing, and the complete record in this matter, for the reasons set forth therein and stated on the record at the October 2, 2009 fairness hearing, and for good cause shown,

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

**I.    APPROVAL OF THE SETTLEMENT CLASSES**

1. The Court hereby certifies the settlement classes as set forth in the Court's June 26, 2009 Order. (*See* Docket Entry 354.)

**II.   APPROVAL OF THE SETTLEMENT AGREEMENT**

2. The Court hereby grants the Motion for Final Approval and finally approves the settlement as set forth in the Settlement Agreement, attached as Exhibit A to the September 21, 2009 Motion for Certification of Settlement Classes and Final Approval of a Class Action Settlement, under Rule 23 and the FLSA. The Court for purposes of this Order adopts all defined terms set forth in the Settlement Agreement. The settlement is fair, reasonable, adequate, and not a product of collusion. *See* Fed. R. Civ. P. 23(e); *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 184 (W.D.N.Y. 2005) (quoting *Joel A. v. Giuliani*, 218 F.3d 132, 138-39

(2d Cir. 2000).)

3.  The $38,000,000 settlement amount is substantial. In reaching this conclusion, the Court is satisfied that the settlement was fairly and honestly negotiated. It was the result of contentious arm's-length negotiations, which were undertaken in good faith by counsel with significant experience litigating wage and hour class actions, and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation. *See D'amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001) (citing *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 173-74 (S.D.N.Y. 2000)); *Reyes v. Buddha-Bar NYC*, No. 08 Civ. 2494, 2009 U.S. Dist. LEXIS 45277, at **8-9 (S.D.N.Y. May 28, 2009); *Mohney v. Shelly's Prime Steak*, 2009 U.S. Dist. LEXIS 27899, at **12-13 (S.D.N.Y. Mar. 31, 2009).

4.  The Court gives weight to the parties' judgment that the settlement is fair and reasonable, as well as to the Class's favorable reaction to the settlement. *See Reyes*, 2009 U.S. Dist. LEXIS 45277, at *9; *Mohney*, 2009 U.S. Dist. LEXIS 27899, at *13.

5.  The Court approves the FLSA settlement and finds that the FLSA settlement is a fair and reasonable resolution of a *bona fide* dispute reached as a result of contested litigation. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

6.  Pursuant to this Court's Preliminary Approval Order, the Notice was sent by first-class mail to each identified class member at his or her last known address (with a remailing of returned Notices). This Court finds that the Notice fairly and adequately advised the members of Class of the terms of the settlement, as well as the right of members of the Class to be excluded from the class, to object to the settlement, and to appear at the fairness hearing conducted on October 2, 2009. Class Members were provided the best notice practicable under the

circumstances.

7.    The Court further finds that the Notice and distribution of such Notice comported with all constitutional requirements, including those of due process.

8.    The Court confirms Rust Consulting, Inc. as the Claims Administrator.

### III.   DISMISSAL OF THE ACTIONS WITH PREJUDICE

9.    The Court hereby dismisses with prejudice the actions *Westerfield v. Washington Mutual Bank*, 06 Civ. 2817 (CBA)(JMA) and *Jordan v. Washington Mutual Bank*, 08 Civ. 00287 (CBA)(JMA).

### IV.   AWARD OF FEES AND COSTS TO CO-LEAD CLASS COUNSEL AND AWARD OF ENHANCED PAYMENTS TO SELECT PLAINTIFFS

10.    On June 24, 2009, the Court appointed Nichols Kaster, PLLP ("Nichols Kaster") and Outten & Golden LLP ("O&G") as Co-Lead Class Counsel because they met all of the requirements of Fed. R. Civ. P. 23(g). *Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 165 (S.D.N.Y. 2008).

11.    Co-Lead Class Counsel did substantial work identifying, investigating, prosecuting, and settling Plaintiffs' and the Class Members' claims.

12.    Co-Lead Class Counsel have substantial experience prosecuting and settling employment class actions, including wage and hour class actions and are well-versed in wage and hour law and in class action law. *Damassia*, 250 F.R.D. at 165 ("plaintiffs' counsel are experienced in handling wage and hour class actions and have knowledge of the applicable law."); *Mohney*, 2009 U.S. Dist. LEXIS 27899, at *15 (O&G attorneys have "substantial experience prosecuting and settling . . . wage and hour class actions.")

13.    The work that Co-Lead Class Counsel have performed both in litigating and

settling this case demonstrates their commitment to the class and to representing the class's interests

14. Co-Lead Class Counsel have committed substantial resources to prosecuting this case.

15. The Court hereby grants Plaintiffs' Motion for Attorneys' Fees and awards Co-Lead Class Counsel $11,400,00 in attorneys' fees or 30% of the Settlement Amount.

16. The Court finds that the amount of fees requested is fair and reasonable using the "percentage-of-recovery" method, which is consistent with the "trend in the Second Circuit." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005); *Mohney v. Shelly's Prime Steak*, 06 Civ. 4270 (PAC), 2009 U.S. Dist. LEXIS 27899, at *16 (S.D.N.Y. Mar. 31, 2009) (the "'percentage-of-recovery' method . . . is . . . the trend in the Second Circuit"); *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 189 (W.D.N.Y. 2005) (citing plaintiffs' counsel's experience as one factor supporting an attorneys' fee award of 40% of the fund); *Strougo ex rel. Brazilian Equity Fund, Inc. v. Bassini*, 258 F. Supp. 2d 254, 261-62 (S.D.N.Y. 2003) (collecting cases); *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465, 483-85 (S.D.N.Y. 1998) (collecting cases). The attorneys' fees requested were entirely contingent upon success. Class Co-Lead Counsel risked time and effort and advanced costs and expenses, with no ultimate guarantee of compensation.

17. Co-Lead Class Counsel are also awarded reimbursement of litigation costs and expenses in the amount of $352,510.90.

18. The attorneys' fees awarded and the amount in reimbursement of litigation costs and expenses shall be paid from the Settlement Amount.

19. The Court finds reasonable enhanced awards of (1) $10,000 to Class

It is so ORDERED this 2 day of Oct., 2009.

_Joan M. Azrack_
Honorable Joan M. Azrack
United States Magistrate Judge